# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

ELIZABETH A. STANTON, Personal    :
Representative of JOSEPH H.        :
SANTARLASCI, III, Deceased, and   :     CIVIL ACTION
Administrator of the Estate of JOSEPH H. :
SANTARLASCI, III                :     NO. 02 CV 4779
                                 :
         v.                  :
                                 :
LAFAYETTE COLLEGE and ERIN    :
MALONE                         :

## ANSWER WITH AFFIRMATIVE DEFENSES

1.    The Complaint is a writing which speaks for itself. Plaintiffs characterizations thereof are denied. It is specifically denied that Defendants were either directly or approximately responsible for the death of Mr. Santarlasci. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment regarding Mr. Santarlasci's beneficiaries.

2.    Denied. The corresponding allegation is a conclusion of law to which no response is required. By way of further answer, it is believed and therefore averred that at the time of his death Mr. Santarlasci was a citizen of Easton Pennsylvania. Indeed it is believed and averred that on his application with the United States Navy he stated that his "Home of Record" was Easton Pennsylvania. It is admitted that the defendants are citizens of the Commonwealth of Pennsylvania.

3.    Denied. The corresponding allegation is a conclusion of law to which no response is required.

4.      Denied.  The corresponding allegation is a conclusion of law to which no response is required.  It is admitted only that Lafayette College is located in the Eastern District of Pennsylvania, and that Erin Malone resides in said district.

5.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the corresponding averment.  With respect to the residency of Mr. Santarlasci, the answer to paragraph number two is incorporative by reference.  By further answer, it is believed and therefore averred that Mr. Santarlasci had an automobile registered in his name with the Commonwealth of Pennsylvania Department of Motor Vehicles also using the Pennsylvania address.

6.      Denied.  Lafayette College is a Pennsylvania not for profit corporation located in Easton, Pennsylvania.

7.      Admitted.

8.      It is admitted only that Mr. Santarlasci was a graduate of Lafayette College.  With respect to the remaining allegations, defendants are without knowledge or information sufficient to form a belief as to the truth of same.

9.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the corresponding averment.

10.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the corresponding averment.

11.     Denied.  It is believed and therefore averred that Mr. Santarlasci was not on the soccer team roster his freshman year nor a captain of the track team.  It is admitted that Mr. Santarlasci received the "Leopard Award " his senior year.  Said award speaks for itself

and plaintiff's characterizations thereof are denied.

12.    It is admitted that on or about said date Mr. Santarlasci obtained a membership card to

use the Natatorium, a condition of his receipt of said card was his assumption of risks

associated with swimming at the pool located in the Natatorium, the provision of

insurance information and the submission of a signed waiver/assumption of risk form.  It

is believed and therefore averred that despite knowing these conditions, Mr. Santarlasci

physically obtained the card without providing all the necessary requisites.  With respect

to the remaining allegations, it is denied that the Natatorium was "rededicated" in June

2000 as defendants understand that phrase.  By way of further answer, the improvements

to the Allan T. Kirby Sports Center cost substantially less than $35 million.

13.    It is admitted only that the Natatorium did not have "a raised lifeguard chair" the

remainder of the allegation is a conclusion of law to which no response is required.

14.    Denied.  To the contrary, all lifeguards including Erin Malone were trained and certified

by nationally recognized bodies.  In the case of Erin Malone, she was certified by the

American Red Cross.

15.    It is admitted only that in November 2001 Jim Dailey was Lafayette's Head Swim Coach

and Director of Aquatics.  It is believed and therefore averred that Mr. Dailey had no

personal involvement with Mr. Santarlasci while Mr. Santarlasci was a student at the

college.  In late November 2001, Mr. Santarlasci advised Mr. Dailey that he planned to

try and enter the Navy Seals program.  With respect to receiving any suggestions to

improve his strokes Mr. Dailey advised that he could not render any assistance until the

swim season was concluded.

16.     It is admitted only that on or about December 1, 2001, at approximately 8:00 p.m. Mr. Dailey briefly saw Mr. Santarlasci in the lap pool at the Natatorium.  The remaining allegations are conclusions of law to which no response is required.

17.     It is admitted only that on or about December 2, 2001, Mr. Santarlasci began using the swimming pool located in the Natatorium.  It is further admitted that at that time, Lafayette College Veronica Lamora was on duty.

18.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the corresponding averment.

19.     Denied.  The corresponding allegation is a conclusion of law to which no response is required.  To the extent the corresponding allegation includes allegations of fact, same are denied.

20.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the corresponding averment.

21.     Admitted.

22.     Denied.  It is admitted only that Ms. Malone was at the time, a nineteen year old student at Lafayette College.

23.     Denied.  It is admitted that Ms. Malone was not in a swimsuit, however she was not wearing blue jeans.

24.     The corresponding allegation is a conclusion of law to which no response is required.  To the extent the corresponding allegation includes allegations of fact, same are denied.

25.     The corresponding allegation is a conclusion of law to which no response is required.  To the extent the corresponding allegation includes allegations of fact, same are denied.

26.    The corresponding allegation is a conclusion of law to which no response is required.

27.    Denied.

28.    It is admitted only that Ms. Malone took over as the lifeguard after the departure of Ms. Lamora.

29.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the corresponding averment.

30.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the corresponding averment.

31.    Denied.

32.    Denied.  To the contrary, Ms. Malone regularly monitored the pool during her lifeguard shift.

33.    The corresponding allegation is a conclusion of law to which no response is required.

34.    Denied.

35.    Denied.

36.    Denied.  To the contrary, according to said time period, Ms. Malone regularly monitored or scanned the pools in the Natatorium.  Indeed, she began rescue efforts prior to 2:50 p.m.

37.    Denied.  The corresponding allegation is a conclusion of law to which no response is required.

38.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the corresponding averment.

39.    Defendants are without knowledge or information sufficient to form a belief as to the

truth of the corresponding averment.

40.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the corresponding averment.

41.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the corresponding averment.

42.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the corresponding averment.

43.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the corresponding averment.

44.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the corresponding averment.

45.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the corresponding averment.

46.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the corresponding averment.

47.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the corresponding averment.

48.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the corresponding averment.

49.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the corresponding averment.

50.     Defendants are without knowledge or information sufficient to form a belief as to the

truth of the corresponding averment.

51.     Denied.  It is admitted only that he was not moving when pulled from the pool.

52.     Check timing to confirm allegation "after Ms. Malone was notified that a swimmer was at the bottom of the lap pool, she ran over to observe Jay, and then ran back to the rescue area to get rescue equipment.

53.     Denied.  To the contrary, Ms. Malone attempted to rescue Mr. Santarlasci.  Indeed, she performed mouth-to-mouth resuscitation on Mr. Santarlasci as part of a CPR effort.

54.     Denied as stated.  Ms. Malone participated in pulling Mr. Santarlasci from the pool.

55.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the corresponding averment.

56.     Denied.  It is believed that Ms. Japhet and Erin Malone began administering CPR prior to 2:50 p.m.

57.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the corresponding averment.  By way of further answer, it is admitted that CPR was continued after campus security arrived.

58.     Admitted.

59.     Admitted.

60.     Denied.

61.     Admitted.

62.     The corresponding allegation is a conclusion of law to which no response is required.

63.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the corresponding averment.  Alternatively, said averment is a conclusion of law

to which no response is required.

64.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the corresponding averment.

65.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the corresponding averment.

66.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the corresponding averment.

67.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the corresponding averment.

68.    Denied.

69.    Denied.

70.    The corresponding allegation is a conclusion of law to which no response is required.  It is admitted only that as of December 2, 2001, there was no "raised lifeguard chair" by the swimming pool in the Allan P. Kirby Sports Center.

71.    Denied.  The lifeguard on duty at the time of the incident was a professional lifeguard, certified by the American Red Cross.

72.    The corresponding allegation is a conclusion of law to which no response is required.

73.    The corresponding allegation is a conclusion of law to which no response is required.

74.    The corresponding allegation is a conclusion of law to which no response is required.

75.    The corresponding allegation is a conclusion of law to which no response is required.  To the extent the corresponding allegation is not a conclusion of law it is denied.

76.    Denied.  It is specifically denied that Lafayette College approved of any behavior by

college employed lifeguards which violated the college's mission statement by subjecting students to unreasonable risks.

77. The corresponding allegation is a conclusion of law to which no response is required. By way of further response, it is specifically denied that a negligent condition had existed at the Natatorium and remained unremedied for more than a quarter of a century prior to Mr. Santarlasci accidental drowning.

78. The corresponding allegation is a conclusion of law to which no response is required.

79. The corresponding allegation is impertinent and designed only to prejudice the fact finder.

80. Denied. The corresponding allegation is a conclusion of law to which no response is required.

## COUNT I

81. The answers in response to paragraphs 1 through 80 above are hereby incorporated by reference.

82. Corresponding paragraph is a statement of claim and not an allegation of fact therefore no response is required. By way of further answer, Answering Defendants are without knowledge or information sufficient to form a belief as to whether Elizabeth Stanton is the personal legal representative of decedent, Joseph Santarlasci, III, or whether she has been authorized by the statutory beneficiaries to bring the instant claim.

83. The corresponding allegation is a conclusion of law to which no response is required.

84. The corresponding allegation is a conclusion of law to which no response is required.

85. The corresponding allegation is a conclusion of law to which no response is required.

86.    The corresponding allegation is a conclusion of law to which no response is required. By way of further answer it is specifically denied that defendant Erin Malone was neither negligent, grossly negligent, reckless or engaged in willful wanton conduct with respect to Mr. Santarlasci within any action or inaction caused him to suffer serious bodily injury or death.

87.    The corresponding allegation is a conclusion of law to which no response is required.

88.    The corresponding allegation is a conclusion of law to which no response is required.

89.    The corresponding allegation is a conclusion of law to which no response is required.

WHEREFORE, Defendant Erin Malone demands judgment in her favor and against Plaintiff and such other relief as this Court deems appropriate.

## COUNT II

90.    The answers in response to paragraphs 1 through 89 above are hereby incorporated by reference.

91.    Corresponding paragraph is a statement of claim and not an allegation of fact therefore no response is required. By way of further answer, Answering Defendants are without knowledge or information sufficient to form a belief as to whether Elizabeth Stanton is the personal legal representative of decedent, Joseph Santarlasci, III, or whether she has been authorized by the statutory beneficiaries to bring the instant claim.

92.    The corresponding allegation is a conclusion of law to which no response is required.

93.    The corresponding allegation is a conclusion of law to which no response is required.

94.    The corresponding allegation is a conclusion of law to which no response is required.

95.    The corresponding allegation is a conclusion of law to which no response is required.

96.    The corresponding allegation is a conclusion of law to which no response is required.

97.    The corresponding allegation is a conclusion of law to which no response is required.

98.    The corresponding allegation is a conclusion of law to which no response is required.

99.    The corresponding allegation is a conclusion of law to which no response is required.

WHEREFORE, Defendant Lafayette College demands judgment in its favor and against Plaintiff and such other relief as this Court deems appropriate.

## COUNT III

100.    The answers in response to paragraphs 1 through 99 above are hereby incorporated by reference.

101.    Corresponding paragraph is a statement of claim and not an allegation of fact therefore no response is required.  By way of further answer, Answering Defendants are without knowledge or information sufficient to form a belief as to whether Elizabeth Stanton is the personal legal representative of decedent, Joseph Santarlasci, III, or whether she has been authorized by the statutory beneficiaries to bring the instant claim.

102.    The corresponding allegation is a conclusion of law to which no response is required.

103.    The corresponding allegation is a conclusion of law to which no response is required.  By way of further answer, at no time did defendant permit lifeguards to ignore national standards for life guarding or permit lifeguards to "Fail and refuse to rescue swimmers from the bottom of the lap pool."

104.    The corresponding allegation is a conclusion of law to which no response is required.

105.    The corresponding allegation is a conclusion of law to which no response is required.  By way of further answer, it is specifically denied that any conduct by Lafayette College

caused Mr. Santarlasci serious bodily injury or wrongful death.

106.    The corresponding allegation is a conclusion of law to which no response is required.

107.    The corresponding allegation is a conclusion of law to which no response is required.

108.    The corresponding allegation is a conclusion of law to which no response is required.

WHEREFORE, Defendant Lafayette College demands judgment in its favor and against Plaintiff and such other relief as deemed appropriate by the Court.

## COUNT IV

109.    The answers in response to paragraphs 1 through 108 above are hereby incorporated by reference.

110.    Corresponding paragraph is a statement of claim and not an allegation of fact therefore no response is required.  By way of further answer, Answering Defendants are without knowledge or information sufficient to form a belief as to whether Elizabeth Stanton is the personal legal representative of decedent, Joseph Santarlasci, III, or whether she has been authorized by the statutory beneficiaries to bring the instant claim.

111.    Denied.  The corresponding allegation is a conclusion of law to which no response is required.

112.    Denied.  The corresponding allegation is a conclusion of law to which no response is required.

113.    Denied.  The corresponding allegation is a conclusion of law to which no response is required.

114.    Denied.  The corresponding allegation is a conclusion of law to which no response is required.

115.    Denied.  The corresponding allegation is a conclusion of law to which no response is required.

116.    Denied.  The corresponding allegation is a conclusion of law to which no response is required.

117.    Denied.  The corresponding allegation is a conclusion of law to which no response is required.  By way of further answer it is specifically denied that there were pre-existing deficiencies which needed correction.

118.    Denied.  The corresponding allegation is a conclusion of law to which no response is required.  It is specifically denied that Erin Malone was unqualified, improperly trained or untrained with respect to her life guarding duties.  To the contrary, she was trained and certified by a nationally recognized body as a lifeguard and had worked as a lifeguard prior to acting as a lifeguard for Lafayette College.

119.    Denied.  The corresponding allegation is a conclusion of law to which no response is required.

120.    Denied.  The corresponding allegation is a conclusion of law to which no response is required.

121.    Denied.  The corresponding allegation is a conclusion of law to which no response is required.  By way of further answer, it is specifically denied that any conduct by Lafayette College caused Mr. Santarlasci to suffer serious bodily injury or wrongful death.

122.    Denied.  The corresponding allegation is a conclusion of law to which no response is required.

123.    Denied.  The corresponding allegation is a conclusion of law to which no response is required.

124.    Denied.  The corresponding allegation is a conclusion of law to which no response is required.

125.    Denied.  The corresponding allegation is a conclusion of law to which no response is required.

126.    Denied.  The corresponding allegation is a conclusion of law to which no response is required.

127.    Denied.  The corresponding allegation is a conclusion of law to which no response is required.

128.    Denied.  The corresponding allegation is a conclusion of law to which no response is required.

129.    Denied.  The corresponding allegation is a conclusion of law to which no response is required.

130.    Denied.  The corresponding allegation is a conclusion of law to which no response is required.

131.    Denied.  The corresponding allegation is a conclusion of law to which no response is required.

132.    Denied.  The corresponding allegation is a conclusion of law to which no response is required.

WHEREFORE, Defendant Lafayette College demands judgment in its favor and against Plaintiff and such other relief as deemed appropriate by the Court.

## COUNT V

133. The answers in response to paragraphs 1 through 132 above are hereby incorporated by reference.

134. Corresponding paragraph is a statement of claim and not an allegation of fact therefore no response is required.  By way of further answer, Answering Defendants are without knowledge or information sufficient to form a belief as to whether Elizabeth Stanton is the personal legal representative of decedent, Joseph Santarlasci, III, or whether she has been authorized by the statutory beneficiaries to bring the instant claim.

135. Denied.  The corresponding allegation is a conclusion of law to which no response is required.

136. Denied.  The corresponding allegation is a conclusion of law to which no response is required.

137. Denied.  The corresponding allegation is a conclusion of law to which no response is required.

138. Denied.  The corresponding allegation is a conclusion of law to which no response is required.

139. Denied.  The corresponding allegation is a conclusion of law to which no response is required.  By way of further answer, it is specifically denied that there existed or that the college was aware of a "dangerous condition" at the pool area at the time as of December 2, 2001.

140. Denied.  The corresponding allegation is a conclusion of law to which no response is required.

141.    Denied.  The corresponding allegation is a conclusion of law to which no response is required.

142.    Denied.  The corresponding allegation is a conclusion of law to which no response is required.

143.    Denied.  The corresponding allegation is a conclusion of law to which no response is required.

144.    Denied.  The corresponding allegation is a conclusion of law to which no response is required.

WHEREFORE, Defendant Lafayette College demands judgment in its favor and against Plaintiff and such other relief as the Court deems appropriate.

## COUNT VI

145.    The answers in response to paragraphs 1 through 144 above are hereby incorporated by reference.

146.    Corresponding paragraph is a statement of claim and not an allegation of fact therefore no response is required.  By way of further answer, Answering Defendants are without knowledge or information sufficient to form a belief as to whether Elizabeth Stanton is the personal legal representative of decedent, Joseph Santarlasci, III, or whether she has been authorized by the statutory beneficiaries to bring the instant claim.

147.    Denied.  The corresponding allegation is a conclusion of law to which no response is required.

148.    Denied.  The corresponding allegation is a conclusion of law to which no response is required.  By way of further answer, at all relevant times on December 2, 2001, Lafayette

College had on duty a competent lifeguard and at the time of the accidental drowning, she was not assigned any other tasks which were diverting her attention from the safety of the swimmers.

149.    The corresponding allegation is a conclusion of law to which no response is required.

150.    The corresponding allegation is a conclusion of law to which no response is required.

151.    The corresponding allegation is a conclusion of law to which no response is required.

152.    The corresponding allegation is a conclusion of law to which no response is required.

153.    The corresponding allegation is a conclusion of law to which no response is required.

154.    The corresponding allegation is a conclusion of law to which no response is required.

155.    The corresponding allegation is a conclusion of law to which no response is required.

156.    The corresponding allegation is a conclusion of law to which no response is required.

157.    The corresponding allegation is a conclusion of law to which no response is required.

158.    The corresponding allegation is a conclusion of law to which no response is required.

WHEREFORE, Defendant Lafayette College demands judgment in its favor and against Plaintiff, and such other relief as deemed appropriate by the Court.

## COUNT VII

159.    The answers in response to paragraphs 1 through 158 above are hereby incorporated by reference.

160.    Corresponding paragraph is a statement of claim and not an allegation of fact therefore no response is required.  By way of further answer, Answering Defendants are without knowledge or information sufficient to form a belief as to whether Elizabeth Stanton is the personal legal representative of decedent, Joseph Santarlasci, III, or whether she has

been authorized by the statutory beneficiaries to bring the instant claim.

161.    Denied.  The corresponding allegation is a conclusion of law to which no response is required.

162.    Denied.  The corresponding allegation is a conclusion of law to which no response is required.

163.    Denied.  The corresponding allegation is a conclusion of law to which no response is required.  By way of further answer with respect to the allegation that Mr. Santarlasci suffered at all or experienced any pain immediately prior to his death by drowning, defendants are without knowledge or information sufficient to form a belief as to the truth of same.  Similarly, defendants are without sufficient information to form a belief as to the truth of the averment that Mr. Santarlasci "struggled" to remain alive after inhaling water.

164.    Denied.  The corresponding allegation is a conclusion of law to which no response is required.  By way of further answer, it is specifically denied that the conduct of defendant Lafayette College caused Mr. Santarlasci to experience pain, suffering, fear or death as alleged.

165.    Denied.  The corresponding allegation is a conclusion of law to which no response is required.

166.    Denied.  The corresponding allegation is a conclusion of law to which no response is required.

WHEREFORE, Defendant Lafayette College demands judgment in its favor and against Plaintiff, and such other relief as deemed appropriate by the Court.

## COUNT VII

167.    The answers in response to paragraphs 1 through 166 above are hereby incorporated by reference.

168.    Corresponding paragraph is a statement of claim and not an allegation of fact therefore no response is required.  By way of further answer, Answering Defendants are without knowledge or information sufficient to form a belief as to whether Elizabeth Stanton is the personal legal representative of decedent, Joseph Santarlasci, III, or whether she has been authorized by the statutory beneficiaries to bring the instant claim.

169.    Denied.  The corresponding allegation is a conclusion of law to which no response is required.

170.    Denied.  The corresponding allegation is a conclusion of law to which no response is required.  By way of further answer, it is specifically denied that Erin Malone at anytime consciously or deliberately ignored swimmers such as Mr. Santarlasci "for a period of approximately 20 minutes" or knew or should have known that "he was unconscious and helpless at the bottom of the lap pool" and "consciously ignored Mr. Santarlasci for a period of approximately 10 minutes after he became unconscious and helpless at the bottom of the lap pool; and failed and refused to rescue Mr. Santarlasci from the bottom of the lap pool."

171.    Denied.  The corresponding allegation is a conclusion of law to which no response is required.  By way of further answer, as to the allegation that Mr. Santarlasci "suffered needlessly and painfully for numerous minutes prior to his death by drowning, as he struggled to remain alive after inhaling water and sinking to the bottom of the pool"

defendants are without knowledge or information sufficient to form a belief as to the truth of said averments. By way of further answer, it is believed and therefore averred, that the water in the pool in the area where Mr. Santarlasci drowned was only four feet deep.

172.    Denied. The corresponding allegation is a conclusion of law to which no response is required.

173.    Denied. The corresponding allegation is a conclusion of law to which no response is required.

174.    Denied. The corresponding allegation is a conclusion of law to which no response is required.

WHEREFORE, Defendant Erin Malone requests judgment in her favor and against Plaintiff and such other relief as deemed appropriate by the Court.

## COUNT IX

175.    The answers in response to paragraphs 1 through 174 above are hereby incorporated by reference.

176.    Corresponding paragraph is a statement of claim and not an allegation of fact therefore no response is required. By way of further answer, Answering Defendants are without knowledge or information sufficient to form a belief as to whether Elizabeth Stanton is the personal legal representative of decedent, Joseph Santarlasci, III, or whether she has been authorized by the statutory beneficiaries to bring the instant claim.

177.    Denied. The corresponding allegation is a conclusion of law to which no response is required. It is specifically denied that any conduct of defendant Erin Malone caused Mr.

Santarlasci to drown.

178.  Denied.  The corresponding allegation is a conclusion of law to which no response is required.  By way of further answer, it is specifically denied that Erin Malone at anytime consciously or deliberately ignored swimmers such as Mr. Santarlasci "for a period of approximately 20 minutes" or knew or should have known that "he was unconscious and helpless at the bottom of the lap pool" and "consciously ignored Mr. Santarlasci for a period of approximately 10 minutes after he became unconscious and helpless at the bottom of the lap pool; and failed and refused to rescue Mr. Santarlasci from the bottom of the lap pool."

179.  Denied.  The corresponding allegation is a conclusion of law to which no response is required.

180.  Denied.  The corresponding allegation is a conclusion of law to which no response is required.

181.  Denied.  The corresponding allegation is a conclusion of law to which no response is required.  By way of further answer, as to the allegation that Mr. Santarlasci "suffered needlessly and painfully for numerous minutes prior to his death by drowning, as he struggled to remain alive after inhaling water and sinking to the bottom of the pool" defendants are without knowledge or information sufficient to form a belief as to the truth of said averments.  By way of further answer, it is believed and therefore averred, that the water in the pool in the area where Mr. Santarlasci drowned was only four feet deep.

182.  The corresponding allegation is a conclusion of law to which no response is required.

183.    Denied.  The corresponding allegation is a conclusion of law to which no response is required.

184.    Denied.  The corresponding allegation is a conclusion of law to which no response is required.

WHEREFORE, Defendants Lafayette College and Erin Malone demand judgment in their favor and against Plaintiff and such other relief as deemed appropriate by the Court.

## COUNT X

185.    The answers in response to paragraphs 1 through 184 above are hereby incorporated by reference.

186.    Corresponding paragraph is a statement of claim and not an allegation of fact therefore no response is required.  By way of further answer, Answering Defendants are without knowledge or information sufficient to form a belief as to whether Elizabeth Stanton is the personal legal representative of decedent, Joseph Santarlasci, III, or whether she has been authorized by the statutory beneficiaries to bring the instant claim.

187.    Denied.  The corresponding allegation is a conclusion of law to which no response is required.  The statutes speak for themselves.

188.    Denied.  The corresponding allegation is a conclusion of law to which no response is required.

189.    Denied.  The corresponding allegation is a conclusion of law to which no response is required.

190.    Denied.  The corresponding allegation is a conclusion of law to which no response is required.

191.    Denied.  The corresponding allegation is a conclusion of law to which no response is required.  By way of further answer, as to the allegation that Mr. Santarlasci "suffered needlessly and painfully for numerous minutes prior to his death by drowning, as he struggled to remain alive after inhaling water and sinking to the bottom of the pool" defendants are without knowledge or information sufficient to form a belief as to the truth of said averments.  By way of further answer, it is believed and therefore averred, that the water in the pool in the area where Mr. Santarlasci drowned was only four feet deep.

192.    Denied.  The corresponding allegation is a conclusion of law to which no response is required.

193.    Denied.  The corresponding allegation is a conclusion of law to which no response is required.

194.    Denied.  The corresponding allegation is a conclusion of law to which no response is required.

WHEREFORE, Defendant Lafayette College demands judgment in its favor and against plaintiff and such other relief as deemed appropriate by the Court.

## COUNT XI

195.    The answers in response to paragraphs 1 through 194 above are hereby incorporated by reference.

196.    Corresponding paragraph is a statement of claim and not an allegation of fact therefore no response is required.  By way of further answer, Answering Defendants are without knowledge or information sufficient to form a belief as to whether Elizabeth Stanton is

the personal legal representative of decedent, Joseph Santarlasci, III, or whether she has been authorized by the statutory beneficiaries to bring the instant claim.

197.    Denied.  It is admitted only that Lafayette College employed Defendant Erin Malone as a lifeguard.  The remaining allegations are denied.  By way of further answer, Defendant Erin Malone had previously worked as a lifeguard and had been trained and certified as a lifeguard.

198.    Denied.  The corresponding allegation is a conclusion of law to which no response is required.

199.    Denied.  The corresponding allegation is a conclusion of law to which no response is required.

200.    Denied.  The corresponding allegation is a conclusion of law to which no response is required.

201.    Denied.  The corresponding allegation is a conclusion of law to which no response is required.

202.    Denied.  The corresponding allegation is a conclusion of law to which no response is required.

203.    Denied.  The corresponding allegation is a conclusion of law to which no response is required.  By way of further answer, as to the allegation that Mr. Santarlasci "suffered needlessly and painfully for numerous minutes prior to his death by drowning, as he struggled to remain alive after inhaling water and sinking to the bottom of the pool" defendants are without knowledge or information sufficient to form a belief as to the truth of said averments.  By way of further answer, it is believed and therefore averred,

that the water in the pool in the area where Mr. Santarlasci drowned was only four feet deep.

204.   The corresponding allegation is a conclusion of law to which no response is required.

205.   Denied.  The corresponding allegation is a conclusion of law to which no response is required.

206.   Denied.  The corresponding allegation is a conclusion of law to which no response is required.

207.   Denied.  The corresponding allegation is a conclusion of law to which no response is required.

WHEREFORE, Defendant Lafayette College demands judgment in its favor and against Plaintiff and such other relief as deemed appropriate by the Court.

## COUNT XII

208.   The answers in response to paragraphs 1 through 207 above are hereby incorporated by reference.

209.   Corresponding paragraph is a statement of claim and not an allegation of fact therefore no response is required.  By way of further answer, Answering Defendants are without knowledge or information sufficient to form a belief as to whether Elizabeth Stanton is the personal legal representative of decedent, Joseph Santarlasci, III, or whether she has been authorized by the statutory beneficiaries to bring the instant claim.

210.   Denied.  The corresponding allegation is a conclusion of law to which no response is required.

211.   Denied.  The corresponding allegation is a conclusion of law to which no response is

required.

212.   Denied.  The corresponding allegation is a conclusion of law to which no response is

required.  By way of further answer, as to the allegation that Mr. Santarlasci "suffered

needlessly and painfully for numerous minutes prior to his death by drowning, as he

struggled to remain alive after inhaling water and sinking to the bottom of the pool"

defendants are without knowledge or information sufficient to form a belief as to the

truth of said averments.  By way of further answer, it is believed and therefore averred,

that the water in the pool in the area where Mr. Santarlasci drowned was only four feet

deep.

213.   Denied.  The corresponding allegation is a conclusion of law to which no response is

required.

WHEREFORE, Defendant Lafayette College demands judgment in its favor and against

Plaintiff and such other relief as deemed appropriate by the Court.

## COUNT XIII

214.   The answers in response to paragraphs 1 through 213 above are hereby incorporated by

reference.

215.   Corresponding paragraph is a statement of claim and not an allegation of fact therefore

no response is required.  By way of further answer, Answering Defendants are without

knowledge or information sufficient to form a belief as to whether Elizabeth Stanton is

the personal legal representative of decedent, Joseph Santarlasci, III, or whether she has

been authorized by the statutory beneficiaries to bring the instant claim.

216.   Admitted.

217.   Denied.  The corresponding allegation is a conclusion of law to which no response is required.  To the extent any portion of the corresponding averment is not a conclusion of law but, an averment of fact, it is denied.

218.   Denied.  The corresponding allegation is a conclusion of law to which no response is required.  To the extent that it purports to be a factual allegation, said allegations are denied.

219.   Denied.  The corresponding allegation is a conclusion of law to which no response is required.  To the extent that it purports to be a factual allegation, said allegations are denied.

220.   Denied.  The corresponding allegation is a conclusion of law to which no response is required.

221.   Denied.  The corresponding allegation is a conclusion of law to which no response is required.  By way of further answer, it is specifically denied that the lifeguards were hired strictly on the basis of their financial need rather than their ability to properly perform their duties.

222.   Denied.  The corresponding allegation is a conclusion of law to which no response is required.

WHEREFORE, Defendant Lafayette College demands judgment in its favor and such relief as deemed appropriate by the Court.

## AFFIRMATIVE DEFENSES

### *FIRST AFFIRMATIVE DEFENSE*

1.      Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### *SECOND AFFIRMATIVE DEFENSE*

2.      Plaintiff's claim, if any, is barred in whole or in part by the doctrine of contributory negligence.

### *THIRD AFFIRMATIVE DEFENSE*

3.      Plaintiff's claim, if any, is barred in whole or in part by the doctrine of assumption of the risk.

### *FOURTH AFFIRMATIVE DEFENSE*

4.      Plaintiff's claim, if any, is barred in whole or in part by the comparative negligence of Joseph Santarlasci.  42 Pa. C.S.A. §7702, et. seq.

### *FIFTH AFFIRMATIVE DEFENSE*

5.      Plaintiff's claim is barred in whole or in part by Joseph Santarlasci's waiver and/or assumption of risk as a condition of using defendant College's pool.

### *SIXTH AFFIRMATIVE DEFENSE*

6.      By virtue of Mr. Santarlasci's conduct,  his personal representative is estopped from bringing this claim.

### *SEVENTH AFFIRMATIVE DEFENSE*

7.      Plaintiff's claim, if any, is barred and/or limited by any releases that plaintiff has or will execute in favor of any person or entity.

### *EIGHTH AFFIRMATIVE DEFENSE*

8.      Plaintiff's claim, if any, is barred and/or limited by a failure of consideration.

### *NINTH AFFIRMATIVE DEFENSE*

9.      Plaintiff's claim, if any, is barred and/or limited by Mr. Santarlasci's improper conduct in connection with the procurement of the recreational swimming card, such that he was not a business invitee at the time of the incident.

WHEREFORE, Defendants Lafayette College and Erin Malone demand judgment in their favor and such other relief as deemed appropriate by the Court.

POWELL, TRACHTMAN, LOGAN, CARRLE, BOWMAN & LOMBARDO, P.C.


By: _____
        Jonathan K. Hollin
        Bruce D. Lombardo
        Attorneys for Defendants

        475 Allendale Road, Suite 200
        King of Prussia, PA 19406
        610-354-9700
        610-354-9760 (fax)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

| | | |
|---|---|---|
| ELIZABETH A. STANTON, Personal | : | |
| Representative of JOSEPH H. | : | |
| SANTARLASCI, III, Deceased, and | : | CIVIL ACTION |
| Administrator of the Estate of JOSEPH H. | : | |
| SANTARLASCI, III | : | NO. 02 CV 4779 |
| | : | |
| v. | : | |
| | : | |
| LAFAYETTE COLLEGE and ERIN | : | |
| MALONE | : | |

### CERTIFICATE OF SERVICE

I, Jonathan K. Hollin, Esquire, hereby certify that a true and correct copy of the foregoing Answer and Affirmative Defenses was served via first class mail, postage prepaid upon the following:

Jonathan S. Ziss, Esquire
Silverman Bergheim & Vogel
2 Penn Center Plaza
Suite 910
Philadelphia, PA 19102


**POWELL, TRACHTMAN, LOGAN, CARRLE, BOWMAN & LOMBARDO, P.C.**


Date: September 18, 2002          _____

Jonathan K. Hollin
Attorney for Defendants