IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELIZABETH A. STANTON, Personal Representative of JOSEPH H. SANTARLASCI, III, Deceased, and Administrator of the Estate of JOSEPH H. SANTARLASCI, III :<br>    *Plaintiff,*<br><br>v.<br><br>LAFAYETTE COLLEGE and ERIN MALONE<br>    *Defendant.* | CIVIL ACTION<br><br>NO. 02 CV 4779 |

**DEFENDANT LAFAYETTE COLLEGE'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL, FOR A DETERMINATION OF WAIVER OF OBJECTIONS AND FOR SANCTIONS**

**I.  INTRODUCTION**

Plaintiff Elizabeth Stanton's ("Plaintiff") Motion seeks an Order compelling responses to Plaintiff's Document Requests and Interrogatories and imposing Sanctions for failure to respond, even though Lafayette College provided those responses on the agreed upon date, *before* the Motion was filed. Further, Plaintiff made no effort to confer with Lafayette College about its responses prior to filing this Motion as required by the Rules of Civil Procedure of this jurisdiction. Plaintiff's request should therefore be denied.

Plaintiff's Motion also seeks an Order striking Lafayette College's proper objections to the discovery requests contending they are untimely and insufficiently specific. Plaintiff seeks this relief even though she had granted Lafayette College an extension beyond the 30 day time limit and did not demand Lafayette College provide answers until immediately after she contended the 30 day time period in the Rule expired. Further, although Plaintiff challenges Lafayette College's

objections to her discovery requests, Plaintiff asserted the same type of objections (and more) to Lafayette College's discovery requests. Plaintiff should not be heard to complain when she has not conformed her conduct to what she contends are the requirements of Rules 33 and 34. Lafayette College asks that Plaintiff's request to strike its objections be denied as well.

## II. STATEMENT OF FACTS/ PROCEDURE

On or about July 18, 2002, Plaintiff initiated this action by filing a Complaint alleging claims of wrongful death and survival based upon the death of Joseph Santarlasci at defendant Lafayette College's swimming facility, the Ruef Natatorium on December 2, 2001 while defendant Erin Malone, an American Red Cross certified lifeguard was on duty.

Plaintiff contends that Mr. Santarlasci was performing "breath holding exercises" in the lap pool at Lafayette College (i.e., swimming laps underwater) when he passed out and drowned. Plaintiff contends that Ms. Malone, the lifeguard on duty, failed to properly perform her duties as a lifeguard in that she, inter alia, failed to wear appropriate clothing, failed to properly monitor the pool area, and failed to adequately react when the decedent was discovered in the water, all of which resulted in Mr. Santarlasci's death. In essence Plaintiff contends that Mr. Santarlasci who was swimming laps underwater was not pulled out quickly enough after he passed out from intentionally hyperventilating and holding his breath too long.

In addition to contending that Lafayette College is responsible for Ms. Malone's alleged negligence based on the theory of respondeat superior, Plaintiff contends that Lafayette College was negligent in permitting its lifeguards to perform duties while seated at a lifeguard table and in inappropriate attire, failing to properly train and supervise its lifeguards and other employees, failing to correct wrongful conduct of its employees, and hiring improperly trained and unqualified

lifeguards. Plaintiff also contends that Lafayette College is liable based upon its status as the owner of the property where the accident occurred.[1]

On Monday, September 30, 2002, defense counsel contacted Plaintiff's counsel for the purpose of setting up a conference to discuss, *inter alia*, scheduling of discovery, pursuant to Fed.R.Civ.P. 26(d) and 26(f). On October 18, 2002, Plaintiff's counsel forwarded a Proposed Scheduling Order to defense counsel which encompassed a discovery plan. On that same date Lafayette College served upon Plaintiff its Self Executing Disclosures, Interrogatories Directed to Plaintiff (First Set) and Request for Production of Documents. There were a total of only 9 Interrogatories and 16 Document Requests.

On October 25, 2002, Plaintiff's counsel wrote to counsel for Lafayette College complaining about the service of the discovery requests and requesting that they be withdrawn and not reserved until the Scheduling Order was finalized. Plaintiff's counsel advised that this could be completed by November 1, 2002.

On November 8, 2002, counsel for Lafayette College wrote to counsel for Plaintiff advising that he had still not received the modified Scheduling Order that was promised. Counsel also advised that he was not going to withdraw the discovery requests but was willing to give Plaintiff whatever reasonable extension of time Plaintiff needed to respond to the requests. Counsel added that he assumed Plaintiff's counsel would give similar courtesies and provide a similar extension when Plaintiff eventually provided its Self Executing Disclosures and discovery requests. A true and correct copy of the letter of November 8, 2002 is attached hereto as Exhibit

---

[1] Immediately after the accident Plaintiff hired a private investigator who was given access to the Public Safety Officer's investigation. The Plaintiff's investigator concurred with the coroner that the death was an "accidental drowning."

"A" and incorporated by reference.

On November 21, 2002, Plaintiff served her Objections to Lafayette College's Interrogatories and Document Requests. The only objections proffered were that the discovery requests violated the Federal Rules of Civil Procedure. *No substantive response was provided.*

On November 25, 2002, a scheduling conference was held via telephone with the Honorable Thomas N. O'Neill, Jr. During the conference Plaintiff's counsel raised the question of the timing of Lafayette College's Interrogatories and Document Requests. Lafayette College's counsel advised that he had previously informed Plaintiff that he would not withdraw the discovery requests but that Plaintiff could have whatever reasonable extension was needed. Judge O'Neill instructed Plaintiff's counsel to advise Lafayette College how much time he needed to respond.

Subsequently, Plaintiff's counsel asked Lafayette College's counsel if he could respond to the discovery requests by December 24, 2002. Lafayette College's counsel indicated that that would be fine and advised that he expected a similar extension when Plaintiff eventually served its discovery requests. Plaintiff's counsel concurred.

At about the same time Plaintiff's counsel asked whether Lafayette College was willing to engage in a mediation with Tom Rutter, Esquire of ADR Options, Inc. in hopes of reaching an amicable resolution. Lafayette College agreed. Counsel for Lafayette College also advised Plaintiff's counsel that he would be out of town for the latter part of December. See letter dated December 10, 2002 attached hereto as Exhibit "B" and incorporated by reference. Eventually a mediation date of February 1, 2003 was set and counsel for Lafayette College began focusing his

time and efforts on preparing for a successful mediation.[2]

On December 16, 2002 (prior to responding to the discovery requests which had been served in October), Plaintiff served upon Lafayette College, Plaintiff's First Set of Interrogatories to Defendant Lafayette College ("Interrogatories") and Plaintiff's First Request for the Production of Documents to Defendant Lafayette College ("Document Requests"). The Document Requests sought 63 separate categories of documents and the Interrogatories totaled 24.

On December 23, 2002, Plaintiff served upon Lafayette College, Plaintiff's responses to Lafayette College's Request for Production of Documents and Interrogatories. True and correct copies of Plaintiff's responses to the Document Requests and Interrogatories are attached hereto as Exhibits "C" and "D," respectively. Plaintiff asserted one or more of the following objections to every one of the discovery requests: the discovery request is vague, ambiguous, oppressive, overbroad and/or not reasonably calculated to lead to the discovery of admissible evidence. No further explanation regarding these objections was provided.

On January 9, 2003, Plaintiff served upon Lafayette College, Plaintiff's First Requests for Admissions. Those requests contained 693 separate Requests for Admissions.[3]

On January 17, 2003, Plaintiff's counsel wrote to counsel for Lafayette College stating, *inter alia*, that he assumed Lafayette College had already forwarded its responses to Plaintiff's Interrogatories and Document Requests. On January 23, 2003, counsel for Lafayette College

---

[2]The Mediation was subsequently rescheduled and took place on February 12, 2003 (i.e., two days before Plaintiff filed her Motion).

[3]Lafayette College has filed a Motion for Protective Order regarding the Requests for Admissions. That Motion is currently pending.

wrote to counsel for Plaintiff advising that by virtue of the fact that Lafayette College had given Plaintiff an extension to respond to its discovery requests and it had been agreed that Lafayette would be afforded a similar courtesy from Plaintiff, he was acting under the belief that Lafayette College had such an extension and thus the discovery answers had not yet been completed. Counsel further advised that in light of the upcoming mediation, he had been concentrating his efforts on preparing in hopes of making the mediation successful. However, because of the apparent misunderstanding regarding the extension and Plaintiff's demand for immediate answers, Lafayette College focused on completing its responses and serving them on Plaintiff. In that regard counsel for Lafayette College advised that he would have the responses to the discovery requests shortly. A true and correct copy of the letter of January 23, 2003 is attached hereto as Exhibit "E" and incorporated by reference.

On Friday, January 24, 2003, Plaintiff's counsel responded denying that Lafayette College had afforded Plaintiff any extension to respond to its discovery requests and demanding that Lafayette College provide its responses "promptly." Thereafter Plaintiff's counsel left a voice mail message demanding that the responses be provided by Monday, January 27, 2003.

On January 28, 2003, counsel for Lafayette College responded that given that fact that he believed he had an extension, he did not have the responses to the discovery requests completed and thus could not provide them immediately. However, counsel provided Plaintiff with those documents he had already compiled that were responsive to Plaintiff's document requests.

Counsel for Lafayette College thereafter advised Plaintiff's counsel that he would be able to provide Lafayette College's answers to Plaintiff's discovery requests by Friday, February 7, 2003. On February 7, 2003, counsel for Lafayette College was unable to get into his office as a

result of the snow storm on that day. However, he informed Plaintiff's counsel by telephone that he would send the discovery responses by facsimile on Monday, February 10, 2003. Plaintiff's counsel stated that this was acceptable.

On February 10, 2003, Lafayette College served via facsimile and mail, its Answers to Plaintiff's Interrogatories (First Set) and its Responses to Plaintiff's Document Requests. (See Exhibits 3 and 4 to Plaintiff's Motion). Lafayette College provided substantive answers to all but one of the Interrogatories.[4]

On February 13, 2003, without even attempting to confer with counsel for Lafayette College regarding its responses, Plaintiff filed its Motion to 1) compel responses to its discovery requests; 2) establish that Lafayette College waived its objections; and 3) for sanctions. Lafayette College files this Memorandum of Law in opposition to Plaintiff's Motion.

### III.   ARGUMENT

**A.   Lafayette College Has Provided Full and Complete Answers to Plaintiff's Discovery Requests and Has Not Waived Any of the Objections Asserted Therein**

#### 1.   **Lafayette College has not waived its objections**

Plaintiff has argued that by failing to serve its answers and objections to Plaintiff's Interrogatories and Document Requests by January 20, 2003, Lafayette College has waived its objections. Plaintiff is not correct. Pursuant to Fed.R.Civ.P. 33(b)(4) an untimely objection is

---

[4] Interrogatory No. 15 asked Lafayette College to state the sum total (in dollars) of the current Lafayette College endowment and the sum total (in dollars) spent by Lafayette College in building the Allan P. Kirby Sports Complex. Lafayette College properly objected to this Interrogatory on the basis that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

waived *"unless the party's failure to object is excused by the court for good cause shown."* Further, Fed.R.Civ.P. 34, which governs the procedures relating to requests for the production of documents, does not contain any provision providing for a waiver of objections that are not made within 30 days.

Moreover, even if it is determined that a party has waived its objections, it is still within the Court's discretion not to compel discovery which is patently improper. <u>Rintchen v. Walker</u>, 1996 U.S. Dist. Lexis 6104, *4 (E.D. Pa. 1996). Objections based on strong public policies which would preclude disclosure of the information requested should not be deemed waived. <u>Id.</u>

Lafayette College had good cause for its failure to provide its responses to the discovery requests within the 30 day time period set forth in the Rule as it believed it had an extension of time to respond and it was concentrating its efforts on mediation.

As set forth in Section II of this Memorandum, at the time Lafayette College agreed to grant Plaintiff an extension by which to respond to her discovery requests, it secured a similar extension. Counsel for Lafayette College had always understood that the preferred practice in this jurisdiction is for attorneys to act professionally, accede to extension requests, and attempt to resolve discovery issues without Court intervention. That was exactly what counsel for Lafayette College was doing by granting Plaintiff an extension to answer Lafayette College's discovery requests and in turn obtaining the same courtesies for his client.

Because Lafayette College believed that it had an extension of time beyond the 30 days provided in the Rules, it did not provide its responses on that date. However, once Plaintiff's counsel advised that he believed no such extension had been given, Lafayette College promptly completed its responses to the 63 Document Requests and 24 Interrogatories and forwarded them

to Plaintiff within two weeks.[5]  Because Lafayette College believed in good faith that an extension had been granted and Plaintiff did nothing to dispel that belief until after the 30 day period under the Rules had theoretically expired, the Court should not strike Lafayette College's objections to Plaintiff's discovery requests.

In addition, at the time Plaintiff served its discovery requests, Lafayette College was focusing its efforts on the mediation Plaintiff has requested.  Lafayette College believed that the Plaintiff would participate in good faith in the mediation of this case with Tom Rutter, Esquire of ADR Options, Inc..  As a result Lafayette College spent a significant amount of time preparing for the mediation, which if successful, would alleviate the need to take further discovery in this case.

In the alternative, should the Court find that despite its belief that it had an extension and was working diligently to achieve a successful mediation, Lafayette College waived its objections, the Court should not strike those objections as the Court has the discretion not to compel discovery on matters that are patently improper.  Further, pursuant to Fed.R.Civ.P. 26(b)(1) the scope of discovery is limited to non privileged matters which are relevant to the claim or defense of any party.

In this case, Lafayette College only refused to answer one Interrogatory, Interrogatory No. 15.  This Interrogatory asked for the dollar figure of the current Lafayette College endowment and the cost of building the Allan P. Kirby Sports Complex.  Lafayette College

---

[5] Plaintiff's counsel demanded the responses by letter dated January 24, 2003.  Lafayette College's counsel advised that the responses would be provided by February 7, 2003.  The responses were provided on February 10, 2003 due to a snow storm which prevented counsel from getting to the office to send out the responses on Friday, February 7, 2003.

properly objected to this Interrogatory on the basis that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Neither the value of Lafayette College's endowment nor the cost to build the sports complex have any bearing on the liability of Lafayette College or defendant Erin Mallone. Accordingly, that discovery is improper.

Lafayette College answered the remaining 23 Interrogatories, subject to proper objections, with full and complete substantive answers. Many of Lafayette College's objections to the remaining Interrogatories and Document Requests were based upon strong public policy and should not be stricken. For example, Interrogatory No. 3 asked Lafayette College to describe in detail all remedial measures taken after the accident. Lafayette College objected as subsequent remedial measures are not admissible pursuant to Fed.R.Civ.P. 407. Interrogatory No. 4 asked Lafayette College to describe in detail all investigations undertaken by it or at its request. Lafayette College objected to revealing any information responsive to this Interrogatory which was protected by the attorney-client privilege and or work product doctrine (but produced the reports and supplemental reports of its Public Safety Office). Similarly, Lafayette College objected to Document Request No. 18, which asked for all documents provided by Lafayette College to, or received by it from any expert with whom it consulted with respect to this case, on the basis that such a request is improper under Fed.R.Civ.P. 26(b)(4)(B).

Because Lafayette College has asserted objections to discovery requests which are patently improper and seek information beyond that permitted by Fed.R.Civ.P. 26(b)(1) and because many of Lafayette College's objections involve strong public policies such as attorney-

client privilege and work product, Lafayette College's objections should not be stricken. [6]

### 2. Lafayette College has provided full and complete answers to Plaintiff's discovery requests

Plaintiff also argues that Lafayette College's objections are insufficiently specific. Plaintiff spends over six pages describing how objections such as "overly broad", "unduly burdensome," and "irrelevant" are insufficient and how Lafayette College's objections are "so repetitious as to suggest formulation by a computer program." However, Plaintiff might just as well have been describing her objections to Lafayette College's discovery requests.

In response to every one of Lafayette College's discovery requests Plaintiff objected using one or more of the following objections: vague, overbroad, ambiguous, not reasonably calculated to lead to the discovery of admissible evidence and/or oppressive. For instance, Lafayette College's Document Request No. 7 asked for the reports of any experts Plaintiff intends to call at the trial. Plaintiff responded that the request was "vague and overbroad."

Similarly, Interrogatory No. 1 asked Plaintiff to state all facts which support, relate or pertain to its allegation that "at no time between 2:30 p.m. EST and 2:50 p.m. EST did Ms. Malone monitor or scan the pools in that Natatorium." In response Plaintiff first objected that the Interrogatory is "vague, ambiguous and overly broad." The Interrogatory sought facts supporting Plaintiff's own allegation. How then is it vague, ambiguous or overly broad? Indeed it is difficult

---

[6] Should the Court strike Lafayette College's objections, Lafayette College will be forced to move the Court to strike Plaintiff's objections to Lafayette College's discovery requests as Plaintiff asserted objections to every one of Lafayette College's Interrogatories and Document Requests. Lafayette College's discovery requests were served on October 18, 2002 and by October 25, 2002, at the very least, the parties had conferred as required by Fed.R.Civ.P. 26(f). Plaintiff's answers and objections were not served until December 23, 2002 and were therefore untimely.

to understand what is vague, ambiguous, and/or overly broad about any of the above discovery requests or any of the others to which Plaintiff asserted one or more of those objections.

Further, what is even more extraordinary are Plaintiff's responses to Lafayette College's Request for Production of Documents (Second Set) which was served on January 19, 2003. A true and correct copy of the Document Requests (Second Set) is attached hereto as Exhibit "F." For example, Request No. 3 asked Plaintiff to produce "all documents that reflect, refer to, or relate to Jay Santarlasci." This Request (as well as numbers 2, 4 and 5) is word for word exactly the same as the document request Plaintiff served on Lafayette College in December (Nos. 2-4), the objections to which she contends are improper. In response to Request No. 3 Plaintiff stated, "[o]bjection. This Request for Production is patently and absurdly overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence." (See, Plaintiff's Responses to Defendant Lafayette College's Request for Production of Documents (Second Set) (hereinafter "Plaintiff's Responses") a copy of which is attached hereto as Exhibit "G." If Plaintiff believes this request is "patently overbroad and absurd" why would Plaintiff proffer it to Lafayette College and then complain about its objection.

Indeed 23 of the 27 document requests served by Lafayette College on Plaintiff are the same as those Plaintiff served upon Lafayette College in December and which are the subject of her Motion. Plaintiff asserted an objection to each one. (See Exhibits "F" and "G" Nos. 1- 6, 8-20, 23-27 and compare with Exhibit "6" to Plaintiff's Motion Nos. 1-5, 8-12, 15, 18-25, 32, 48-51).

Moreover, Plaintiff did not "clarify or explain" any of her objections to any of Lafayette College's discovery requests, which Plaintiff contends is required by the Rules. Given Plaintiff's

own failure to comply with her stated interpretation of the Rules, it is difficult to understand how Plaintiff can, in good faith, ask that Lafayette College's objections be stricken as insufficiently specific.

In any case, regardless of Plaintiff's good faith or bad faith in filing its Motion, Lafayette College's objections are proper. For instance, Plaintiff argues that she cannot conceive of how her Document Request No. 29 which sought "all W-2 and 1099 statements issued to Erin Malone by or on behalf of Lafayette College" is overly broad or unduly burdensome. The Request is clearly overbroad and unduly burdensome as it contains no date restrictions. *All* of Ms. Malone's W-2 and 1099 statements are not relevant nor reasonably calculated to lead to discovery of admissible evidence and therefore the request is overbroad. What Plaintiff fails to inform the Court is that in addition to asserting its objection, Lafayette College produced Ms. Malone's W-2 for 2001, the year of the accident.

Similarly, Plaintiff challenged Lafayette College's objections to Interrogatories and Document Requests seeking information regarding post-accident remedial measures. Plaintiff contends Lafayette College's objections on the basis of relevancy and the fact that the requests are not reasonably calculated to lead to the discovery of admissible evidence are improper. Despite the fact that subsequent remedial measures evidence is not admissible (Fed.R.Civ.P. 407), Plaintiff contends that such information might lead to the discovery of admissible evidence on the issue of the "feasability of precautionary measures." However, the "feasability of precautionary measures" is not at issue in this case and therefore, Plaintiff's rationale for seeking this information fails. Moreover, Lafayette College voluntarily agreed to make the Natatorium available for Plaintiff's experts and Plaintiff's counsel for over 2 hours and so Plaintiff's expert has already inspected it

and has seen how the Natatorium is now different.

Lafayette College believes if the Court reviews Lafayette College's responses, attached as Exhibits "3" and "4" to Plaintiff's Motion, it will agree that Lafayette College's objections were proper and should not be stricken.

### B.     Sanctions Are Not Appropriate in this Case

Federal Rule of Civil Procedure 37(d)(2) authorizes a court to take action including imposing sanctions where a party has failed to "serve answers or objections to interrogatories submitted under Rule 33" or "to serve a written response to a request for inspection submitted under Rule 34." Lafayette College has served answers to Plaintiff's Interrogatories and a written response to its Document Requests. Moreover, Lafayette College provided its answers on the agreed upon date *before* Plaintiff filed its Motion. Plaintiff did not consult with Lafayette College or advise it as to which of the responses she believes are insufficient. Instead, Plaintiff filed a Motion. Lafayette College still does not know exactly which responses Plaintiff contends are improper, other than the few briefly mentioned in her Motion.

Because Lafayette College promptly responded to Plaintiff's demand for answers and Plaintiff failed to make any attempt to consult with Lafayette College regarding its answers prior to filing her Motion, there is no basis for the imposition of sanctions in this case. Plaintiff's request should be denied.

## IV. CONCLUSION

For the foregoing reasons, Defendant Lafayette College requests that this Court deny Plaintiff's Motion.

                                        **POWELL, TRACHTMAN, LOGAN, CARRLE, BOWMAN & LOMBARDO, P.C.**

Dated: February 25, 2003         By:_____
                                                Jonathan K. Hollin
                                                Attorney I.D. No. 36660
                                                Mary J. Pedersen
                                                Attorney I.D. No. 80552
                                                475 Allendale Road, Suite 200
                                                King of Prussia, PA 19406
                                                610-354-9700
                                                *Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELIZABETH A. STANTON, Personal Representative of JOSEPH H. SANTARLASCI, III, Deceased, and Administrator of the Estate of JOSEPH H. SANTARLASCI, III | : : : : : | CIVIL ACTION<br><br>NO. 02 CV 4779 |
| *Plaintiff,* | : : | |
| v. | : : | |
| LAFAYETTE COLLEGE and ERIN MALONE | : : | |
| *Defendant.* | | |

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Answer to Plaintiff's to Compel and for Sanctions and Brief in support thereof was served via first class mail, postage prepaid upon the following:

Peter C. Grenier, Esquire
Bode & Grenier, LLP
Ninth Floor, Connecticut Building
1150 Connecticut Avenue, N.W.
Washington, D.C. 20036-4192

**POWELL, TRACHTMAN, LOGAN, CARRLE, BOWMAN & LOMBARDO, P.C.**

Date: February 25, 2003

_____
Jonathan K. Hollin
Mary J. Pedersen
Attorney for Defendants

KOP:242948v1 4554-01

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELIZABETH A. STANTON, Personal Representative of JOSEPH H. SANTARLASCI, III, Deceased, and Administrator of the Estate of JOSEPH H. SANTARLASCI, III | : : : : : : | CIVIL ACTION |
| *Plaintiff,* | : : | NO. 02 CV 4779 |
| v. | : : | |
| LAFAYETTE COLLEGE and ERIN MALONE | : : | |
| *Defendant.* | : | |

**DEFENDANT LAFAYETTE COLLEGE'S ANSWER TO PLAINTIFF'S
MOTION TO COMPEL AND FOR SANCTIONS RELATING TO DISCOVERY**

Defendant Lafayette College hereby answers Plaintiff's Motion to compel responses to Plaintiff's First Request for the Production of Documents and First Set of Interrogatories to Defendant Lafayette College, for a determination that defendant Lafayette College has waived any objections to Plaintiff's First Request for Production of Documents and First Set of Interrogatories and for sanctions.

Lafayette College provided full and complete answers to Plaintiff's Interrogatories and Request for Production *prior* to the date on which Plaintiff filed this Motion and therefore there is no basis or reason to compel Lafayette College to respond. Further, Plaintiff made no effort to confer with Lafayette College as required by Fed.R.Civ.P. 26(c) in an attempt to resolve her apparent complaints respecting the responses provided by Lafayette College to her discovery requests and the Motion therefore, is not ripe for review.

Should the Court nevertheless consider the Motion, Lafayette College requests that the

KOP:242948v1 4554-01

Court deny the relief requested by Plaintiff as it has not waived its objections to Plaintiff's discovery requests nor is its conduct deserving of sanctions. In support of its opposition to Plaintiff's Motion Lafayette College relies upon the accompanying Memorandum of Law, attached hereto and made a part hereof.

                              **POWELL, TRACHTMAN, LOGAN, CARRLE,**
                                  **BOWMAN & LOMBARDO, P.C.**

Dated: February 25, 2003          By:_____
                                      Jonathan K. Hollin
                                       Attorney I.D. No. 36660
                                      Mary J. Pedersen
                                      Attorney I.D. No. 80552
                                      Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELIZABETH A. STANTON, Personal Representative of JOSEPH H. SANTARLASCI, III, Deceased, and Administrator of the Estate of JOSEPH H. SANTARLASCI, III : : : : : | CIVIL ACTION |
| *Plaintiff,* : : | NO. 02 CV 4779 |
| v. : : | |
| LAFAYETTE COLLEGE and ERIN MALONE : : | |
| *Defendant.* : | |

## ORDER

AND NOW, this _____ day of _____, 2003, upon consideration of Plaintiff's Motion to Compel, for a Determination of Waiver of Objections, and for Sanctions and Lafayette College's response thereto, it is hereby ORDERED that the Motion is DENIED.

BY THE COURT

_____
J.