IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELIZABETH A. STANTON, Personal Representative of JOSEPH H. SANTARLASCI, III, Deceased, and Administrator of the Estate of JOSEPH H. SANTARLASCI, III         *Plaintiff*, <br> v. <br><br> LAFAYETTE COLLEGE and ERIN MALONE         *Defendants.* | CIVIL ACTION <br><br> NO. 02 CV 4779 |

**MOTION TO DISMISS FOR FAILURE OF PLAINTIFF TO ACT IN THE CAPACITY OF PERSONAL REPRESENTATIVE, OR IN THE ALTERNATIVE, TO COMPEL PLAINTIFF TO CONFIRM THAT THE WRONGFUL DEATH CLAIMS ARE BROUGHT ON BEHALF OF BOTH STATUTORY BENEFICIARIES**

1. The movants are Lafayette College and Erin Malone, Defendants herein.

2. The respondent is Elizabeth A. Stanton, personal representative of Joseph H. Santarlasci, III, Plaintiff herein.

3. Plaintiff, as the personal representative of the estate of Joseph H. Santarlasci, III, has brought claims under the Pennsylvania Wrongful Death and Survival Acts, 42 Pa.C.S. §§ 8301 and 8302 for the alleged drowning death of Joseph H. Santarlasci, III.[1]

4. There are only two statutory beneficiaries entitled to recover in this matter under the Wrongful Death Act, 42 Pa.C.S. § 8301.

---

[1] Pursuant to Federal Rule of Civil Procedure 17(b) the capacity of one to sue in a representative capacity is to be determined by state law.

KOP:242843v1 4554-01

5. Defendants seek to dismiss this action based on Plaintiff's failure to fulfill her obligations as personal representative and Plaintiff's counsel's failure to fulfill his fiduciary duties to both statutory beneficiaries of the decedent.

6. In the alternative, Defendants seek to compel Plaintiff to affirmatively state, consistent with the allegations in the Complaint, that she is acting on behalf of both statutory beneficiaries in this action.

7. On February 12, 2003, following the conclusion of a Mediation in this matter, Plaintiff's counsel stated he did not represent the decedent's mother in pursuing the wrongful death claims against Defendants. Plaintiff's counsel stated there was a conflict of interest between himself and decedent's mother that ethically prevented him from representing the mother's interests.

8. Alarmed by this statement, Defendants' counsel attempted to verify whether this was in fact true, and whether Plaintiff misstated the nature and scope of her representation of the statutory beneficiaries in paragraphs 1, 82, 91, 101, 110, 134 and 146 of the Complaint. A true and correct copy of the relevant portions of the Complaint is attached hereto as Exhibit "A."

9. On February 13, 2003, Defendants' counsel wrote to Plaintiff's counsel and inquired as to the scope of his and Plaintiff's representation of the statutory beneficiaries. A true and correct copy of the Letter from Defendants' counsel to Plaintiff's counsel is attached hereto as Exhibit "B."

10. Plaintiff's counsel did not respond to Defense counsel's inquiry. Instead, in a caustic and derisive letter, Plaintiff's counsel attacked Defense counsel's inquiry as an unethical

        attempt to bill the client and declared with righteous indignation his refusal to partake in such practices. Plaintiff's counsel continued his tirade with an attack on the ethical behavior of Defense counsel's entire firm. A true and correct copy of the Letter from Plaintiff's counsel to Defense counsel is attached hereto as Exhibit "C."

11. Pennsylvania Rule of Civil Procedure 2202 requires the personal representative to act on behalf of all of the decedent's statutory beneficiaries when instituting an action under the Wrongful Death Act.

12. Pennsylvania Rule of Civil Procedure 2204 requires the personal representative to specifically aver in the Complaint that he or she acts on behalf of the statutory beneficiaries.

13. The Rules do not provide discretion to the personal representative in determining which statutory beneficiaries he or she will act on behalf of in pursuing an action under the Wrongful Death Act.

14. Plaintiff, as the personal representative, is the only party entitled to assert wrongful death claims on behalf of the statutory beneficiaries pursuant to Pa.R.C.P. 2202 within the first six months after the death of the decedent. Because Plaintiff has brought suit, the beneficiaries may not bring their own claims.

15. Accordingly, in light of the fact that the beneficiaries are restricted in their right to bring suit, it is imperative that the interests of *all* beneficiaries are represented by the personal representative.

16. In the Complaint, Plaintiff alleges that the wrongful death claims are brought for the benefit of the decedent's statutory beneficiaries. (See, Complaint, ¶¶ 1, 82, 91, 101, 110, 134 and 146).

17. Plaintiff does *not* allege that the wrongful death claims are brought for the benefit of only one of the decedent's beneficiaries.

18. In light of the new information provided after the Mediation with regard to Plaintiff's limited representation of only one of the beneficiaries in this matter, it is apparent that she misrepresented the scope of her representation in the Complaint.

19. Plaintiff is required to make truthful and accurate averments in the Complaint. See, e.g., F.R.C.P. 11(b)(3).

20. Because Plaintiff must act on behalf of all statutory beneficiaries, she is not qualified to continue as decedent's personal representative in this action.

21. Plaintiff's counsel also has a fiduciary duty to all of the statutory beneficiaries.

22. Plaintiff's counsel has expressly disavowed any duty to the decedent's mother, a statutory beneficiary and, indeed, stated an ethical prohibition against representing her.

23. Pursuant to 42 Pa.C.S. § 8301(b), the right to recovery in an action for wrongful death extends to all statutorily specified beneficiaries of the deceased.

24. In addition, Plaintiff cannot agree to settle the wrongful death claims without the consent of all statutory beneficiaries.

WHEREFORE, Defendants request this Court to dismiss the Complaint and/or compel Plaintiff to affirmatively state that the wrongful death claims alleged in the Complaint were and are brought on behalf of and for the benefit of both statutory beneficiaries and that there is no

conflict of interest between Plaintiff's counsel and either beneficiary and to award such other relief as deemed appropriate.

**POWELL, TRACHTMAN, LOGAN CARRLE, BOWMAN & LOMBARDO, P.C.**

Dated: February 27, 2003

Jonathan K. Hollin
Attorney for Defendants

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELIZABETH A. STANTON, Personal Representative of JOSEPH H. SANTARLASCI, III, Deceased, and Administrator of the Estate of JOSEPH H. SANTARLASCI, III : : : : : : | CIVIL ACTION |
| *Plaintiff*, : | NO. 02 CV 4779 |
| v. : : | |
| LAFAYETTE COLLEGE and ERIN MALONE : : | |
| *Defendants.* : | |

## ORDER

AND NOW this ___ day of _____, 2003, upon consideration of Defendants' Motion to Dismiss for Failure of Plaintiff to Act in Capacity of Personal Representative, Or in the Alternative, to Compel Plaintiff to Confirm that the Wrongful Death Claims are Brought on Behalf of Both Statutory Beneficiaries and Plaintiff's response thereto, it is hereby ORDERED that Defendants' Motion is GRANTED. Plaintiff shall either produce proof satisfactory to the Court that (i) she commenced suit and is continuing to prosecute same with the knowledge and consent of both the statutory beneficiaries and on both of their behalves, and (ii) that there is no conflict of interest between Plaintiff's counsel and either statutory beneficiary, within five (5) days, or the Wrongful Death claims shall be dismissed.

KOP:242843v1 4554-01

BY THE COURT:

_____ J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELIZABETH A. STANTON, Personal Representative of JOSEPH H. SANTARLASCI, III, Deceased, and Administrator of the Estate of JOSEPH H. SANTARLASCI, III | : : : : : | CIVIL ACTION |
| *Plaintiff*, | : | NO. 02 CV 4779 |
| v. | : : | |
| LAFAYETTE COLLEGE and ERIN MALONE | : : | |
| *Defendants.* | : | |

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendants' Motion to Dismiss for Failure of Plaintiff to Act in Capacity of Personal Representative, Or in the Alternative, to Compel Plaintiff to State that the Wrongful Death Claims Are Brought on Behalf of Both Statutory Beneficiaries Brief in Support thereof were served via Hand Delivery or Federal Express to the following:

Jonathan S. Ziss, Esquire
Silverman Bergheim & Vogel
2 Penn Center Plaza, Suite 910
Philadelphia, PA 19102
(Via Hand Delivery)

Peter C. Grenier, Esquire
BODE & GRENIER, L.L.P.
1150 Connecticut Ave., N.W.
Ninth Floor
Washington, D.C. 20036
(Via Federal Express)

**POWELL, TRACHTMAN, LOGAN CARRLE, BOWMAN & LOMBARDO, P.C.**

Jonathan K. Hollin
Attorney for Defendants

Dated: February 27, 2003

KOP:242843v1 4554-01