IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELIZABETH A. STANTON, Personal Representative of JOSEPH H. SANTARLASCI, III, Deceased, and Administrator of the Estate of JOSEPH H. SANTARLASCI, III         *Plaintiff*, <br> v. <br> LAFAYETTE COLLEGE and ERIN MALONE <br>         *Defendants*. | CIVIL ACTION <br><br> NO. 02 CV 4779 |

***DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT
REGARDING PLAINTIFF'S CLAIMS FOR SOLATIUM AND
LOSS OF FILIAL CONSORTIUM***

1. The movants are Lafayette College and Erin Malone, Defendants herein.

2. The respondent is Elizabeth Stanton, Personal Representative of Joseph H. Santarlasci, III, Deceased and Administrator of the Estate of Joseph H. Santarlasci, III ("Plaintiff").

3. Plaintiff's Complaint contains six (6) Counts under the Wrongful Death Act (and seven (7) under the Survival Statute).

4. Plaintiff alleges that at the time of his death on December 2, 2001, Joseph H. Santarlasci, III (hereinafter "Decedent") was a 26 year old who was "temporarily residing in Easton, Pennsylvania prior to reporting to active duty at the Great Lakes Naval Training Center in Illinois, where he was to begin his military service on March 5, 2002." (Complaint ¶¶ 2 and 8)

5. The Decedent had never married and had no children.

6. The Complaint alleges that the Decedent drowned while swimming laps underwater. Plaintiff claims that Malone and Lafayette are liable for, inter alia, Ms. Malone, an

American Red Cross certified lifeguard's failure to rescue the Decedent faster.

7. According to Plaintiff's expert, Jerome Modell, M.D., the Decedent suffered from what is referred to as shallow water blackout, a condition that occurs when a swimmer intentionally hyperventilates and then holds his breath while swimming underwater to the point that his arterial oxygen levels falls below that needed to maintain consciousness after which the victim becomes unconscious and breaths in water which leads to a drowning death. Plaintiff's expert does not contend there was any conscious pain or suffering by the Decedent.

8. The Complaint alleges that the Decedent "is survived by his mother, father, stepmother, stepfather and two minor half-brothers. The wrongful death claim herein is brought for the benefit of his statutory beneficiaries." (Complaint ¶ 1)

9. Under the Wrongful Death Act, only the Decedent's mother and father are statutory beneficiaries. 42 Pa. C.S. 8301

10. Decedent's parents, who are divorced, reportedly live in Washington, D.C. and Virginia.

11. Since at least July 2000, Decedent rented an apartment and lived in Easton, Pennsylvania until the time of his death.

12. Counts I through VI of the Complaint are brought pursuant to the Pennsylvania Wrongful Death Act. In each Count, Plaintiff includes a nearly identical allegation to the effect that as a result of the Defendants' negligent conduct "the beneficiaries of Plaintiff's Decedent were deprived of the solace, society and companionship, as well as the comfort, guidance, kindly offices and advice of Jay Santarlasci." (Complaint ¶¶ 87, 97, 106, 130, 142 and 154) Such damages are commonly referred to as solatium and loss of filial consortium.

13. In each of Counts I through VI of the Complaint, Plaintiff includes a nearly identical allegation to the effect that as a result of the Defendants' negligent conduct "the beneficiaries of Plaintiff's Decedent were denied the reasonably expected services, protection, care, financial support, and assistance of Jay Santarlasci, and incurred medical, funeral, and burial expenses, as well as costs associated with the administration of his estate." (Complaint ¶¶ 88, 98, 107, 131, 143 and 155)

14. To clarify the damages being sought, Defendants proffered the following Interrogatory and received the following response:

**Interrogatory 1.** With respect to any damages being sought under the Wrongful Death Statute, 42 Pa.C.S. § 8301 (i.e., Counts I through VI of your Complaint) identify, as defined above, the person or persons whom you contend are entitled to said damages and, with respect to each such person identified, the amount of damages and the basis therefor. Be sure to identify, as defined above, in your answer, any documents, as defined above, which support, relate or refer to the claimed damages or the basis therefor.

**Response:** Objection. This Interrogatory is beyond the scope of permissible discovery pursuant to Fed. R. Civ. P. 26(b), in that it calls for a legal conclusion. Without waiving that objection, Plaintiff states that the persons entitled to said damages here are:

> Joseph H. Santarlasci, Jr.
> 2210 Wyoming Avenue, N.W.
> Washington, D.C. 20008
>
> Patricia Sanders
> 9701 Gates Bluff Drive

Chesterfield, VA 23932

The general damages available under the statute are not subject to quantification at this stage of the litigation. Plaintiff will supplement this Answer regarding special damages upon receipt of the necessary data.

See Plaintiff's Answers to Lafayette College's Interrogatories Directed to Plaintiff (Second Set), attached hereto as Exhibit "A."

15. In Plaintiff's December 23, 2002 Answers to prior Interrogatories Plaintiff advised that the Decedent had not conferred any economic benefit on any of the statutory beneficiaries within the five year period prior to his death. See Interrogatory No. 8 and the Answer thereto, a true and correct copy of which is attached hereto as Exhibit "B."[1] As such, the primary element of damages sought by the Complaint pursuant to the Wrongful Death Act must be for solatium or the loss of filial consortium.

16. Pennsylvania does <u>not</u> recognize solatium or the loss of filial consortium as recoverable elements of damages and thus, same are not recoverable in a situation such as that now before the Court.

17. For the reasons set forth in the Brief submitted contemporaneously herewith, Defendants seek to have this Court dismiss the claims for solatium and loss of filial consortium (i.e., those contained in paragraphs 87, 97, 106, 130, 142 and 154 of the Complaint).

WHEREFORE, Defendants Lafayette College and Erin Malone respectfully request that this Honorable Court enter partial summary judgment in their favor and dismiss Plaintiff's claims

---

[1] In September 3, 2002, correspondence Plaintiff's counsel, in response to the Defendants' request for tax returns, had advised that the economic damages "pale in comparison to the non-economic damages available to Jay's parents and his estate."

for solatium and loss of filial consortium (i.e., for the loss of "solace, society and companionship, as well as the comfort, guidance, kindly offices and advice" of the Decedent), and grant Defendants such other relief as deemed appropriate.

          Respectfully submitted.

          ***POWELL, TRACHTMAN, LOGAN, CARRLE,***
          ***BOWMAN & LOMBARDO, P.C.***

*Dated: March 4, 2003*    **By:**_____

          *Jonathan K. Hollin, Esquire*
          *Attorneys for Defendants*
          *475 Allendale Road, Suite 200*
          *King of Prussia, PA 19406*
          *610-354-9700*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELIZABETH A. STANTON, Personal Representative of JOSEPH H. SANTARLASCI, III, Deceased, and Administrator of the Estate of JOSEPH H. SANTARLASCI, III : : : : : | CIVIL ACTION |
|       *Plaintiff*, : | NO. 02 CV 4779 |
| v. : : | |
| LAFAYETTE COLLEGE and ERIN MALONE : : | |
|       *Defendants.* : | |

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendants' Motion for Partial Summary Judgment Regarding Plaintiff's Claims for Solatium and Loss if Filial Consortium, was served to the following:

Jonathan S. Ziss, Esquire
Silverman Bergheim & Vogel
2 Penn Center Plaza, Suite 910
Philadelphia, PA 19102
(Via Hand Delivery)

Peter C. Grenier, Esquire
BODE & GRENIER, L.L.P.
1150 Connecticut Ave., N.W.
Ninth Floor
Washington, D.C. 20036
(Via Federal Express)

**POWELL, TRACHTMAN, LOGAN CARRLE, BOWMAN & LOMBARDO, P.C.**

_____
Jonathan K. Hollin
Attorney for Defendants

Dated: March 4, 2003

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELIZABETH A. STANTON, Personal Representative of JOSEPH H. SANTARLASCI, III, Deceased, and Administrator of the Estate of JOSEPH H. SANTARLASCI, III<br>        *Plaintiff*,<br>v.<br><br>LAFAYETTE COLLEGE and ERIN MALONE<br>        *Defendants*. | CIVIL ACTION<br><br>NO. 02 CV 4779 |

### ***ORDER***

AND NOW this ___ day of _____, 2003, upon consideration of Defendants' Motion for Partial Summary Judgment Regarding Plaintiff's Claims for Solatium and Loss of Filial Consortium, it is hereby ORDERED that Defendants' Motion is GRANTED.

Plaintiff's Wrongful Death claims for solatium and loss of filial consortium (i.e., for the loss of "solace, society and companionship, as well as the comfort, guidance, kindly offices and advice" of the Decedent) are hereby DISMISSED.

BY THE COURT:

_____
J.