IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELIZABETH A. STANTON, Personal Representative of JOSEPH H. SANTARLASCI, III, Deceased, and Administrator of the Estate of JOSEPH H. SANTARLASCI, III | : : : : : : | CIVIL ACTION |
| *Plaintiff,* | : : | NO. 02 CV 4779 |
| v. | : : : | |
| LAFAYETTE COLLEGE and ERIN MALONE | : : | |
| *Defendant.* | : | |

**DEFENDANT LAFAYETTE COLLEGE'S MOTION
TO OVERRULE OBJECTIONS AND COMPEL FULL AND COMPLETE
ANSWERS TO INTERROGATORIES DIRECTED TO PLAINTIFF (SECOND SET)**

Defendant Lafayette College hereby moves for an Order overruling Plaintiff's objections to Lafayette College's Interrogatories Directed to Plaintiff (Second Set) and compelling full and complete answers and in support thereof avers as follows:

1. On or about July 18, 2002, Plaintiff Elizabeth Stanton ("Plaintiff") initiated this action by filing a Complaint alleging claims of wrongful death and survival based upon the death of Joseph Santarlasci, III (the "Decedent") at Defendant Lafayette College's swimming facility, the Ruef Natatorium on December 2, 2001 while defendant Erin Malone, an American Red Cross certified lifeguard was on duty.

2. Plaintiff contends that the Decedent, who was 26 years old, was performing "breath holding exercises" in the lap pool at Lafayette College (i.e., swimming laps underwater) when he passed out and drowned. In essence Plaintiff contends that the Decedent who

was swimming laps underwater was not pulled out quickly enough after he passed out from intentionally hyperventilating and holding his breath too long.

3. In her Complaint Plaintiff avers that upon information and belief the Decedent was unconscious at the bottom of the pool "for as long as ten minutes" before he was noticed and pulled out. (Complaint, ¶68).

4. Plaintiff generally avers in her Complaint that she is seeking damages "in excess of $75,000." (Complaint, ¶2).

5. On or about November 12, 2002, Plaintiff served her Initial Disclosures pursuant to Fed.R.Civ.P. 26(a). In response to Fed.R.Civ.P. 26(a)(1)(C) which requires a plaintiff to quantify its damages, Plaintiff stated "[t]o be provided."

6. In her Initial Disclosures Plaintiff also identified Jerome H. Modell, M.D. ("Modell") as an expert witness and stated that Modell's report as required by Fed.R.Civ.P. 26(a)(2) would be provided. Modell resides in Florida.

7. On or about January 14, 2003, Plaintiff provided Lafayette College with Modell's two page expert report pursuant to Fed.R.Civ.P. 26(a)(2). A true and correct copy of Mr. Modell's report is attached hereto as Exhibit "A."

8. In his report Modell offers an opinion that the Decedent was underwater from the onset of submersion to rescue for "at least 5 minutes and, more likely 10 minutes" and regarding the Decedent's probability of survival had he been removed from the water sooner than Plaintiff contends that he was. Modell sets forth his conclusions in a single paragraph of his report without setting forth the basis for or data or other information he considered in forming them as required by Fed.R.Civ.P. 26(a)(2)(B). In his report Modell states:

*It should be noted that if the victim had been rescued within three minutes of the onset of submersion, within reasonable medical probability, with appropriate rescue and resuscitation techniques, he would have regained spontaneous cardiac activity and, likely, would have survived.  Furthermore, if he had been removed from the water within 1 ½ minutes, it is unlikely that he would have aspirated water and he, therefore, would have made an immediate recovery at poolside.  If he was removed and appropriate resuscitative techniques were applied between three and five minutes of the onset of submersion, I would have expected his heartbeat to return.  His previous practice and ability to prolong his breath-holding breaking point would have determined the neurologic outcome.  However, it is noted that trained divers, e.g. the sponge divers of North Korea, have been known to have breath-held for a least four minutes without sustaining a cardiac and respiratory arrest.*

Modell then concludes/opines as follows:

*In conclusion, the cause of death of Mr. Santarlasci was drowning.  Within reasonable medical probability, the time from onset of submersion to rescue was, at least, five minutes and, more likely ten minutes.  Had he been rescued within three minutes, within reasonable medical probability, he would have survived without residual.  If he had been rescued within five minutes, although the probability of his surviving without neurologic damage would be less, it would be substantial.*

Modell then generally states that:

*The basis for all opinions expressed in this report can be found in the various manuscripts listed in the author's bibliography which is attached.*

Modell then attaches a 46 page Bibliography listing over 450 "manuscripts."

9. On January 22, 2003, Lafayette College served Plaintiff with its Interrogatories Directed to Plaintiff (Second Set) (hereinafter "Interrogatories").  A true and correct copy of the Interrogatories is attached hereto as Exhibit "B."

10. Interrogatory No. 1 asked the following:

With respect to any damages being sought under the Wrongful Death Statute, 42 Pa.C.S. §8301 (i.e., Counts I through VI of your Complaint) identify, as defined above, the person or persons whom you contend are entitled to said damages and, with respect to each such person

identified, the amount of damages claimed and the basis therefor. Be sure to identify, as defined above, in your answer, any documents, as defined above, which support, relate or refer to the claimed damages or the basis therefor.

11.    Interrogatory No. 2 asked the following:

With respect to the expert report of Jerome Modell prepared in this case for your attorney (STANTON 00730 to STANTON 00732), state, as defined above, the basis for the following statements contained in said report, being sure to include in your answer the identity, as defined above, of any literature and/or medical treatises, if any, on which the statements are based or which you or Dr. Modell contend support said statements:

    (a)    "If the victim had been rescued within three minutes of the onset of submersion, within reasonable medical probability, with appropriate rescue and resuscitation techniques, he would have regained spontaneous cardiac activity;" (STANTON 00730)

    (b)    "If he was removed and appropriate resuscitative techniques were applied between three and five minutes of the onset of submersion, I would have expected his heartbeat to return;" (STANTON (00730)

    (c)    Had Mr. Santarlasci been "removed from the water within 1 ½ minutes, it is unlikely that he would have aspirated water." (STANTON 00730)

12.    On or about February 24, 2003, Plaintiff served her Answers to the Interrogatories (hereinafter "Answer"). A true and correct copy of the Answer is attached hereto as Exhibit "C."

13.    In response to Interrogatory No. 1 Plaintiff stated:

Objection. This Interrogatory is beyond the scope of permissible discovery pursuant to Fed.R.Civ.P. 26(b), in that it calls for a legal conclusion. Without waiving that objection, Plaintiff states that the persons entitled to said damages here are:

Joseph H. Santarlasci, Jr.
2210 Wyoming Avenue, NW
Washington, D.C. 20008

Patricia Sanders
9701 Gates Bluff Drive

Chesterfield, VA 23932

>    The general damages available under the statute are not subject to quantification at this stage of the litigation. Plaintiff will supplement this Answer regarding special damages upon receipt of the necessary data.

14. In response to subparts (a)-(c) of Interrogatory No. 2 Plaintiff stated:

    > Objection. This Interrogatory seeks information beyond the scope of Fed.R.Civ.P. 26(b), in that it seeks expert testimony best provided by an expert such as Jerome Modell, M.D.. Without waiving that objection, or any of the General Objections, Plaintiff states that these are matters about which she has no knowledge.

15. On February 27, 2003, Lafayette College's counsel wrote to counsel for Plaintiff and advised that the objections were improper as the information requested was that which should have already been included as part of Plaintiff's initial disclosures pursuant to Rule 26(a)(2)(B) (i.e. the basis and reasons for the expert's opinions). Counsel also stated that he could not understand why Plaintiff was unable to quantify the damages being sought "at this stage of the litigation" given that whatever information she needs in order to do so is wholly within her control. Lafayette College's counsel asked Plaintiff's counsel to advise as to whether Plaintiff would supplement the responses contained in her Answer. A true and correct copy of the February 27, 2003 letter is attached hereto as Exhibit "D."

16. On February 28, 2003, in the course of a conversation with counsel for Plaintiff regarding another issue in the case, counsel for Lafayette College asked again whether Plaintiff would be supplementing her Answer with substantive responses.

17. Plaintiff's counsel, Anne R. Noble replied that "she had not dealt with the file for two days and would have to get back to him on Monday."

18. On February 28, 2003, counsel for Lafayette College also forwarded a letter to Plaintiff's counsel in Washington, D.C., Peter C. Grenier, advising that he was still awaiting a response to his February 27, 2003 letter requesting substantive answers to Interrogatory Nos. 1 and 2. A true and correct copy of the February 28, 2003 letter is attached hereto as Exhibit "E."

19. On February 28, 2003, Plaintiff's counsel advised that he would respond to Lafayette College's request for substantive answers early the next week. A true and correct copy of Plaintiff's counsel's letter of February 28, 2003 is attached hereto as Exhibit "F."

20. Lafayette College has not received a response to its letter or phone inquiry and no substantive answers have been provided in supplementation to Plaintiff's responses to Interrogatory Nos. 1 and 2.

21. Pursuant to Fed.R.Civ.P. 26(a)(1)(C) Plaintiff must provide "computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered."

22. Plaintiff has failed to comply with this Rule contending that she is unable to quantify her damages at this stage. The discovery deadline for this matter is March 31, 2003. There is no reason why Plaintiff has not compiled the information needed and calculated her damages *at this stage in the proceedings.* Plaintiff's promises to supply the damages calculation at some later date is insufficient. Given the discovery deadline Lafayette College will be unable to conduct any discovery to challenge or otherwise test Plaintiff's

damage claim before trial.

23. Pursuant to Fed.R.Civ.P. 26(a)(2)(B), the written report of any expert who is retained or specially employed to provide expert testimony in the case "shall contain a complete statement of all opinions to be expressed *and the basis and reasons therefor*" and "the data or other information considered by the witness in forming the opinions." (Emphasis added).

24. Modell's report fails to comply with Fed.R.Civ.P. 26(a)(2)(B) as it fails to set forth the basis for his general conclusions regarding the Decedent's chances of survival depending on the length of time he was unconscious underwater and his conclusion as to how long the Decedent was unconscious underwater.

25. Modell's opinions are critical to Plaintiff's case and are the only basis for the allegation that the Decedent was unconscious underwater for 5-10 minutes. Lafayette College is entitled to receive all of the information set forth in Fed.R.Civ.P. 26(a)(2)(B) from Modell.

26. The fact that Plaintiff herself does not possess the knowledge to answer Interrogatory No. 2 is not a basis upon which to refuse to answer when the information requested should have been set forth in her expert's report in the first place. Surely Plaintiff does not contend that her expert cannot provide her with the basis for his opinions.

27. Modell's general reference to the over 450 publications on the Bibliography attached to his report is absurd. Lafayette College should not have to wade through thousands of pages of documents most of which are very difficult to obtain and the majority of which will turn out to be irrelevant, in order to find the few, if any, on which Modell actually

based his opinion or which he now believes support his opinions. Either Modell has a basis for his opinions or he does not. In either case Lafayette College is entitled to know the answer. Modell cannot bury the lack of support for his opinions by generally referring to unidentified passages which may or may not be found somewhere within the hundreds of miscellaneous publications he lists.

28. Lafayette College seeks an Order from this Court overruling Plaintiff's objections and directing her to comply with Fed.R.Civ.P. 26(a)(2)(B) and 26(a)(1)(C) by providing full and complete answers to Interrogatory Nos. 1 and 2.

WHEREFORE, Lafayette College requests that this Court grant its Motion and enter the Order attached hereto.

POWELL, TRACHTMAN, LOGAN, CARRLE,
BOWMAN & LOMBARDO, P.C.

Dated: March 6, 2003         By:_____
                                Jonathan K. Hollin
                                Attorney I.D. No. 36660
                                Mary J. Pedersen
                                Attorney I.D. No. 80552
                                Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELIZABETH A. STANTON, Personal Representative of JOSEPH H. SANTARLASCI, III, Deceased, and Administrator of the Estate of JOSEPH H. SANTARLASCI, III | : : : : : : | CIVIL ACTION |
| *Plaintiff,* | : : | NO. 02 CV 4779 |
| v. | : : | |
| LAFAYETTE COLLEGE and ERIN MALONE | : : | |
| *Defendant.* | : | |

## **ORDER**

AND NOW, this ____ day of _____, 2003, upon consideration of Defendant Lafayette College's Motion to Overrule Objections and Compel Full and Complete Answers to Interrogatories Directed to Plaintiff (Second Set), and the response thereto, if any, it is hereby ORDERED that the Motion is GRANTED.

Plaintiff shall provide full and complete answers, without objection, to Lafayette College's Interrogatories Directed to Plaintiff (Second Set) Nos. 1 and 2 within ten (10) days of the date of this Order or suffer sanctions upon application to the Court.

BY THE COURT

_____
J.

KOP:244246v1 4554-01

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELIZABETH A. STANTON, Personal Representative of JOSEPH H. SANTARLASCI, III, Deceased, and Administrator of the Estate of JOSEPH H. SANTARLASCI, III | : : : : : : | CIVIL ACTION |
| *Plaintiff,* | : : | NO. 02 CV 4779 |
| v. | : : | |
| LAFAYETTE COLLEGE and ERIN MALONE | : : : | |
| *Defendant.* | : | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Defendant Lafayette College's Motion to Overrule Objections and Compel Full and Complete Answers to Interrogatories Directed to Plaintiff (Second Set) was served via first class mail, postage prepaid upon the following:

Jonathan S. Ziss, Esquire
Silverman Bergheim & Vogel
2 Penn Center Plaza, Suite 910
Philadelphia, PA 19102

Peter C. Grenier, Esquire
Bode & Grenier, L.L.P.
1150 Connecticut Ave., N.W.
Ninth Floor
Washington, D.C. 20036

**POWELL, TRACHTMAN, LOGAN, CARRLE, BOWMAN & LOMBARDO, P.C.**

Date: March 6, 2003

Jonathan K. Hollin
Mary J. Pedersen
Attorney for Defendants

KOP:244246v1 4554-01