IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELIZABETH A. STANTON, Personal Representative of JOSEPH H. SANTARLASCI, III, Deceased, and Administrator of the Estate of JOSEPH H. SANTARLASCI, III | : : : : : : | CIVIL ACTION |
| *Plaintiff,* | : : | NO. 02 CV 4779 |
| v. | : : | |
| LAFAYETTE COLLEGE and ERIN MALONE | : : | |
| *Defendant.* | : | |

**MEMORANDUM OF LAW IN SUPPORT
OF DEFENDANT LAFAYETTE COLLEGE'S MOTION TO
OVERRULE OBJECTIONS AND COMPEL FULL AND COMPLETE
ANSWERS TO INTERROGATORIES DIRECTED TO PLAINTIFF (SECOND SET)**

**I.     INTRODUCTION**

This is a wrongful death and survival action arising out of the death of 26 year old Joseph H. Santarlasci, III (the "Decedent"). Plaintiff alleges that the Decedent drowned because he was not rescued quickly enough by Defendant Lafayette College's lifeguard after he passed out as a result of intentionally hyperventilating and swimming laps underwater.

Lafayette College served Plaintiff with Defendants' Interrogatories Directed to Plaintiff (Second Set). Interrogatory No. 1 asked Plaintiff to set forth the amount of damages she was claiming for each person entitled to recover damages under the Wrongful Death Statute, 42 Pa.C.S. §8301. Interrogatory No. 2 asked Plaintiff to set forth the basis for the opinions asserted by her expert Jerome H. Modell, M.D. ("Modell"), who has opined, without basis, that the

Decedent was submerged for at least five and more likely ten minutes before rescue, as the information was not contained in Modell's expert report.

Plaintiff objected to Interrogatory No. 1 and then responded that the "general damages available under the statute are not subject to quantification at this stage of the litigation. Plaintiff will supplement this Answer regarding special damages upon receipt of the necessary data."

Plaintiff also objected to Interrogatory No. 2 contending that it sought information "best provided by an expert such as Jerome Modell, M.D." Plaintiff then added that she has no knowledge about such matters.

It appears that the parties are in agreement that the information requested in Interrogatory No. 2 is that which is best provided by Modell. It is in fact information that should have been provided by Modell without the need for the Interrogatories pursuant to Fed.R.Civ.P. 26(a)(2)(B). Further, the information requested in Interrogatory No. 1 should have been provided in Plaintiff's Initial Disclosures pursuant to Fed.R.Civ.P. 26(a)(1)(C). Lafayette College seeks an Order from this Court directing Plaintiff to provide full and complete answers to Interrogatory Nos. 1 and 2.

## II.   STATEMENT OF FACTS

Lafayette College incorporates the facts set forth in its Motion which is incorporated herein as if set forth at length.

## III.   ARGUMENT

"'The Supreme Court of the United States stated that the purpose of discovery is to "make a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent.'" Uresil Corporation v. Cook Group, Inc., 135

F.R.D. 168 (N.D. Ill. 1991) citing <u>United States v. Procter & Gambel Co.</u>, 356 U.S. 677, 78 S.Ct. 983, 2 L.Ed. 2d 1077 (1958). Because Plaintiff has failed to comply with Fed.R.Civ.P. 26 and provide crucial information in her Initial Disclosures, Lafayette College has requested that Plaintiff do so through answers to Interrogatories. Plaintiff has refused to do so voluntarily.

### Interrogatory No. 1 - Wrongful Death Damages

Lafayette College's Interrogatory No. 1 asked Plaintiff to set forth the amount of wrongful death damages being claimed in this litigation. Pursuant to Fed.R.Civ.P. 26(a)(1)(C) Plaintiff must provide "computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered." Plaintiff failed to provide this information in her Initial Disclosures as required by Fed.R.Civ.P. 26(a)(1)(C).

Plaintiff's response to Interrogatory No. 1 that she has not yet compiled and calculated this information and will provide it at some future date is insufficient. The discovery deadline for this matter is March 31, 2003. There is no reason why Plaintiff could not have calculated her damages *at this stage in the proceedings.* Assuming Plaintiff eventually comes up with a damage figure, given the discovery deadline, Lafayette College will be unable to conduct any discovery to challenge or otherwise test Plaintiff's damage claim before trial. Lafayette College is prejudiced by Plaintiff's refusal to timely respond to its Interrogatory and Plaintiff's failure to comply with Fed.R.Civ.P. 26(a)(1)(C). Plaintiff should be required to provide a full and complete answer to Interrogatory No. 1.

**Interrogatory No. 2 - Basis for Expert Opinion**

Pursuant to Fed.R.Civ.P. 26(a)(2)(B), the written report of any expert who is retained or specially employed to provide expert testimony in the case "shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor" and "the data or other information considered by the witness in forming the opinions." The grounds or basis for an expert's opinion means the reasons or rationale behind the opinions and not merely a recitation of documents or general statements of the expert's intended testimony. See, Uresil Corporation v. Cook Group, Inc., 135 F.R.D. 168, 172 (N.D. Ill. 1991).

Modell's report fails to comply with Fed.R.Civ.P. 26(a)(2)(B) as if fails to set forth the *basis* for his general conclusion regarding the Decedent's chances of survival depending on the length of time he was unconscious underwater and his conclusion as to how long the Decedent was unconscious underwater. In his report Modell states:

> *It should be noted that if the victim had been rescued within three minutes of the onset of submersion, within reasonable medical probability, with appropriate rescue and resuscitation techniques, he would have regained spontaneous cardiac activity and, likely, would have survived. Furthermore, if he had been removed from the water within 1 ½ minutes, it is unlikely that he would have aspirated water and he, therefore, would have made an immediate recovery at poolside. If he was removed and appropriate resuscitative techniques were applied between three and five minutes of the onset of submersion, I would have expected his heartbeat to return. His previous practice and ability to prolong his breath-holding breaking point would have determined the neurologic outcome. However, it is noted that trained divers, e.g. the sponge divers of North Korea, have been known to have breath-held for a least four minutes without sustaining a cardiac and respiratory arrest.*

Modell then concludes/opines as follows:

> *In conclusion, the cause of death of Mr. Santarlasci was drowning. Within reasonable medical probability, the time from onset of submersion to rescue was, at least, five minutes and, more likely ten minutes. Had he been rescued within*

*three minutes, within reasonable medical probability, he would have survived without residual. If he had been rescued within five minutes, although the probability of his surviving without neurologic damage would be less, it would be substantial.*

Modell then generally states that:

*The basis for all opinions expressed in this report can be found in the various manuscripts listed in the author's bibliography which is attached.*

Modell then attaches a 46 page Bibliography listing over 450 "manuscripts."[1]

---

[1] Lafayette College previously requested in its Request for Production of Document Directed to Plaintiff (Second Set), No. 18 that Plaintiff produce copies of all publications by each expert whom she expects to testify at trial in this case that relate to the subject matter of such expert's anticipated testimony in this case. In response to this Request Plaintiff answered:

> Objection. Plaintiff objects to this Request on grounds that it is premature and unduly burdensome. Plaintiff already has provided to Defendant Lafayette College lists of publications authored by some of Plaintiff's experts. Plaintiff further objects to this Request on grounds that it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving those objections, or any of the General Objections, each of which is specifically incorporated as if fully set forth herein, Plaintiff further states that, to the extent that Plaintiff has responsive documents in her possession, custody and control, such documents already have been provided to Defendant Lafayette College. See, e.g., First Response at response to request 7, as well as the documents referenced therein and attached thereto.

In response to Lafayette College's Request for Production of Documents (First Set) No. 7 which asked Plaintiff to produce the reports of any experts she intends to call at the trial of this matter, Plaintiff answered:

> Objection. This Request for Production is vague and overbroad. Without waiving those objections, or any of the General Objections, each of which is specifically incorporated as if fully set forth herein, Plaintiff will provide copies of reports prepared by experts for use in the trial of this matter as they become available to her. The reports will be separately produced.

In short Plaintiff produced Modell's expert report but not the Modell articles that relate to the subject matter of the report as requested by Request No. 18 of Lafayette College's Request for Production Directed to Plaintiff (Second Set).

Lafayette College's Interrogatory No. 2 sought the information Plaintiff was required to provide under Fed.R.Civ.P. 26(a)(2)(B) and therefore Plaintiff's objection and subsequent answer that she does not have knowledge about the matters set forth in the Interrogatory is improper.

Modell's opinions are critical to Plaintiff's case and are the only basis for the allegation that the Decedent was unconscious underwater for 5-10 minutes before rescue efforts began. Lafayette College is entitled to receive all of the information set forth in Fed.R.Civ.P. 26(a)(2)(B) from Modell. Modell's general reference to the over 450 publications on the Bibliography attached to his report is absurd. Lafayette College should not have to wade through thousands of pages of documents most of which are very difficult to obtain and the majority of which will turn out to be irrelevant, in order to find the few, if any, on which Modell actually based his opinion or which he now believes support his opinions. Either Modell has a basis for his opinions or he does not. In either case Lafayette College is entitled to know the answer. Modell cannot bury the lack of support for his opinions by generally referring to unidentified passages which may or may not be found somewhere within the hundreds of miscellaneous publications he lists.

It is Plaintiff's failure to conform her expert's report to the requirements of the Federal Rules which has necessitated Lafayette College's Interrogatory No. 2. The fact that Plaintiff herself does not possess the knowledge to answer Interrogatory No. 2 is not a basis upon which to refuse to answer when the information requested should have been set forth in her expert's report in the first place. Accordingly, pursuant to Fed.R.Civ.P. 26(a)(2)(B), Plaintiff should be directed to provide a full and complete answer to Interrogatory No. 2.

## IV. CONCLUSION

For the foregoing reasons and those set forth in Lafayette College's Motion, the Court should grant the Motion and direct Plaintiff to provide full and complete answers, without objection, to Defendants' Interrogatories Directed to Plaintiff (Second Set) Nos. 1 and 2.

                                                     **POWELL, TRACHTMAN, LOGAN, CARRLE,**
                                                        **BOWMAN & LOMBARDO, P.C.**

Dated: March 6, 2003                     By:_____
                                                         Jonathan K. Hollin
                                                         Attorney I.D. No. 36660
                                                         Mary J. Pedersen
                                                          Attorney I.D. No. 80552
                                                         Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELIZABETH A. STANTON, Personal Representative of JOSEPH H. SANTARLASCI, III, Deceased, and Administrator of the Estate of JOSEPH H. SANTARLASCI, III | : : : : : : | CIVIL ACTION |
| *Plaintiff,* | : : | NO. 02 CV 4779 |
| v. | : : | |
| LAFAYETTE COLLEGE and ERIN MALONE | : : | |
| *Defendant.* | : | |

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Memorandum of Law in Support of Defendant Lafayette College's Motion to Overrule Objections and Compel Full and Complete Answers to Interrogatories Directed to Plaintiff (Second Set) was served via first class mail, postage prepaid upon the following:

Jonathan S. Ziss, Esquire
Silverman Bergheim & Vogel
2 Penn Center Plaza, Suite 910
Philadelphia, PA 19102

Peter C. Grenier, Esquire
Bode & Grenier, L.L.P.
1150 Connecticut Ave., N.W.
Ninth Floor
Washington, D.C. 20036

**POWELL, TRACHTMAN, LOGAN, CARRLE, BOWMAN & LOMBARDO, P.C.**

Date: March 6, 2003

Jonathan K. Hollin
Mary J. Pedersen
Attorney for Defendants

KOP:244321v1 4554-01