IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FILED MAR 1 4 2003

ELIZABETH A. STANTON,  )
Personal Representative of  )
JOSEPH H. SANTARLASCI, III,  )
Deceased, and Administrator of the  )
Estate of JOSEPH H. SANTARLASCI, III,  )
)
    Plaintiff,  )
)
v.  ) Civil Action No. 02 CV 4779
)
LAFAYETTE COLLEGE, *et al.*,  )
)
    Defendants.  )

**PRAECIPE TO ATTACH OMITTED PAGE OF PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HER OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR FAILURE OF PLAINTIFF TO ACT IN THE CAPACITY OF PERSONAL REPRESENTATIVE, OR IN THE ALTERNATIVE, TO COMPEL PLAINTIFF TO CONFIRM THAT THE WRONGFUL DEATH CLAIMS ARE BROUGHT ON BEHALF OF BOTH STATUTORY BENEFICIARIES**

TO THE CLERK:

    Kindly attach to the above referenced document page two attached hereto. This page was inadvertently omitted from plaintiff's Memorandum of Points and Authorities in Support of Her Opposition to Defendants' Motion to Dismiss for Failure of Plaintiff to Act in the Capacity of Personal Representative, or in the Alternative, to Compel Plaintiff to Confirm That the Wrongful Death Claims Are Brought on Behalf of Both Statutory

Beneficiaries which was filed with the Clerk's Office on March 13, 2003.

>Respectfully submitted,
>
>*Peter C Grenier* (signature)
>
>Peter C. Grenier (admitted *pro hac vice*)
>Anne R. Noble (admitted *pro hac vice*)
>BODE & GRENIER, LLP
>1150 Connecticut Avenue NW
>9th Floor
>Washington, DC  20036
>Telephone:  (202) 828-4100
>Fax:  (202) 828-4130
>
>-and-
>
>Jonathan S. Ziss, Esquire
>Jonathan A. Cass, Esquire
>SILVERMAN BERNHEIM & VOGEL, P.C.
>Two Penn Center Plaza
>Philadelphia PA  19102
>Telephone: (215) 636-3962
>Fax:  (215) 636-3999
>
>*Counsel for Plaintiff*

Dated:  March 14, 2003

*litem* for the statutory beneficiaries; (3) Defendants are fully aware both that Ms. Stanton is the personal representative in this case <u>chosen by the two statutory beneficiaries</u> and that she represents (and has represented) the statutory beneficiaries in accordance with Pennsylvania law[1]; and (4) Defendants offer not one iota of evidence suggesting either that Plaintiff or undersigned counsel has acted against the interest of any beneficiary or the decedent's estate. In a nutshell, the motion must be denied because there is absolutely no basis on which to grant it.

Additionally, given the motion's utter frivolity, this Court should seriously consider the imposition of monetary sanctions against Defendants and their counsel, jointly and severally, in order to deter future similar conduct. Contemporaneously with the service copy of this opposition, Plaintiff's counsel is notifying Defendants and their counsel of Plaintiff's intention to seek sanctions pursuant to Fed. R. Civ. P. 11(c).

---

[1] Plaintiff is especially concerned with defense counsel's ostensible lack of candor towards this tribunal, and is quite surprised that Defendants have not withdrawn their motion in light of their re-confirmation, at Plaintiff's March 6, 2003, deposition, as to the capacity in which Plaintiff acts in this case. This Court has previously *expressly* found ethical violations by defense counsel – and indeed, Mr. Hollin was *personally* involved in that case as well – sufficient to warrant a complete disqualification of defense counsel from another civil case pending in this Court. *See Inorganic Coatings, Inc. v. Falberg*, 926 F. Supp. 517 (E.D. Pa. 1995).

Defense counsel's ostensible propensity to shove aside the rules of ethics is quite disconcerting, and perhaps should be scrutinized by this Court in this case. Indeed, as a result of the March 7, 2003 deposition of Defendant Ms. Malone, an obvious and insurmountable conflict of interest in defense counsel's dual representation of Defendants was made crystal clear. Notwithstanding, and despite undersigned counsel's repeated requests that defense counsel evaluate potential conflicts, they have failed to do so.

2