IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELIZABETH A. STANTON, Personal Representative of JOSEPH H. SANTARLASCI, III, Deceased, and Administrator of the Estate of JOSEPH H. SANTARLASCI, III : : : : : : : : : : : : : | CIVIL ACTION  NO. 02 CV 4779 |
| *Plaintiff,* | |
| v. | |
| LAFAYETTE COLLEGE and ERIN MALONE | |
| *Defendant.* | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT LAFAYETTE COLLEGE'S MOTION FOR PROTECTIVE ORDER PURSUANT TO FED.R.CIV.P. 26(c) AND EMERGENCY MOTION FOR STAY REGARDING THIRD PARTY WITNESS DEPOSITIONS**

**I.  INTRODUCTION**

Defendant Lafayette College seeks a protective order directing that the depositions purportedly scheduled[1] for March 25 and 26, 2003 be cancelled and rescheduled for a date and time convenient to all parties. Lafayette College also seeks an emergency Order staying these depositions, should Plaintiff obtain proper service, until the Motion for Protective Order is decided.

Plaintiff's March 19, 2003 third party Notices of Deposition violate the Federal Rules of Civil Procedure in that Plaintiff failed to give Lafayette College reasonable notice of these

---

[1] Plaintiff's counsel has advised that as of March 19, 2003, two of the witnesses have not been served with their subpoenas. In fact, Plaintiff intends to serve one of the witnesses, who is a student and currently on spring break, on Monday, March 24, 2003 for a deposition for Tuesday March 25, 2003 at 9:30 a.m. thereby giving her less than 24 hours notice and not even affording her time to obtain counsel for her deposition.

depositions as required by Fed.R.Civ.P. 30(b)(1). As such the Notices should be stricken and the depositions cancelled.

Lafayette College is not seeking to prevent these depositions from being taken. Rather, it is merely asking that Plaintiff's counsel comply with the Notice provisions of the Rules and work with Lafayette College's counsel on a mutually convenient date. Rather than proceed in a professional manner, Plaintiff's counsel has advised that he intends to go forward with these depositions regardless of the fact that they were unilaterally scheduled for a date on which Plaintiff's counsel knew Lafayette College could not appear.

Lafayette College seeks an Order staying the depositions pending the disposition of its Motion for Protective Order and an Order directing Plaintiff to consult with Lafayette College's counsel and reschedule the depositions for a date and time convenient to both parties.

## II.    STATEMENT OF FACTS

On or about July 18, 2002, Plaintiff Elizabeth Stanton ("Plaintiff") initiated this action by filing a Complaint alleging claims of wrongful death and survival based upon the death of Joseph Santarlasci at Defendant Lafayette College's swimming facility, the Ruef Natatorium on December 2, 2001 while defendant Erin Malone, an American Red Cross certified lifeguard was on duty. The Complaint contains essentially six counts, Count I (negligence v. Ms. Malone), Count II (respondeat superior v. Lafayette College), Count III (negligence v. Lafayette College), Count IV (negligent employment v. Lafayette College), Count V (premises liability v. Lafayette College) and Count VI (neglience per se). The Complaint then repeats essentially the same claims for the survival action.

Plaintiff contends that Mr. Santarlasci was performing "breath holding exercises" in the

lap pool at Lafayette College when he passed out and drowned. Plaintiff contends that Ms. Malone, the lifeguard on duty, failed to properly perform her duties as a lifeguard in that she, <u>inter alia</u>, failed to wear appropriate clothing, failed to properly monitor the pool area, and failed to adequately react when the decedent was discovered in the water, all of which resulted in Mr. Santarlasci's death. In essence Plaintiff contends that Mr. Santarlasci who was swimming laps underwater was not pulled out quickly enough after he passed out from hyperventilating and holding his breath too long.

In addition to contending that Lafayette College is responsible for Ms. Malone's alleged negligence based on the theory of respondeat superior, Plaintiff contends that Lafayette College was negligent itself. Plaintiff contends the Lafayette College was negligent in, <u>inter alia</u>, permitting its lifeguards to perform duties while seated at a lifeguard table and in inappropriate attire, failing to properly train and supervise its lifeguards and other employees, failing to correct wrongful conduct of its employees, and hiring improperly trained and unqualified lifeguards. Plaintiff also contends that Lafayette College is liable based upon its status as the owner of the property where the accident occurred.

On March 14, 2003 at 6:18 p.m. Plaintiff faxed to Lafayette College's counsel a Notice of Deposition pursuant to Fed.R.Civ.P. 30(b)(6) requesting that Lafayette College produce a designee(s) to testify to 67 separate topics.[2] The Notice of Deposition unilaterally scheduled the

---

[2] Plaintiff's counsel faxed this Notice after 6:00 p.m. to Lafayette College's counsel despite the fact that Lafayette College's counsel was in his Washington D.C. office all day on March 14, 2003 for a deposition. Plaintiff's counsel never mentioned the Notice of Deposition while counsel was at his office. Despite Lafayette College's attempts to work with Plaintiff and reduce the number of and better clarify the topics set forth on the Notice, Plaintiff refuses to make any effort to do so and insists on pursuing the deposition on March 24, 2003. Lafayette College is in the process of preparing a Motion for Protective Order regarding that deposition as well.

deposition for March 24, 2003 thereby giving Lafayette College only 5 business days to find individuals to testify on 67 different topics and adequately prepare them pursuant to its obligations under the Rules.

On March 18, 2003, upon receipt of the corporate designee Notice of Deposition, Lafayette College's counsel wrote to Plaintiff's counsel and advised that he would be in Colorado on March 24-26, 2003 and therefore the deposition would have to be rescheduled. A true and correct copy of the letter of March 18, 2003 is attached hereto as Exhibit "A." Lafayette College's counsel had previously informed Plaintiff's counsel back on March 6, 2003, during the deposition of Plaintiff that he would be out of town at the end of March to take his son on a family ski trip to Colorado. (See Affidavit of Erin L. Ginsberg, Esquire, ¶6, attached hereto as Exhibit "B").

On March 19, 2003, Lafayette College's counsel wrote again to Plaintiff's counsel regarding the corporate designee Notice of Deposition. In his letter Lafayette College's counsel advised Plaintiff's counsel that he had just heard that Plaintiff was in the process of serving two subpoenas for depositions for the next week but Plaintiff had yet to notify him of these depositions or the proposed dates. A true and correct copy of the March 19, 2003 letter is attached hereto as Exhibit "C."

After receiving Lafayette College's counsel's letter requesting to be informed about proposed depositions, at 4:25 p.m. on March 19, Plaintiff's counsel forwarded copies of four third party Notices of Deposition purportedly scheduling these depositions for March 25 and 26, 2003. Despite the previous conversations on **March 6, 2003** and Lafayette College's counsel's letter of **March 18, 2003**, in his letter enclosing the Notices, counsel for Plaintiff denied having notice

prior to March 19, 2003 that Lafayette College's counsel was unavailable on March 24- 26, 2003.[3]  Of course Plaintiff's counsel neglected to explain why he could not have consulted with Lafayette College's counsel prior to scheduling the depositions or why he did not voluntarily notify Lafayette College's counsel that he had or was attempting to serve subpoenas for depositions on March 25 and 26, 2003.  Plaintiff's counsel further advised he intended to proceed with the depositions regardless of whether Lafayette College's counsel could attend or not.  One wonders what would have happened if Lafayette College's counsel had not written to Plaintiff's counsel on March 19, 2003 inquiring about subpoenas he had by chance heard were being served?  Would Plaintiff have even informed Lafayette College about the depositions?

Given Plaintiff's complete refusal to work with Lafayette College on a mutually convenient date for these depositions Lafayette College is forced to file a Motion for Protective Order and seek an immediate stay.  Lafayette College is **not** seeking to prevent these depositions from occurring altogether.  It is only asking that it be given the opportunity to participate in them.  Lafayette College files this Memorandum of Law in Support of its Motion.

### III.    ARGUMENT

---

[3] Plaintiff's counsel suggests that Lafayette Counsel send someone else to cover these key witness depositions.  However, that is not possible nor should Lafayette College be prejudiced by not having its trial counsel attend these depositions.  The only other counsel of record, Bruce Lombardo, Esquire, will be on a pre-paid family vacation from March 24-28, 2003 and thus is not available to attend depositions.  Further, while Lafayette College may have other associate attorneys working on particular aspects of the file, neither is sufficiently familiar with the facts of this matter for purposes of preparing for and attending these depositions.  It must be recognized that none of this would be necessary if Plaintiff would cooperate and work with Lafayette College to reschedule the depositions.

Pursuant to Fed.R.Civ.P. 26(c) upon motion, the court may make any order which justice requires to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense," including "(2) that the discovery may be had only on specified terms and conditions, including a designation of the time or place."  Federal Rule of Civil Procedure 30(b)(1) provides that a party desiring to take the deposition of any person upon oral examination shall give reasonable notice in writing to every other party to the action.   There is no specific definition of what constitutes "reasonable notice" and such a determination depends upon the circumstances of each case. <u>Vardon Golf Company, Inc. v. Supreme Golf Sales, Inc.</u>, 1989 U.S. Dist. Lexis 13183 (N.D. Ill. 1989); see also <u>Vanguard Savings and Loan Association v. Barton M. Banks et al.</u>, 1995 U.S. Dist. Lexis 5725 (E.D. Pa. 1995) (granting motion for stay of depositions pending motion for protective order based upon lack of sufficient notice in scheduling depositions for four and eight days after notice is served).

The third party Notices of Deposition served by Plaintiff at 4:25 p.m. on February 19, 2003 purporting to schedule depositions of four witnesses for March 25 and 26, 2003 violate Fed.R.Cvi.P. 30(b)(1) in that Plaintiff has failed to provide reasonable notice to Lafayette College of the scheduling of these depositions.  Moreover, Plaintiff's conduct in scheduling these depositions without any prior notice to Lafayette College, knowing that trial counsel for Lafayette College was unavailable, and her counsel's complete refusal to discuss rescheduling the depositions for a date when Lafayette College can attend is oppressive and harassing.

In this case Plaintiff provided Lafayette College with only **3** business days notice of the scheduling of the depositions of Daniel Finnegan, Cary Lehman, Jayme MacKinnon and James

Dailey[4]. Such notice is not reasonable. This is not a situation where the identity of these witnesses only came to light recently thus preventing Plaintiff from taking their depositions earlier and consulting with Lafayette College regarding in their scheduling. In fact, Plaintiff has known about these witnesses since December 2001, before she even filed this action.

Immediately after the accident Plaintiff hired a private investigator who was given access to the Public Safety Officer's investigation. Plaintiff obtained copies of the Public Safety Officer's file which contained handwritten statements from Mr. Finnigan, Ms. MacKinnon, Mr. Lehman and a typewritten statement from Mr. Dailey. Indeed said statements are summarized in Plaintiff's investigative report dated January 14, 2002.

Further, Ms. MacKinnon, Mr. Finnigan and Mr. Lehman were identified in Plaintiff's own initial disclosures served on November 12, 2002 as individuals with knowledge about the case. Mr. Dailey was identified as a witness by Lafayette College in its initial disclosures dated October 18, 2002. In addition Lafayette College produced copies of these witnesses statements to Plaintiff back in early February, 2002. Plaintiff chose to wait until discovery was about to close before attempting to schedule these depositions.

Regardless of the lack of a specific definition of "reasonable notice" in the case law, in no way can 3 business days be considered reasonable. This is especially so when Plaintiff was advised prior to service of the Notices of Deposition that counsel for Lafayette College was not available on March 24-26, 2003. Although Plaintiff's counsel denies receiving such notice prior

---

[4] As Plaintiff knows Mr. Dailey is an employee of Lafayette College and was its Director of Aquatics at the time of the accident. As such Mr. Dailey's deposition should be scheduled through Lafayette College's counsel. Lafayette College is willing to produce Mr. Dailey and only asks that it be given reasonable notice and an opportunity to meet and prepare its witness prior to the deposition.

to March 19, 2003 Lafayette College has attached hereto as Exhibit "A" its counsel's letter of March 18, 2003 in which he expressly states he is not available on those dates as he will be in Colorado.  Further, Lafayette College has attached hereto as Exhibit "B" an affidavit from attorney Erin Ginsberg who was present on March 6, 2003 when Lafayette College's counsel told Plaintiff's counsel of his plans to be away at the end of March.

Nevertheless, regardless of whether Plaintiff has acted in bad faith in scheduling depositions on dates she knew Lafayette College was not available, Plaintiff's failure to advise Lafayette College prior to March 19, 2003 of its intent to schedule these depositions, when it knew long before then that it was attempting to serve the subpoenas, is deceptive and improper.[5] Clearly if on March 19, 2003 Plaintiff's counsel could write to counsel for Lafayette College and contend that he had properly served two of the four witnesses with a subpoena, he could also have advised Lafayette College before March 19, 2003 of his intent to schedule these

---

[5] It is anticipated that Plaintiff will contend that Lafayette College has scheduled the deposition of witness Jeff Kip without consulting with Plaintiff beforehand.  Lafayette College's counsel attempted to contact Mr. Kip by telephone numerous times and Mr. Kip refused to respond. At the deposition of Mr. Santarlasci on March 14, 2003 it was made abundantly clear by the deponent that Mr. Kip did not intend to speak to Lafayette College's counsel voluntarily.   At that time it was necessary to subpoena Mr. Kip for his deposition.  On March 18, 2003, Lafayette College's counsel wrote to Plaintiff's counsel and advised that he was attempting to subpoena Mr. Kip for a deposition for March 21, 2003.  (See Exhibit "A").  Lafayette College advised that if the date was inconvenient for Plaintiff *he would be happy to try to reschedule it on a mutually agreeable date*.  Thereafter, on March 19, 2003, Lafayette College's counsel again wrote to Plaintiff's counsel enclosing a Notice of Deposition for Mr. Kip who had since been served and who had contacted Lafayette College's counsel and advised that it would be more convenient for him to be deposed on March 28, 2003.  A true and correct copy of the letter of March 19, 2003 is attached hereto as Exhibit "D."  Lafayette College's counsel advised that if Plaintiff did not intend to call Mr. Kip as a witness the deposition would not have to occur at all.  In response, by letter dated March 19, 2003, Plaintiff's counsel objected to the deposition contending that the subpoena was defective.  A true and correct copy of counsel's letter of March 19, 2003 is attached hereto as Exhibit "E."  Incredibly, Plaintiff's counsel also stated that he advised Mr. Kip, who is not his client, not to appear for the deposition.

depositions.[6] Lafayette College was in Plaintiff's counsel's office on March 14, 2003 for a deposition and no mention was made regarding these depositions. Plaintiff clearly intended to inconvenience Lafayette College to the greatest extent possible by waiting to give it notice of the scheduling of these depositions until the last minute.

It should be noted that Lafayette College is not seeking to prevent these depositions from occurring entirely. All it is seeking is some professional behavior from Plaintiff's counsel in working with it to reschedule the depositions for a date on which it's counsel can be present. It is unbelievable that Plaintiff has forced Lafayette College to go to the length of requesting a Court conference and filing a Motion for Protective Order and for a stay in order to simply reschedule some depositions. Nevertheless that is the position Plaintiff has put Lafayette College in through its refusal to cooperate.

## IV.   CONCLUSION

For the foregoing reasons, Defendant Lafayette College requests that this Court grant its request for a stay and further grant its Motion for Protective Order and direct that the depositions of Daniel Finnigan, Cary Lehman, Jayme MacKinnon and James Dailey scheduled for March 25 and 26, 2003 be cancelled and rescheduled for a date agreed upon by counsel for Lafayette

---

[6] Although Plaintiff's counsel contends that Mr. Finnigan was properly served, Lafayette College has been advised otherwise and does not believe Mr. Finnigan was in fact served at all. Plaintiff has not provided a copy of the return of service for the subpoenas to Mr. Finnigan or Mr. Lehman or even copies of any of the subpoenas. In addition, Plaintiff has not yet served Ms. MacKinnon or Mr. Dailey and their depositions are purportedly scheduled for March 25, 2003 at 9:30 a.m. and March 26, 2003 at 10:00 a.m. Plaintiff indicates that Ms. MacKinnon will not be back from spring break until March 25, 2003. Presumably Plaintiff intends to serve her on that date. As such Plaintiff's subpoenas violate Fed.R.Civ.P. 45(c)(3)(A)(i) and (iv) in that they fail to allow reasonable time for compliance and subject these witnesses to undue burden.

College.

                                    **POWELL, TRACHTMAN, LOGAN, CARRLE, BOWMAN & LOMBARDO, P.C.**

Dated: March         , 2003        By:_____
                                                  Jonathan K. Hollin
                                                  Attorney I.D. No. 36660
                                                  Mary J. Pedersen
                                                  Attorney I.D. No. 80552
                                                  475 Allendale Road, Suite 200
                                                  King of Prussia, PA 19406
                                                  610-354-9700
                                                  *Attorneys for Defendants*

KOP:245716v1 4554-01

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELIZABETH A. STANTON, Personal Representative of JOSEPH H. SANTARLASCI, III, Deceased, and Administrator of the Estate of JOSEPH H. SANTARLASCI, III : *Plaintiff,* : : v. : : LAFAYETTE COLLEGE and ERIN MALONE : *Defendant.* | CIVIL ACTION NO. 02 CV 4779 |

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that true and correct copies of the foregoing Motion for Protective Order and Memorandum of Law in Support thereof were served via first class mail and facsimile upon the following:

Peter C. Grenier, Esquire
Anne R. Noble, Esquire
Bode & Grenier, LLP
Ninth Floor, Connecticut Building
1150 Connecticut Avenue, N.W.
Washington, D.C. 20036-4192

**POWELL, TRACHTMAN, LOGAN, CARRLE, BOWMAN & LOMBARDO, P.C.**

Date: March      , 2003

_____
Jonathan K. Hollin
Mary J. Pedersen
Attorney for Defendants

KOP:245716v1 4554-01