IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELIZABETH A. STANTON, Personal Representative of JOSEPH H. SANTARLASCI, III, Deceased, and Administrator of the Estate of JOSEPH H. SANTARLASCI, III | : : : : : | CIVIL ACTION |
| *Plaintiff,* | : : | NO. 02 CV 4779 |
| v. | : : | |
| LAFAYETTE COLLEGE and ERIN MALONE | : : | |
| *Defendant.* | : | |

### DEFENDANTS' MOTION FOR PROTECTIVE ORDER PURSUANT TO FED.R.CIV.P. 26(c) AND MOTION FOR EMERGENCY STAY PENDING RULING ON PROTECTIVE ORDER

Defendant Lafayette College hereby moves for a Protective Order pursuant to Fed.R.Civ.P. 26(c) with respect to four depositions Plaintiff has unilaterally scheduled for March 25 and 26, 2003. Pursuant to Fed.R.Civ.P. 26(c), defense counsel hereby certifies that he attempted to confer in good faith with Plaintiff's counsel in an effort to resolve the dispute without court action but was unable to do so.

On March 18, 2003, prior to Plaintiff's service of four third party Notices of Deposition[1], defense counsel wrote to Plaintiff's counsel regarding his request for a Rule 30(b)(6) deposition and in that letter he advised that he would be out of town on March 24-26, 2003. (See Exhibit "A" to Lafayette College's Memorandum of Law in Support of this Motion).

On March 19, 2003, Lafayette College's counsel wrote again to Plaintiff's counsel regarding the corporate designee Notice of Deposition. In his letter Lafayette College's counsel advised Plaintiff's counsel that he had just heard that Plaintiff was in the process of serving two

---

[1] For ease of reference Lafayette College has referred to all four of the depositions as third party depositions. However, one witness, James Dailey, is an employee of Lafayette College and was at the time of the accident, Lafayette College's Director of Aquatics. As such Mr. Dailey's deposition should be scheduled through counsel for Lafayette College. Lafayette College is happy to produce Mr. Dailey on a mutually agreeable date and time.

KOP:245713v1 4554-01

subpoenas for depositions for the next week but Plaintiff had yet to notify him of these depositions or the proposed dates. (See Exhibit "C" to Lafayette College's Memorandum of Law). These letters were sent via facsimile and regular mail.

Despite knowing that Lafayette College's counsel could not attend any depositions on March 24-26, 2003, on March 19, 2003 at 4:25 p.m., Plaintiff forwarded four Notices of Deposition scheduling third party depositions for March 25 and 26, 2003. In his letter Plaintiff's counsel informed defense counsel that he intended to proceed with the depositions regardless of Lafayette College's counsel's inability to attend.[2] (See Exhibit "E" to Lafayette College's Memorandum of Law).[3]

Given that Plaintiff was advised prior to serving its Notices of Deposition that Lafayette College's counsel would be out of town on March 24-26, 2003 and given further that the Notices of Deposition were not even forwarded to Lafayette College's counsel until 4:25 p.m. on March 19, 2003, only **three** business days before the first scheduled deposition, the Motion for Protective Order should be granted and the depositions rescheduled for a date and time on which Lafayette College's counsel can appear.

While the Motion for Protective Order is pending, Lafayette College requests that a stay be entered prohibiting the depositions from proceeding as noticed until the Motion for Protective

---

[2] Plaintiff's counsel suggests that Lafayette College send another attorney to cover the depositions. However, the only other attorney of record for Lafayette College, Bruce Lombardo, Esquire, will be out of town from March 24-28, 2003 on a pre-paid family vacation. Further, the other associates working on the file that Plaintiff's counsel mentions in his letter are not sufficiently familiar with the case to participate in these depositions. Lafayette College is entitled to have its trial counsel attend key witness depositions and it should not be prejudiced by Plaintiff's inability to manage her case such that she is forced to attempt to schedule all of her depositions during the final week of discovery. Plaintiff knew about these witnesses before she even filed this lawsuit as they had given statements to the Office of Public Safety and Plaintiff had obtained those records almost immediately after the accident in December 2001.

[3] In his letter Plaintiff's counsel advises that he has not even served subpoenas on two of the witnesses he intends to depose on March 25 and 26, 2003. Therefore, it is not even clear whether these depositions will be able to proceed. Nevertheless, Lafayette College is forced to file this Motion due to Plaintiff's refusal to cooperate and schedule the depositions for a mutually convenient date.

KOP:245713v1 4554-01

Order is decided.

In support of this Motion, Defendant Lafayette College relies upon and incorporates herein by reference its Memorandum of Law and Exhibits attached thereto which is being filed simultaneously herewith.

                                                **POWELL, TRACHTMAN, LOGAN, CARRLE,**
                                                      **BOWMAN & LOMBARDO, P.C.**

Dated: March 20, 2003                By:_____
                                                  Jonathan K. Hollin
                                                  Attorney I.D. No. 36660
                                                  Mary J. Pedersen
                                                  Attorney I.D. No. 80552
                                                  Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELIZABETH A. STANTON, Personal Representative of JOSEPH H. SANTARLASCI, III, Deceased, and Administrator of the Estate of JOSEPH H. SANTARLASCI, III | : : : : : | CIVIL ACTION |
| *Plaintiff,* | : : | NO. 02 CV 4779 |
| v. | : : | |
| LAFAYETTE COLLEGE and ERIN MALONE | : : | |
| *Defendant.* | : | |

## ORDER

AND NOW, this        day of                  , 2003, upon consideration of Defendant Lafayette College's Motion for Protective Order Pursuant to Fed.R.Civ.P. 26(c) and the response thereto, if any, it is hereby ORDERED that the Motion is GRANTED.  The depositions of Jayme MacKinnon, James Dailey, Cary Lehman and Daniel Finnegan scheduled for March 25 and 26, 2003 are cancelled.  Plaintiff shall confer with Defendants and agree on a mutually convenient date and time for the commencement of these depositions which date shall not be later than 30 days from the date of this Order.

BY THE COURT

_____
                              ,J

KOP:245713v1 4554-01

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELIZABETH A. STANTON, Personal Representative of JOSEPH H. SANTARLASCI, III, Deceased, and Administrator of the Estate of JOSEPH H. SANTARLASCI, III : : : : : | CIVIL ACTION |
| *Plaintiff,* : | NO. 02 CV 4779 |
| v. : | |
| LAFAYETTE COLLEGE and ERIN MALONE : : | |
| *Defendant.* : | |

## **ORDER**

AND NOW, this ____ day of _____, 2003, upon consideration of Defendant Lafayette College's Emergency Motion for Stay pending the ruling on its Motion for Protective Order pursuant to Fed.R.Civ.P. 26(c) and the response thereto, if any, it is hereby ORDERED that the Motion is GRANTED. The depositions of Jayme MacKinnon, James Dailey, Cary Lehman and Daniel Finnegan scheduled for March 25 and 26, 2003 are hereby STAYED until further ORDER of this Court.

BY THE COURT

_____
                      ,J

KOP:245713v1 4554-01