**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ELIZABETH A. STANTON, Personal | : | |
| Representative of JOSEPH H. | : | |
| SANTARLASCI, III, Deceased, and | : | CIVIL ACTION |
| Administrator of the Estate of JOSEPH H. | : | |
| SANTARLASCI, III | : | |
| *Plaintiff,* | : | NO. 02 CV 4779 |
| | : | |
| v. | : | |
| | : | |
| LAFAYETTE COLLEGE and ERIN | : | |
| MALONE | : | |
| *Defendant.* | : | |

*DEFENDANTS' MEMORANDUM OF LAW IN RESPONSE TO PLAINTIFF'S*
*OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT*
*REGARDING PLAINTIFF'S CLAIMS FOR SOLATIUM AND FILIAL CONSORTIUM*

## I.    INTRODUCTION

Currently before this Court is Defendants' Motion for Partial Summary Judgment

Regarding Plaintiff's Claims for Solatium and Loss of Filial Consortium.  As more fully stated in

Defendants' Memorandum of Law in Support thereof, previously filed with this Court, the facts

of this case involve the drowning death of Joseph Santarlasci, III, (the "Decedent") on December

2, 2001, in the swimming pool on the campus of Lafayette College ("Lafayette").  At the time,

Defendant Erin Malone ("Malone"), a student at Lafayette and an American Red Cross certified

lifeguard, was the acting lifeguard on duty.

Plaintiff has stated a claim against Defendants Lafayette College and Erin Malone for

wrongful death and survival, and stated in the six wrongful death counts, Counts I through VI,

that "the decedent's beneficiaries were deprived of the solace, society, companionship, comfort,

guidance, kindly offices and advice of the decedent."  (Complaint, pp. 87, 97, 106, 130, 142,

1

154).  The appellate courts of Pennsylvania do <u>not</u> allow recovery for solatium and the loss of

filial consortium.  For that reason, Defendants moved this Court for partial summary judgment as

to Plaintiff's claim for loss of filial consortium and solatium[1].  Plaintiff has since filed a response

opposing partial summary judgment in the form of a memorandum that is laced with accusatory

and unnecessary remarks, yet Plaintiff's response fails to comply with Fed. R. Civ. P. 56(e) in that

Plaintiff rests on the bald allegations of the complaint, which she is not permitted to do, in support

of her claims that the consortium damages can be quantified.[2]  Regardless of Plaintiff's attempts

to distract the Court from the merit of Defendants' motion, Defendants in fact have ample

grounds upon which to assert that the claim for loss of filial consortium is one which the

Decedent's beneficiaries are not legally entitled to recover.

---

[1] Plaintiff makes much ado about Defendants' footnoted reference to solatium damages in Defendants' Memorandum of Law, and state an assumption that Defendants have somehow confused the issue of solatium and filial consortium.  Defendants assure both Plaintiff and the Court that Defendants are fully cognizant of the difference between the two, and that Defendants would have been remiss in not addressing the issue of solatium damages, for no reason other than Plaintiff's own use of the word "solace" in Counts I through VI of the Complaint, as well as Plaintiff's counsel's references, in prior communications with Defendants' counsel, of the substantial solatium damages for which the decedent's family should be compensated.  However, Defendants accept Plaintiff's concession that she has neither pled a claim for solatium, nor seeks damages for solatium, on behalf of the statutory beneficiaries.

[2] Plaintiff failed to comply with Fed. R. Civ. Pro 26(c) by not supplying a computation of the wrongful death damages, dodges the question in interrogatories, and fails to include wrongful death damages in her expert economic reports.

## II.  ARGUMENT

### A.  There Is No Legal Basis For Distinguishing Between Complaints Which Plead Separate Counts of Wrongful Death and Loss of Consortium and Complaints Which State A Claim For Loss of Filial Consortium As An Element of Damages Under a Single Count for Wrongful Death.

Plaintiff asks this Court to recognize a difference between, on the one hand, a complaint which states causes of action for wrongful death and loss of filial consortium in separate counts, and, on the other hand, a complaint which contains a claim for filial consortium as an element of damages in a single count for wrongful death.  (Plaintiff's Memorandum, p.6-8).  Pursuant to Plaintiff's theory of the law,  while the former version of the complaint would result in dismissal of the claim for loss of filial consortium, the latter version would be allowed to progress and the plaintiff would be allowed to recover damages for filial consortium.  Based on this very thin footing, Plaintiff asks this Court to distinguish and therefore disregard the plain holding of the Superior Court of Pennsylvania in Jackson v. Tastykake, 437 Pa.Super. 34, 648 A.2d 1214 (1994).  Plaintiffs would have this Court join in her assumption that the wrongful death and filial consortium claims asserted in Jackson were brought as separate causes of action, and on that basis, asks this Court to disregard Jackson entirely, despite Judge Shapiro having squarely relied on Jackson when deciding this identical issue in Brill v. Benfield, 1995 U.S. Dist. LEXIS 8851 (E.D.Pa. 1995) (finding that loss of filial consortium is not recoverable in a wrongful death action under Pennsylvania law).  While the opinion in Jackson nowhere states that the loss of filial consortium asserted by the plaintiffs was a separate cause of action from the wrongful death claim, it cannot possibly matter if it were.  Jackson plainly holds that *damages for filial*

*consortium arising out of the death of a child are not recoverable*.[3]  Jackson, *supra*, at 40, 648 A.2d at 1217.

This Court repeatedly affirms the fact that the appellate courts of Pennsylvania do not allow recovery for loss of filial consortium, arising out of both injury and death.  In fact, the only cases from this District upon which Plaintiff relies, Pearsall v. Emhart Industries, Inc., 599 F.Supp. 207, 211 (E.D.Pa. 1984) and Schofield v. Piper Aircraft Corp., 1988 U.S. Dist. LEXIS 5327 (E.D.Pa. 1988) are in fact unreliable and unpersuasive for purposes of this motion.  Both cases actually **predate** the Pennsylvania Superior Court's clearest statement on the issue, expressed in 1994 by Jackson, *supra*.  Whether these cases accurately stated the law of Pennsylvania in 1984 and 1988, respectively, which they actually did not, that point is irrelevant because they have been superseded by a Pennsylvania appellate court.  For that reason alone, the 1994 decision in Birchett and the 1995 decision in Brill (actually relying on Jackson) are more persuasive.  Brill v. Benfield, 1995 U.S. Dist. LEXIS 8851 (E.D.Pa. 1995) (loss of filial consortium claim dismissed in wrongful death action as unrecognized by Pennsylvania law); Birchett v. City of Philadelphia, 1994 U.S. Dist. LEXIS 14776 (E.D.Pa. 1994) (loss of filial consortium claim dismissed in wrongful death action as unrecognized by Pennsylvania law).

Finally, both Schofield and Pearsall, in support of their awards of filial consortium, mistakenly rely on precedent that does not actually permit such allowances.  Pearsall said that a

---

[3]  In fact, Ehrman v. Mid-American Waste Systems of Pa., Inc., 39 Pa. D.&C.4th 235 (Allegheny Co. 1998), relied upon by Plaintiff (Plaintiff's Memorandum, p. 9), specifically rejected the offer to so distinguish Jackson, and acknowledged that the Superior Court in Jackson "was addressing the right of a parent to recover the value of the loss of services, aid and companionship in a wrongful death action."  Ehrman at 242.  Ehrman decided not to follow Jackson, a power which the Ehrman Court did not possess, but even Ehrman did not go so far as to contort the law in order to distinguish Jackson on a trite technicality.

jury instruction regarding a mother's right to recover for the lost emotional support of her children was not in error based on <u>Thomas v. Conemaugh Blackline R.R.</u>, 133 F.Supp. 533, 543 (W.D. Pa. 1955) (decided under the Federal Employers' Liability Act of 1908) and <u>Gaydos</u> <u>Domabyl</u>, 301 Pa. 523, 152 A. 549, 552 (Pa. 1930). <u>Pearsall</u>, *supra*, at 211. Those cases both allowed children to recover for, *inter alia*, the care, training, advise, education, guidance, and superintendence of their deceased parent. This harm, unique only to one who, at a tender age of dependency, has lost the opportunity to be properly reared by the services of a parent, is entirely distinct from the purely emotional harm suffered by an adult who has lost an emancipated and independent twenty-six year-old son who resided in another state. In fact, the Supreme Court specifically stated in <u>Gaydos</u> that damages in a death case *do not include the loss of society and companionship of parents and children*. <u>Gaydos</u>, *supra*, at 531, 152 A.2d at 553. <u>Pearsall</u> was entirely mistaken in assuming that the loss the services that a parent provides in the rearing of a child is the equivalent of the emotional harm suffered by a parent who loses a child, as <u>Gaydos</u> specifically demonstrates that the two are entirely distinct.

The <u>Schofield</u> court made the same error of reliance on precedent. That Court relied on only one Pennsylvania authority, <u>Slaseman v. Myers</u>, 309 Pa.Super. 537, 455 A.2d 1213, 1220 (1983)(wrongful death and survival claims arising out of death of husband/father). <u>Schofield</u>, *supra*, at *4. Interestingly, <u>Slaseman</u> quite literally does not stand for the proposition on which <u>Schofield</u> relied. <u>Slaseman</u> states:

> Under the wrongful death act the widow or family is entitled, in addition to costs, to compensation for the loss of the contributions decedent would have made for such items as shelter, food, clothing, medical care, education, entertainment, gifts and recreation. The *widow* is also entitled to the pecuniary value of the services, society and comfort she would have received from the decedent.

<u>Slaseman</u>, supra, at 550, 455 A.2d at 1220 (emphasis added).

In so stating, the <u>Slaseman</u> Court actually singled-out the widow from the remaining members of the family as being the only one entitled to consortium damages. The statement is entirely consistent with the law of Pennsylvania, which recognizes a cause of action for loss of spousal consortium, and in fact, limits recovery for consortium to spouses. <u>Jackson</u>, *supra*, at 39, 648 A.2d at 1217. The <u>Schofield</u> Court was mistaken in its reliance on <u>Slaseman</u>, as it did not provide <u>Schofield</u> with the authority to broaden the scope of recoverable damages under the Wrongful Death Act.

Lastly, the holdings of <u>Schofield</u> and <u>Pearsall</u> contravene the mandate that the wrongful death statute, which creates an action unrecognized by common law, must be narrowly construed. *See* <u>Sunderland v. R.A. Barlow Homebuilders</u>, 2002 Pa.Super. 16, *18, 791 A.2d 384, 390 (2002) *citing* <u>Hodge v. Loveland</u>, 456 Pa.Super. 188, 193, 690 A.2d 243, 245-46 (1997); *accord* 1 Pa.C.S. § 1928 (legislative acts adopted prior to May, 1937 that are in derogation of the common law must be strictly construed).

**B.    There Is No Appellate or Statutory Authority Allowing for the Quantification of Loss of Filial Consortium As A Pecuniary Loss That Would Be Recoverable Under The Wrongful Death Act.**

Plaintiff attempts to salvage her claim for filial consortium damages by stating that they are recoverable as a pecuniary loss. There is absolutely no statutory or appellate authority which allows a party to quantify the emotional harm of lost consortium. In fact, Merriam-Webster Dictionary defines "pecuniary" as (1) consisting of or measured in money; and (2) of or relating to money. It goes without saying that the harm of lost filial consortium is not consisting of or measured in money, nor is it of or relating to money, as consortium is fundamentally non-

economic.  Even Plaintiff acknowledges authority in her memorandum which states that wrongful

death actions are "designed only to deal with the *economic effect* of the decedent's death upon

these specified family members." Frey v. Pennsylvania Electric Co., 607 An2d 796, 798

(Pa.Super. 1987)(emphasis added); (Plaintiff's Memorandum, p.5).

        The only source upon which Plaintiff can rely for the assertion that consortium damages

are recoverable if quantifies as pecuniary are two Pennsylvania trial court decisions, Wynkoop v.

Luke, 43 Pa.. D.&C.4th 16 (Armstrong Co. 1999)(overruling preliminary objections) and Ehrman

v. Mid-American Waste Systems, Inc., 39 Pa. D.&C.4th 235 (Allegheny Co. 1998), neither of

which state the law of Pennsylvania to be followed by the Federal District Courts where there is

clear appellate precedent stating the contrary.  In fact, the Court in Ehrman has been specifically

singled out by its contemporaries in other Pennsylvania trial courts as having acted contrary to

appellate authority, and they refused to follow it.  *See* Estate of Mathews v. Township of

Millcreek, 45 Pa. D.&C.4th 376 (Erie Co. 2000) (Demurrer sustained to loss of filial consortium

claim brought by mother arising from death of her son in a motorcycle accident); Pawlack v.

Wharton Township, 44 Pa. D.&C.4th 189 (Fayette Co. 1999) (Court struck parents' claim for

comfort, aid and society of child killed in car crash);  Chang v. Camelback Ski Corp, 43 Pa.

D.&C.4th 81 (Monroe Co. 1999) (finding the Ehrman decision unpersuasive).  While Wynkoop

recognized that "pecuniary loss has been defined to be a destruction of a reasonable pecuniary

advantage from the deceased," *citing* Gaydos, *supra*, at 530, 152 A. at 552, Wynkoop asserted

that its holding "does not have the effect of recognizing a cause of action for loss of filial

consortium." Wynkoop, *surpa*, at 19-20.  The Court then stated, without appropriate authority,

that maybe if there was a "reasonable expectation of a pecuniary advantage" from the child's

comfort and society rather than merely an affectional loss, there could possibly be recovery.   In

so finding, Wynkoop, like Ehrman, acted without proper appellate authority.  In light of the fact

that there is clear appellate precedent that renders the Ehrman and Wynkoop decisions as

anomalies, they are simply not persuasive on this issue.

Moreover, Defendants are baffled by Plaintiff's attempt to inform this Court that she is

entitled to recovery of the pecuniary value of something that she plainly refuses to quantify.  As of

the filing of this memorandum, Plaintiff has failed to inform Defendants' of the calculation for

wrongful death damages that she is claiming.  If Plaintiff is so insistent that these emotional

damages are quantifiable, it's high time she provided a calculation of these damages.  Instead, she

attaches no supporting documentation of her claims that the filial consortium damages in this case,

or any wrongful death damages for that matter, can be quantified, and in so doing she violates

Fed. R. Civ. P. 56(e), which states:

> When a motion for summary judgment is made and supported as provided in this rule,
> *an adverse party may not rest upon the mere allegations* or denials of the adverse
> party's pleadings, *but the adverse party's response,* by affidavits or as otherwise
> provided in this rule, *must set forth specific facts showing that there is a genuine
> issue for trial.*

In fact, Plaintiff attempts to characterize Defendants' motion as one of dismissal instead of one for

summary judgment, and in so doing rests on the allegations of her complaint.  (Plaintiff's

Memorandum, p.10).  Yet again, although absolutely required to do by Rule 56(e), Plaintiff

refuses to take the opportunity to prove to the Plaintiff and the Court that she can somehow

quantify the emotional harm alleged, regardless of the fact that Fed. R. Civ. P. 26(c) commanded

her to do so a long time ago.

III.    **CONCLUSION**

For the foregoing reasons, Plaintiff has clearly stated in Counts I through VI for wrongful death an incognizable claim for relief, and therefore Defendants Lafayette College and Erin Malone respectfully request that this Honorable Court grant Defendants' Motion For Partial Summary Judgment Regarding Plaintiff's Claim for Solatium and Loss of Filial Consortium, and grant such other relief as this Court deems appropriate.


                                        POWELL TRACHTMAN LOGAN CARRLE
                                        BOWMAN & LOMBARDO, P.C.

                                        By:    _____
                                               Jonathan K. Hollin
                                               Attorney I.D. No. 36660
                                               Mary J. Pedersen
                                               Attorney I.D. No. 80552
                                               475 Allendale Road, Suite 200
                                               King of Prussia, PA 19406
                                               Tel:(610) 354-9700
                                               Fax: (610) 354-9760
                                               *Attorneys for Defendants*

Dated: March 21, 2003

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

| | | |
|---|---|---|
| ELIZABETH A. STANTON, Personal | : | |
| Representative of JOSEPH H. | : | |
| SANTARLASCI, III, Deceased, and | : | CIVIL ACTION |
| Administrator of the Estate of JOSEPH H. | : | |
| SANTARLASCI, III | : | |
| *Plaintiff*, | : | NO. 02 CV 4779 |
| v. | : | |
| | : | |
| LAFAYETTE COLLEGE and | : | |
| ERIN MALONE | : | |
| *Defendants.* | : | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendants' Memorandum of Law in Response to Plaintiff's Opposition to Defendants' Motion for Partial Summary Judgment Regarding Plaintiff's Claims for Solatium and Filial Consortium, was served to the following:

Jonathan S. Ziss, Esquire
Silverman Bergheim & Vogel
2 Penn Center Plaza, Suite 910
Philadelphia, PA 19102

Peter C. Grenier, Esquire
BODE & GRENIER, L.L.P.
1150 Connecticut Ave., N.W.
Ninth Floor
Washington, D.C. 20036

**POWELL, TRACHTMAN, LOGAN CARRLE,
BOWMAN & LOMBARDO, P.C.**


_____
Mary J. Pedersen

Dated: March 24, 2003                    Attorney for Defendants