IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELIZABETH A. STANTON, Personal Representative of JOSEPH H. SANTARLASCI, III, Deceased, and Administrator of the Estate of JOSEPH H. SANTARLASCI, III | : : : : : | CIVIL ACTION |
| *Plaintiff,* | : : | NO. 02 CV 4779 |
| v. | : : | |
| LAFAYETTE COLLEGE and ERIN MALONE | : : | |
| *Defendant.* | : | |

**<u>ORDER</u>**

AND NOW, this _____ day of _____, 2003, upon consideration of Plaintiff's Emergency Motion to Quash Subpoena, and Defendants' opposition thereto, it is hereby ORDERED and DECREED that said Motion is **DENIED**.

BY THE COURT:

_____
J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELIZABETH A. STANTON, Personal Representative of JOSEPH H. SANTARLASCI, III, Deceased, and Administrator of the Estate of JOSEPH H. SANTARLASCI, III<br>　　　　　*Plaintiff,*<br><br>　　　v.<br><br>LAFAYETTE COLLEGE and ERIN MALONE<br>　　　　　*Defendant.* | CIVIL ACTION<br><br>NO. 02 CV 4779 |

### DEFENDANTS' RESPONSE TO PLAINTIFF'S EMERGENCY MOTION TO QUASH SUBPOENA

1.　Denied in part. It is specifically denied that the subpoena to Jeff Kip is defective. It is admitted that Defendants served Jeff Kip with a subpoena commanding him to appear for deposition on March 21, 2003 and that, as a result of an agreement between Jeff Kip and Defendants' counsel, the date and location were changed, for Mr. Kip's convenience, to March 28, 2003, at a location in Philadelphia, which is the date and place of which Plaintiff's counsel was informed via a letter from Defendants' counsel enclosing the Notice of Deposition of Jeff Kip for March 28, 2003, served on Plaintiff's counsel on March 19, 2003. A true and correct copy of the March 19, 2003 letter from Defendants' counsel and the enclosed Notice of Deposition are attached hereto as Exhibit "A". Plaintiff's counsel has subsequently acknowledged the March 28, 2003 date of the deposition in a correspondence to Defendants' counsel.

2.　The corresponding paragraph is a conclusion of law to which no response is required.

3.　Admitted.

KOP:245815v1 4554-01

4.      Admitted.  By way of further answer, the first time service was attempted, Mr. Kip's office advised that he did not work there.  Further attempts were made and finally Mr. Kip accepted service of the subpoena at 299 Park Avenue, New York, NY.

5.      The corresponding paragraph is admitted, but factually irrelevant.  By subsequent agreement of Defendants' counsel and Deponent Jeff Kip, the deposition is set to be taken at 1616 Walnut Street, Philadelphia, Pennsylvania, next Friday, March 28, 2003.  *See* Exhibit A.  The Court may take judicial notice of the fact that the distance from Jeff Kip's location at 299 Park Avenue, New York, New York is less than 100 miles from 1616 Walnut Street in Philadelphia.  *See* Exhibit B.  Therefore, Defendants' deposition of Jeff Kip fully complies with Fed. R. Civ. P. 45(b)(2).  Furthermore, by letter of March 19, 2003, to which Defendants' counsel attached the Notice of Deposition of Jeff Kip, Defendants' counsel informed Plaintiff's counsel that the deposition is to take place in Philadelphia.  *See* Exhibit A.  Therefore, Plaintiff's counsel was made fully aware that the deposition is to occur within 100 miles of the deponent's location, and was so informed the day before Plaintiff's counsel decided to file the instant motion.

5(*sic*).  The corresponding paragraph is a conclusion of law to which no response is required.  Moreover, the relief Plaintiff seeks will result in nothing more than Defendants causing to be served a second subpoena to Jeff Kip commanding him to appear for a deposition that is already scheduled (at a time to which Defendants agreed in order to accommodate the deponent), and which is located within 100 miles of the location of service.  Plaintiff possesses the Notice of Deposition of Jeff Kip, submitted to him eight business days prior, which fully communicates the date and location of the deposition.  Plaintiff identified Jeff Kip as a witness intended to be called for trial on March 19, 2003, only two days ago and only days before the close of discovery.

KOP:245815v1 4554-01

Given the time constraints imposed upon Defendants by Plaintiff's dilatory conduct, and the compliance of the Notice of Deposition with Rule 45, the deposition of Jeff Kip in no way offends the Rules of Civil Procedure.

**WHEREFORE,** Defendants respectfully request that this Honorable Court deny Plaintiff's Emergency Motion to Quash the subpoena duces tecum served on Jeff Kip.

Respectfully submitted,

**POWELL TRACHTMAN LOGAN CARRLE BOWMAN & LOMBARDO**

By: _____
Jonathan K. Hollin
Attorney I.D. No. 36660
475 Allendale Road, Suite 200
King of Prussia, PA 19406
Tel:(610) 354-9700
Fax: (610) 354-9760
*Attorneys for Defendants*

Dated: March 24, 2003

KOP:245815v1 4554-01