## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re: **JAMES P. MALONE, Jr.,**      )
                                       )
        **Respondent.**          )
                                       )
_____)
                                       )

**ELIZABETH A. STANTON, Personal**  )
**Representative of JOSEPH H.**       )
**SANTARLASCI, III, Deceased,**     )
**And Administrator of the Estate of** )
**JOSEPH H. SANTARLSCI, III,**    )
                                       )
       *Plaintiff,*            )
                                       )
        v.                 )    **Civil Action No. 02 CV 4779**
                                       )
**LAFAYETTE COLLEGE and**      )
**ERIN MALONE,**               )
                                       )
       *Defendants.*         )

### RULE TO SHOW CAUSE

Personally Serve:    James P. Malone, Jr.
                       404 Enfield Road
                       Oreland, Pennsylvania  19075

THIS CAUSE came to be heard upon the Petition for Rule to Show Cause of

Petitioner  Elizabeth A. Stanton, against James P. Malone, Jr., for his failure and refusal

to comply with a subpoena issued and served pursuant to Fed. R. Civ. P. 45, commanding

him to appear at the offices of Silverman, Bernheim & Vogel, Two Penn Center, Suite

910, Philadelphia, Pennsylvania 19102 on February 13, 2003 at 10:00 a.m. to testify at

the taking of a deposition in this case.

AND IT APPEARING TO THE COURT that a Rule to Show Cause should be issued; it is this _____ day of _____, 2003

ORDERED, that James P. Malone, Jr. appear before this Court on the _____ day of _____, 2003, at _____ a.m./p.m., and show cause, if any he can, why he should not be found in contempt of Court and dealt with according to law.


_____
United States District Court Judge


Copies to:

Peter C. Grenier, Esquire
Bode & Grenier, LLP
1150 Connecticut Avenue, NW
Ninth Floor
Washington, D.C. 20036

Jonathan K. Hollin, Esquire
Powell, Tractman, Logan, Carrle,
        Bowman & Lombardo
475 Allendale Road
Suite 200
King of Prussia, PA 19406

William E. Malone, Jr., Esquire
Musi, Malone & Daubenberger, L.L.P.
21 West Third Street
Media, PA 19063

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:  JAMES P. MALONE, Jr.,                    )
                                                 )
      Respondent.                           )
                                                 )
                                                 )
_____                 )
                                                 )        FILED   APR – 9 2003
ELIZABETH A. STANTON, Personal                   )
Representative of JOSEPH H.                       )
SANTARLASCI, III, Deceased,                      )
And Administrator of the Estate of               )
JOSEPH H. SANTARLSCI, III,                       )
                                                 )
      *Plaintiff,*                          )
                                                 )
      v.                                   )        Civil Action No. 02 CV 4779
                                                 )
LAFAYETTE COLLEGE and                            )
ERIN MALONE,                                     )
                                                 )
      *Defendants.*                         )

## PETITION FOR RULE TO SHOW CAUSE

**COMES NOW** Elizabeth A. Stanton, plaintiff in this lawsuit and petitioner herein ("Petitioner"), and, pursuant to Fed. R. Civ. P. 45(e), respectfully moves this Court for a Rule to Show Cause why Respondent James P. Malone, Jr. ("Mr. Malone") should not be held in contempt of this Court for his refusal, without justification or excuse, to obey a subpoena served upon him compelling his attendance at a deposition, and states as follows:

1.    The case underlying the petition now before this Court began on December 2, 2001, with the drowning of 26-year-old Joseph H. Santarlasci, III ("Jay") in a pool located within the Ruef Natatorium at Lafayette College in Easton, Pennsylvania. For the five or more minutes that Jay lay in distress at the bottom of lane 4 that afternoon,

the student lifeguard employed by the College to monitor the pool and guard its patrons did neither. Instead, that lifeguard, Defendant Erin Malone ("Ms. Malone"), while dressed in street clothes (in violation of Lafayette College rules), did her homework (also in violation of the rules) and socialized with her boyfriend (an additional violation of the rules).

2. On January 24, 2003, Petitioner issued a subpoena, pursuant to which Mr. Malone (who is the father of Defendant Erin Malone, and who, Lafayette College records show, apparently had at least one conversation with Lafayette College subsequent to the drowning incident) was commanded to appear at the offices of Silverman, Bernheim & Vogel (co-counsel for Petitioner) in Philadelphia, on February 13, 2003, at 10 a.m. to testify at the taking of a deposition in this case. *See* Statement on the Record, *Stanton v. Lafayette College, et al.,* Civil Action No. 02-CV-4779 (February 13, 2003) ("Statement") (a true and correct copy of which is attached in its entirety as Exhibit 1), at page 5 line 20 – page 6 line 7 (hereinafter designated as "5:20 – 6:7") and Malone 2. The subpoena was issued in compliance with Fed. R. Civ. P. 45, and was accompanied by the required witness and mileage fees. The subpoena was personally served on Mr. Malone on January 26, 2003 at 404 Enfield Road, Oreland, Pennsylvania, a location within Montgomery County, Pennsylvania, which is within the jurisdiction of this Court. 28 U.S.C. § 118. *See* Statement at Malone 2.

3. The subpoena (as well as a subpoena for records served on United Educators, Lafayette College's insurer) was necessary because Petitioner had been stymied in her efforts to obtain discovery in this case by Defendants' repeated failure and refusal to answer interrogatories, produce documents or schedule depositions. Indeed,

prior to issuing the subpoena at issue here, counsel for Petitioner had asked counsel for Defendants to assist in making Mr. Malone available for a deposition. It was only after Defendants' counsel refused to do so that Petitioner's counsel issued the subpoena.

4.    Subsequently, on January 27, 2003, counsel for Petitioner served on counsel for Defendants herein a Notice of Deposition for Mr. Malone, *see* Statement at 5:8-12 and Malone 1, so that Defendants' counsel could arranged their schedules accordingly. Counsel for Petitioner then engaged the services of a court reporter for the deposition.

5.    At 4:27 p.m. on February 11, 2003 – only <u>after</u> Petitioner's lead counsel (Mr. Grenier) had left Washington, D.C. for Pennsylvania for the purpose of taking Mr. Malone's deposition and for a scheduled mediation in this matter, correspondence was sent by facsimile to the offices of Petitioner's Pennsylvania co-counsel from William E. Malone, Jr., Esquire ("Attorney Malone"). In that correspondence, which was immediately forwarded by Petitioner's Pennsylvania co-counsel to the undersigned, Attorney Malone advised that he had been retained to represent Mr. Malone, that he understood that Petitioner's counsel had "requested" that Mr. Malone submit for a deposition on February 13, 2003, and that his "schedule can not [*sic*] accommodate that deposition date." *See* Statement at 6:15-20 and Malone 3.

6.    The correspondence was received by the offices of lead counsel for Petitioner *__sixteen days after__* Mr. Malone had been lawfully served with the subpoena at issue here, and just *__forty-one hours before__* the deposition commanded by the subpoena was set to begin.

7.    In response to the correspondence, counsel for Petitioner sent (by facsimile) correspondence to Attorney Malone, in which Petitioner's counsel noted that while counsel for Petitioner was "willing to consider [Attorney Malone's] request [to reschedule] (late though it is)," such "consideration will be premised on your client's promise, in writing, to pay for Mr. Grenier's travel expenses for a second trip to Philadelphia." *See* Statement at Malone 3; Exhibit 2. Petitioner's counsel ended the correspondence with a request for an answer. *See* Exhibit 2 ("Please let us hear from you.")

8.    Approximately twenty-four hours later (and just eighteen hours before the scheduled start of the deposition) -- at 4:33 p.m. on February 12, 2003 -- Attorney Malone sent additional correspondence to Petitioner's counsel. Exhibit 3. In this correspondence, Attorney Malone characterized Petitioner's counsel's reasonable request for travel expenses as "placing an undue burden on my client." *Id.* Attorney Malone further noted that he would be "instructing my client not to attend the deposition tomorrow." *Id.*

9.    Minutes before receiving the February 12, 2003 correspondence from Attorney Malone, undersigned counsel received a telephone call from Petitioner's Philadelphia co-counsel, in which co-counsel advised that <u>he</u> had just received a telephone call from <u>Mr. Malone</u>. When Petitioner's Philadelphia co-counsel advised Mr. Malone to speak to his own attorney, Mr. Malone stated that he had been unable to reach him.

10.    Undersigned counsel immediately sent correspondence, by facsimile, to Attorney Malone, advising him of the contents of her telephone call from Petitioner's

4

Philadelphia co-counsel, and asking that he confirm that he had in fact instructed his client (who apparently knew nothing about it) not to appear for his deposition, "so that we can decide how to proceed." Exhibit 4. Petitioner's counsel, of course, was extremely anxious to receive a response to this correspondence, as numerous persons (including Defendants' counsel) needed to be notified either way. Indeed, during a break in the mediation earlier in the day, Petitioner's lead counsel had discussed the matter of the Malone deposition with Defendants' counsel, and had said that while it appeared that the deposition was not going forward, everyone should "wait and see" what happened later in the day. *See, e.g.*, Exhibit 7.

11.     When no response was received to her facsimile, undersigned counsel sent a short letter (by facsimile) to Defendants' counsel, advising Defendants' counsel that "[i]n the absence of a protective order, we will be proceeding with Mr. Malone's deposition as scheduled tomorrow." Exhibit 5. Attorney Malone was copied on this correspondence. *See* Exhibit 6 at second paragraph.

12.     On February 13, 2003, Mr. Malone's deposition was commenced, pursuant to the subpoena and Notice of Deposition. Mr. Malone arrived minutes before the deposition was set to begin, but received a cellular telephone call (apparently from Attorney Malone), *see* Exhibit 6 at paragraph 3, and "then advised that on advice of counsel he would not be appearing for [the] deposition." *See* Exhibit 1 ("Statement") at 7:11-21. Petitioner's Pennsylvania co-counsel waited until 10:15 a.m., and then made the record, as recorded in the Statement. Meanwhile, Petitioner's lead counsel was, at the time, at his desk in Washington, D.C., prepared to go forward with the deposition by telephone. Exhibit 9.

13.     At approximately 12 noon, Petitioner's lead counsel received additional correspondence from Attorney Malone, which correspondence confirmed that Mr. Malone had left the site of his deposition on Attorney Malone's instructions. Exhibit 6. Attorney Malone also made the ridiculous assertion (which is clearly contradicted by his own previous paragraph) that this instruction had been given to Mr. Malone "[a]s soon as I was advised of the cancellation of the deposition . . . ." *Id.* Importantly, <u>no one ever cancelled this deposition</u>, as Petitioner's lead counsel made quite clear in correspondence to Attorney Malone sent by facsimile at approximately 2:06 p.m. on February 13. Exhibit 7. *See also* Exhibit 5.

14.     Additional (redundant) correspondence from Attorney Malone was sent by facsimile at 3:44 p.m. on February 13, 2003. Exhibit 8.

15.     In response to Attorney Malone's sole query, *see* Exhibit 8, Petitioner's lead counsel noted that, at the hour of the appointed deposition, he had been "sitting by my telephone, waiting to know whether Mr. Malone was participating in the deposition," and "fully prepared to proceed telephonically with the deposition." Exhibit 9.

16.     At <u>no time</u> prior to the date of the scheduled deposition did either Mr. Malone or Attorney Malone seek a protective order or other relief from this Court. Instead, in defiance of the subpoena lawfully served upon him, and in violation of Fed. R. Civ. P. 45, Mr. Malone, on what his attorney admits were his instructions, deliberately chose not to have his deposition taken.

17.     Petitioner has had abundant and continuing problems, since the instigation of this lawsuit, in securing discovery in this case. Mr. Malone's defiance of the subpoena is only the latest example.

6

18.     Pursuant to Fed. R. Civ. P. 45(e), "[f]ailure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued." Mr. Malone's failure here was without any excuse – much less "adequate" excuse – and should be treated by this Court as contempt.

19.     Moreover, on February 13, 2003, after advising Attorney Malone that "appropriate judicial steps" would be taken "to secure the deposition of Mr. Malone," Petitioner's lead counsel offered the following: "If you wish to agree to a consent order, to be signed by the Court regarding your client's obligation to appear on a date certain, we will consider this." Exhibit 7. Attorney Malone never responded to the offer, nor, indeed, may any attempt whatsoever to resolve this matter.

WHEREFORE, Petitioner respectfully requests that this Court issue a Rule to Show Cause commanding Mr. Malone to present himself, at a date and time certain, before this Court to show cause, if any he can, why he should not be held in contempt of this Court and punished accordingly.

Respectfully submitted,

ELIZABETH A. STANTON
By Counsel

*Anne R. Noble*

Peter C. Grenier (admitted *pro hac vice*)
Anne R. Noble (admitted *pro hac vice*)
BODE & GRENIER. LLP
1150 Connecticut Avenue NW
9th Floor
Washington, DC 20036
Tel.: (202) 828-4100
Fax: (202) 828-4130
*Counsel for Plaintiff*

-and-

Jonathan S. Ziss, Esquire
Jonathan A. Cass, Esquire
SILVERMAN BERNHEIM & VOGEL, P.C.
Two Penn Center Plaza
Philadelphia PA 19102
(215) 636-3962

*Counsel for Plaintiff*

8

## CERTIFICATE OF SERVICE

Jonathan A. Cass hereby certifies that a true and correct copy of the within **Petition for Rule to Show Cause** was served by United States first-class mail, postage prepaid on the counsel below named:

Jonathan K. Hollin, Esquire
Powell, Trachtman, Logan,
Carrle, Bowman & Lombardo, P.C.
475 Allendale Road, Suite 200
King of Prussia, PA 19406
(Counsel for Defendants)

William E. Malone, Jr., Esquire
Musi, Malone & Daubenberger, LLP
21 West Third Street
Media, PA 19063
(Counsel for James Malone)

A courtesy copy of the Petition was provided, via United States first-class mail, postage prepaid to:

Honorable Thomas N. O'Neill, Jr.
United States District Court
East. District of Pennsylvania
U.S. Courthouse
601 Market Street, Room 4007
Philadelphia, PA 19106

**SILVERMAN BERNHEIM & VOGEL**

BY: _____
    JONATHAN A. CASS, ESQUIRE
    Counsel for Plaintiff

F:\WPCNET\DOCS\31614\001\Discovery\COS.Petition.Rule.041903.wpd

# EXHIBIT "1"

1        IN THE UNITED STATES DISTRICT COURT

2    FOR THE EASTERN DISTRICT OF PENNSYLVANIA

3

4                    -    -    -

5    ELIZABETH A. STANTON,          :    CIVIL ACTION

             Plaintiff,             :

6         V.                        :          ORIGINAL

     LAFAYETTE COLLEGE, ET AL, :

7         Defendants.              :    No. 02-CV-4779

8                    -    -    -

9                 February 13, 2003

10                   -    -    -

11                        STATEMENT ON THE RECORD

12   held in the offices of Silverman, Bernheim &

13   Vogel, Two Penn Center Plaza, Suite 910,

14   Philadelphia, Pennsylvania, 19102, commencing

15   at 10:10 a.m., on the above date, before

16   Joseph Calavetta, a Federally-Approved

17   Registered Professional Reporter and

18   Commissioner for the Commonwealth of

19   Pennsylvania.

20

21                   -    -    -

22          ESQUIRE DEPOSITION SERVICES

                 Fifteenth Floor

23        1880 John F. Kennedy Boulevard

          Philadelphia, Pennsylvania   19103

24             (215) 988-9191

2

1           - - -
   APPEARANCES:
2
   SILVERMAN, BERNHEIM & VOGEL
3  BY: JONATHAN CASS, ESQUIRE
   TWO Penn Center Plaza, Suite 910
4  Philadelphia, Pennsylvania 19102
   215-636-3962
5  Counsel for the Plaintiffs
6
7
            - - -
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

4

DEPOSITION SUPPORT INDEX

1
2
3
4  Direction To Witness Not To Answer
   Page Line  Page Line
5  None
6
7
8
9  Request For Production of Documents
   Page Line  Page Line
10 None
11
12
13 Stipulations
   Page Line  Page Line
14
15
16
   Questions Marked
17 Page Line  Page Line
   None
18
19
20
21
22
23
24

3

INDEX
- - -

2

Testimony of: Statement

3
   By Mr. Cass          5

4
5         - - -
      EXHIBITS
6         - - -
7  EXHIBIT NO.  DESCRIPTION   PAGE MARKED
8  Malone 1    Dep Notice       5
9  Malone 2    Subpoena         6
10 Malone 3    3 Letters        8
11        - - -
12
13
14
15
16
17
18
19
20
21
22
23
24

5

1         - - -
2
3         - - -
4         MR. CASS:  It is now
5  10 minutes after 10:00 and we are
6  here for the deposition of James P.
7  Malone, Jr.
8         This deposition was
9  scheduled on or about January 27th
10 of 2003 pursuant to a Notice of
11 Deposition which we are going to
12 mark As Malone 1.
13
14        - - -
15        (Whereupon, Exhibit
16 Number Malone 1 was marked for
17 identification.)
18        - - -
19
20        MR. CASS:  A subpoena
21 issued out of the United States
22 District Court for the Eastern
23 District of Pennsylvania was
24 personally served on Mr. Malone on

2  (Pages 2 to 5)

6

1 January 26th of 2003 noticing the
2 deposition to take place at this
3 office on today's date, February 13
4 of 2003 at 10:00 a.m.
5 I would like to mark a copy
6 of the subpoena along with the
7 proof of service As Malone 2.
8
9 - - -
10 (Whereupon, Exhibit
11 Number Malone 2 was marked for
12 identification.)
13 - - -
14
15 MR. CASS: On February
16 11th this office received a letter
17 from William E. Malone advising
18 that he represented Mr. Malone and
19 requesting that the deposition be
20 postponed.
21 A series of communications
22 between Mr. Malone and Anne Noble,
23 of the firm of Bode & Grenier, LLP
24 transpired in which it was

7

1 represented to Mr. Malone that the
2 plaintiffs were not willing to
3 continue or postpone the deposition
4 unless certain conditions were met.
5 Mr. Malone was unwilling to
6 meet those, counsel Malone was
7 unwilling to meet those requests
8 and advised that the witness James
9 P. Malone, Jr. would not be
10 appearing for the deposition.
11 James P. Malone, Jr. just
12 prior to the start of this
13 deposition appeared at our office
14 and advised that he was here for
15 the deposition.
16 While he was in our
17 lobby his cellphone rang and
18 apparently it was his attorney
19 since he then advised that on
20 advice of counsel he would not be
21 appearing for this deposition.
22 It is now 10:15 a.m. and
23 James P. Malone has not appeared.
24 Neither Mr. Malone, Mr.

8

1 James P. Malone or his counsel
2 William E. Malone obtained any
3 protective order regarding this
4 deposition, nor did the plaintiff's
5 counsel agree to continue or
6 postpone it.
7 I am going to mark the
8 correspondence between Anne Noble
9 and William E. Malone, Jr., two
10 of them, dated February 11th 2003
11 and one dated February 12th of 2003
12 collectively As Malone three.
13
14 - - -
15 (Whereupon, Exhibit
16 Number Malone 3 was marked for
17 identification.)
18 - - -
19
20 MR. CASS: At this
21 time the deposition is going to be
22 adjourned while plaintiffs consider
23 their options, filing the
24 appropriate motions with the court

9

1 compelling the attendance of James
2 P. Malone, Jr.
3
4
5
6
7 - - -
8 (Whereupon, the
9 statement concluded at 10:15 a.m.)
10 - - -
11
12
13
14
15
16
17
18
19
20
21
22
23
24

3 (Pages 6 to 9)

10

```
 1          C E R T I F I C A T E
 2          I hereby certify that the
 3   witness was duly sworn by me and that the
 4   deposition is a true record of the
 5   testimony given by the witness;
 6
 7
 8        _____
 9        Joseph Calavetta, R.P.R.
10        2-13-03
11
12   (The foregoing certification of this
13   transcript does not apply to any
14   reproduction of the same by any means,
15   unless under the direct control and/or
16   supervision of the certifying shorthand
17   reporter.)
18
19
20
21
22
23
24
```

12

```
 1      ACKNOWLEDGMENT OF DEPONENT
 2      I, _____, do hereby
 3   certify that I have read the foregoing
 4   pages, _____ and that the same is a
 5   correct transcription of the answers
 6   given by me to the questions therein
 7   propounded, except for the corrections or
 8   changes in form or substance, if any,
 9   noted in the attached Errata Sheet.
10
11   _____
12   DATE
13
14   Subscribed and sworn to before me this
15   _____ day of _____,
16   200____.
17   My commision expires: _____
18
19   _____
20
21   Notary Public
22
23
24
```

11

```
 1      INSTRUCTIONS TO WITNESS
 2      Please read your deposition over
 3   carefully and make any necessary changes.
 4   You should assign a reason in the
 5   appropriate column on the errata sheet
 6   for any change made.
 7      After making any change which has
 8   been noted on the following errata sheet,
 9   along with the reason for any change,
10   sign your name to the errata sheet and
11   date it.
12      You are signing it subject to the
13   changes you have made on the errata
14   sheet, which will be attached to the
15   deposition.  You must sign in the space
16   provided.
17      Return the original errata sheet to
18   the deposing attorney within thirty (30)
19   days of receipt of the transcript by you.
20
21
22
23
24
```

13

```
 1      - - - - - - - - -
 2        E R R A T A
 3      - - - - - - - - -
 4   PAGE   LINE   CHANGE
 5   ____   ____   _____
 6   ____   ____   _____
 7   ____   ____   _____
 8   ____   ____   _____
 9   ____   ____   _____
10   ____   ____   _____
11   ____   ____   _____
12   ____   ____   _____
13   ____   ____   _____
14   ____   ____   _____
15   ____   ____   _____
16   ____   ____   _____
17   ____   ____   _____
18   ____   ____   _____
19   ____   ____   _____
20   ____   ____   _____
21   ____   ____   _____
22   ____   ____   _____
23   ____   ____   _____
24   ____   ____   _____
```

# MALONE "1"

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELIZABETH A. STANTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 02 CV 4779 |
| | ) | |
| LAFAYETTE COLLEGE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## NOTICE OF DEPOSITION

Plaintiff, Elizabeth A. Stanton, as personal representative of Joseph H. Santarlasci, III, deceased, by undersigned counsel and pursuant to Fed. R. Civ. P. 30, will take the deposition of James Malone upon oral examination before a notary public, or some other person duly qualified to administer an oath, at the offices of Silverman Bernheim & Vogel, Two Penn Center Plaza, Suite 910, Philadelphia, PA 19102 beginning at 10:00 a.m. on Thursday, February 13, 2003 and continuing from day to day until completed.

ELIZABETH A. STANTON
By Counsel

Peter C. Grenier (admitted *pro hac vice*)
Anne R. Noble (admitted *pro hac vice*)
BODE & GRENIER. LLP
1150 Connecticut Avenue NW
9th Floor
Washington, DC 20036
(202) 828-4100

*Counsel for Plaintiff*

*-and-*

Jonathan S. Ziss, Esquire
Jonathan A. Cass, Esquire
SILVERMAN BERNHEIM & VOGEL, P.C.
Two Penn Center Plaza
Philadelphia PA 19102
(215) 636-3962

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this _27Th_ day of January, 2003, I served, via Facsimile and U.S.

Mail, first class postage prepaid, the foregoing **Notice of Deposition of James Malone** on:

Jonathan K. Hollin, Esquire
Powell, Trachtman, Logan, Carrle,
. Bowman & Lombardo
475 Allendale Road
Suite 200
King of Prussia, Pennsylvania 19406

_____
Anne R. Noble

2

# MALONE "2"

Issued by the

# UNITED STATES DISTRICT COURT

EASTERN ——— DISTRICT OF ___PENNSYLVANIA

Elizabeth A. Stanton, Personal
Representative of Joseph H. Santarlasci, III
Deceased, and Administrator of the Estate of
Joseph H. Santarlasci, III

## SUBPOENA IN A CIVIL CASE

v.

Lafayette College and
Erin Malone

CASE NUMBER: 02-4779

Malone 2

TO:    James P. Malone, Jr.
       404 Enfield Road
       Oreland, PA  19075

[ ] YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | |
|  | DATE AND TIME |
|  | |

[X] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Silverman Bernheim & Vogel, Two Penn Center, Suite 910, Philadelphia, PA  19102 | 2/13/03 at 10:00 a.m. |

[ ] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  | |

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Jonathan S. Ziss, Esquire – Attorney for Plaintiff | 1/24/03 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Silverman Bernheim & Vogel
Two Penn Center, Suite 910, Philadelphia, PA  19102    (215) 569-0000

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 1-26-03 | 404 ENFIELD RD ORELAND, PA |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| JAMES MALONE JR | PERSONAL |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Wm. J. Deni | Process Server |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    1-26-03
                 DATE

SIGNATURE OF SERVER

BEST LEGAL SERVICES, INC.
1617 J.F.K. BLVD. S. #1045
ADDRESS OF SERVER
PHILADELPHIA, PA 19103

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that,

subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# MALONE "3"

# BODE & GRENIER, LLP

ATTORNEYS AND COUNSELORS   NINTH FLOOR, CONNECTICUT BUILDING
1150 CONNECTICUT AVENUE, NW
WASHINGTON, D.C. 20036-4192
TELEPHONE: 202-828-4100
FACSIMILE: 202-828-4130

ANNE R. NOBLE, ESQ.
Direct Dial: 202-862-4306
anoble@bode.com

www.bode.com

February 11, 2003                        *Malone* 5

**By Facsimile and First Class Mail**

William E. Malone, Jr., Esquire
Musi, Malone & Daubenberger, L.L.P.
21 West Third Street
Media PA  19063

Re:    *Stanton v. Lafayette College, et al.*

Dear Mr. Malone:

This firm represents Elizabeth A. Stanton in a wrongful death action brought against Lafayette College and Erin Malone, the daughter of your client, James P. Malone, Jr. Your letter of even date, sent by facsimile at approximately 5 p.m. to our local counsel, Jonathan S. Ziss, Esquire, has been forwarded to us for review and reply.

While we respect your scheduling problems, you should be mindful that your client, Mr. Malone, was lawfully served with the subpoena compelling him to appear for his deposition on *January 26, 2003* (that is, some 16 days ago) *and* that the date chosen for the deposition was selected because lead counsel in this case, Peter C. Grenier, Esquire of this firm, was already scheduled to be in Philadelphia the day before (*i.e.*, tomorrow). Indeed, Mr. Grenier already had left for Philadelphia before your fax was received.   Therefore, while we are willing to consider your request (late though it is), such consideration will be premised on your client's promise, in writing, to pay for Mr. Grenier's travel expenses for a second trip to Philadelphia. Otherwise, we will go forward with the deposition as originally scheduled last month.

Please let us hear from you.

Very truly yours,

Anne R. Noble

cc:    Elizabeth A. Stanton

M&M
D

THOMAS A. MUSI, JR.
WILLIAM E. MALONE, JR.
RICHARD C. DAUBENBERGER
ROBERT E.J. CURRAN, JR.
STEVEN M. PACILLIO

OF COUNSEL
C. CURTIS NORCINI

February 11, 2003

<u>VIA FACSIMILE (215) 636-3999</u>

Jonathan S. Ziss, Esquire
Silverman Bernheim & Vogel
Two Penn Center
Suite 910
Philadelphia, PA  19102

      Re:    Elizabeth A. Stanton, et al. v. James P. Malone
            Docket No.:   02-4779

Dear Mr. Ziss:

    Please be advised that I have been retained to represent James P. Malone, Jr. concerning the above-captioned matter. I understand that you have requested that Mr. Malone submit for a deposition this Thursday, February 13, 2003. Unfortunately, my schedule can not accommodate that deposition date. I apologize for any inconvenience that this poses.

    In the absence of any extenuating circumstances that would prevent this request for accommodations to be considered, please provide me with alternative dates for taking Mr. Malone's deposition.

    I thank you for your kind attention.

                    Very truly yours,

                    William E. Malone, Jr.

## MUSI, MALONE & DAUBENBERGER, L.L.P.

ATTORNEYS AT LAW

21 WEST THIRD STREET, MEDIA, PA 19063
TEL.: 610.891.8806    FAX.: 610.891.8807

THOMAS A. MUSI, JR.
WILLIAM E. MALONE, JR.
RICHARD C. DAUBENBERGER
ROBERT E.J. CURRAN, JR.
STEVEN M. PACILLIO

M&M
D

OF COUNSEL
C. CURTIS NORCINI

February 12, 2003

<u>VIA FACSIMILE (202) 828-4130</u>

Anne R. Noble, Esquire
BODE & GRENIER, L.L.P.
Ninth Floor, Connecticut Building
1150 Connecticut Avenue, NW
Washington, DC  20036-4192

   Re: Stanton v. Lafayette College, et al.

Dear Ms. Noble:

  This letter is sent in follow-up to my telephone message of earlier this afternoon. Please note that your February 11, 2003 response to my request for accommodations is placing an undue burden upon my client. As I understand matters, Mr. Grenier voluntarily undertook the representation of Elizabeth A. Stanton in a case that is venued the in Eastern District of Pennsylvania. As I further understand things, there is not a trial date set in this matter, and there are no pending discovery deadlines.

  That being the case, I intend on instructing my client not to attend the deposition tomorrow. Further, and if need be, perhaps we should get the Court involved to determine whether your subpoena does, in fact, place an undue hardship on Mr. Malone.

  I look forward to your prompt reply.

       Very truly yours,

       William E. Malone Jr.

cc: Jonathan S. Ziss, Esquire (via fax (215) 636-3999)

<u>MUSI, MALONE & DAUBENBERGER, L.L.P.</u>

ATTORNEYS AT LAW

21 WEST THIRD STREET, MEDIA, PA 19063
TEL.: 610.891.8806 FAX.: 610.891.8807

# EXHIBIT "2"

# BODE & GRENIER, LLP

ATTORNEYS AND COUNSELORS

NINTH FLOOR, CONNECTICUT BUILDING
1150 CONNECTICUT AVENUE, NW
WASHINGTON, D.C. 20036-4192
TELEPHONE: 202-828-4100
FACSIMILE: 202-828-4130
www.bode.com

ANNE R. NOBLE, ESQ.
DIRECT DIAL: 202-862-4306
anoble@bode.com

February 11, 2003

*By Facsimile and First Class Mail*

William E. Malone, Jr., Esquire
Musi, Malone & Daubenberger, L.L.P.
21 West Third Street
Media PA 19063

Re:    *Stanton v. Lafayette College, et al.*

Dear Mr. Malone:

   This firm represents Elizabeth A. Stanton in a wrongful death action brought against Lafayette College and Erin Malone, the daughter of your client, James P. Malone, Jr. Your letter of even date, sent by facsimile at approximately 5 p.m. to our local counsel, Jonathan S. Ziss, Esquire, has been forwarded to us for review and reply.

   While we respect your scheduling problems, you should be mindful that your client, Mr. Malone, was lawfully served with the subpoena compelling him to appear for his deposition on *January 26, 2003* (that is, some 16 days ago) *and* that the date chosen for the deposition was selected because lead counsel in this case, Peter C. Grenier, Esquire of this firm, was already scheduled to be in Philadelphia the day before (*i.e.,* tomorrow). Indeed, Mr. Grenier already had left for Philadelphia before your fax was received. Therefore, while we are willing to consider your request (late though it is), such consideration will be premised on your client's promise, in writing, to pay for Mr. Grenier's travel expenses for a second trip to Philadelphia. Otherwise, we will go forward with the deposition as originally scheduled last month.

   Please let us hear from you.

Very truly yours,

Anne R. Noble

cc: Elizabeth A. Stanton
  Peter C. Grenier, Esquire

# BODE & GRENIER, LLP

ATTORNEYS AND COUNSELORS

NINTH FLOOR, CONNECTICUT BUILDING
1150 CONNECTICUT AVENUE, NW
WASHINGTON, D.C. 20036-4192
TELEPHONE: 202-828-4100
FACSIMILE: 202-828-4130
www.bode.com

# FAX TRANSMISSION

To:        William E. Malone, Jr.,        Phone:
           Esquire

Fax #:     610-891-8807                   Pages:     2, including this cover sheet

From:      Anne R. Noble, Esquire

Subject:   Stanton v. Lafayette College,   Date:      February 11, 2003
           et al.

Comments: Please see attached.

If you do not receive all pages indicated for this transmission, please call 202-828-4100.

This facsimile transmission contains confidential and/or legally privileged information from the law firm of Bode & Grenier, L.L.P. intended only for use of the individual(s) named on the transmission sheet. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this facsimile transmission is strictly prohibited. If you have received this transmission in error, please notify us by telephone immediately so that we can arrange for the return of the documents to us at no cost to you. Thank you.

```
MODE = MEMORY TRANSMISSION              START=FEB-11 18:36    END=FEB-11 18:37

    FILE NO.=364

STN NO.   COMM.   ABBR NO.    STATION NAME/TEL. NO.    PAGES   DURATION

  001      OK       ¤         16108918807—374         002/002 00:00:26
```

-1150 CONNECTICUT AVE.       -

************************************ -WASH. DC       - ***** -       202 835 3219- **********

## BODE & GRENIER, LLP
ATTORNEYS AND COUNSELORS

NINTH FLOOR, CONNECTICUT BUILDING
1150 CONNECTICUT AVENUE, NW
WASHINGTON, D.C. 20036-4192
TELEPHONE: 202-828-4100
FACSIMILE: 202-828-4130
www.bode.com

# FAX TRANSMISSION

| | | | |
|---|---|---|---|
| To: | William E. Malone, Jr., Esquire | Phone: | |
| Fax #: | 610-891-8807 | Pages: | 2, including this cover sheet |
| From: | Anne R. Noble, Esquire | | |
| Subject: | Stanton v. Lafayette College, et al. | Date: | February 11, 2003 |

Comments: Please see attached.

If you do not receive all pages indicated for this transmission, please call 202-828-4100.

This facsimile transmission contains confidential and/or legally privileged information from the law firm of Bode & Grenier, L.L.P. intended only for use of the individual(s) named on the transmission sheet. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this facsimile transmission is strictly prohibited. If you have received this transmission in

# EXHIBIT "3"



THOMAS A. MUSI, JR.
WILLIAM E. MALONE, JR.
RICHARD C. DAUBENBERGER
ROBERT E.J. CURRAN, JR.
STEVEN M. PACILLIO

OF COUNSEL
C. CURTIS NORCINI

February 12, 2003

<u>**VIA FACSIMILE (202) 828-4130**</u>

Anne R. Noble, Esquire
BODE & GRENIER, L.L.P.
Ninth Floor, Connecticut Building
1150 Connecticut Avenue, NW
Washington, DC 20036-4192

      Re:    Stanton v. Lafayette College, et al.

Dear Ms. Noble:

      This letter is being sent in follow-up to my telephone message of earlier this afternoon. Please note that your February 11, 2003 response to my request for accommodations is placing an undue burden upon my client. As I understand matters, Mr. Grenier voluntarily undertook the representation of Elizabeth A. Stanton in a case that is venued the in Eastern District of Pennsylvania. As I further understand things, there is not a trial date set in this matter, and there are no pending discovery deadlines.

      That being the case, I intend on instructing my client not to attend the deposition tomorrow. Further, and if need be, perhaps we should get the Court involved to determine whether your subpoena does, in fact, place an undue hardship on Mr. Malone.

      I look forward to your prompt reply.

                    Very truly yours,

                    William E. Malone Jr.

cc:    Jonathan S. Ziss, Esquire (via fax (215) 636-3999)

# MUSI, MALONE & DAUBENBERGER, L.L.P.

ATTORNEYS AT LAW

21 WEST THIRD STREET, MEDIA, PA 19063
TEL: 610.891.8806    FAX: 610.891.8807

# MUSI, MALONE & DAUBENBERGER, LLP

## FACSIMILE TRANSMITTAL SHEET

TO: Anne Noble

FROM: Bill Malone

FAX NUMBER: (202) 828-4130

DATE: 2/12/03

PHONE NUMBER:

TOTAL NO. OF PAGES INCLUDING COVER: 2

CC: Jonathan Zss

(215) 636-3999

SENDER'S FACSIMILE NUMBER: 610-891-8807

RE: Stanton v. Lafayette

☐ URGENT   ☑ FOR REVIEW   ☐ PLEASE COMMENT   ☐ PLEASE REPLY

NOTES/COMMENTS:

21 WEST THIRD STREET
MEDIA, PA 19063
TELEPHONE (610)891-8806
FACSIMILE (610) 891-8807

# EXHIBIT "4"

# BODE & GRENIER, LLP

ATTORNEYS AND COUNSELORS

NINTH FLOOR, CONNECTICUT BUILDING
1150 CONNECTICUT AVENUE, NW
WASHINGTON, D.C. 20036-4192
TELEPHONE: 202-828-4100
FACSIMILE: 202-828-4130
www.bode.com

ANNE R. NOBLE, ESQ.
DIRECT DIAL: 202-862-4306
anoble@bode.com

February 12, 2002

*Via Facsimile*

William E. Malone, Jr., Esquire
Musi, Malone & Daubenberger, L.L.P.
21 West Third Street
Media PA 19063

Re:    *Stanton v. Lafayette College, et al.*

Dear Mr. Malone:

Minutes before receiving your letter of even date regarding the deposition of your client, Jim Malone, I received a telephone call from our co-counsel in this matter, Jonathan Ziss, Esquire, informing me that your client had called *him*. When Mr. Ziss politely told your client that he should instead be talking with you, he said that he had been unable to reach you regarding tomorrow's deposition.

By the time I received your telephone message of roughly one hour ago, Mr. Grenier, having heard nothing from you in response to our letter of last evening, had already left Philadelphia to return to Washington, D.C.

Your telephone message today was not well received. You seemed to imply that we somehow have breached professional courtesy by not rearranging our schedules in accordance with your eleventh hour request in this matter. That is not the case. Nor is it the case, as you state in this afternoon's letter, that "there are no pending discovery deadlines." In fact, discovery in this matter ends in approximately six weeks.

We understand from your letter that you are instructing your client not to appear for his deposition tomorrow. Kindly confirm that you have so instructed your client, so that we can decide how to proceed.

Very truly yours,

Anne R. Noble

William E. Malone, Jr.
February 12, 2003
Page 2


cc:    Elizabeth A. Stanton
       Peter C. Grenier, Esquire
       Jonathan S. Ziss, Esquire

```
************ -COMM. JOURNAL- ************** DATE FEB-12-200_ ***** TIME 17:01 *********

      MODE = MEMORY TRANSMISSION            START-FEB-12 17:00    END-FEB-12 17:01

      FILE NO.-373

STN NO.   COMM.   ABBR NO.   STATION NAME/TEL.NO.   PAGES   DURATION

  001      OK      ≅          16108918807--374      003/003 00:00:45


                                    -1150 CONNECTICUT AVE.   -

*************************************** -WASH. DC    - ***** -    202 835 3219- **********
```

# BODE & GRENIER, LLP

ATTORNEYS AND COUNSELORS

NINTH FLOOR, CONNECTICUT BUILDING
1150 CONNECTICUT AVENUE. NW
WASHINGTON, D.C. 20036-4192
TELEPHONE: 202-828-4100
FACSIMILE: 202-828-4130
www.bode.com

# FAX TRANSMISSION

To:          William E. Malone, Jr.,          Phone:
             Esquire

Fax #:       610-891-8807                      Pages:     3, including this cover sheet

From:        Anne R. Noble, Esquire

Subject:     Stanton v. Lafayette College,     Date:      February 12, 2003
             et al.

Comments: Please see attached.


Copy by FAX to Jonathan S. Ziss, Esquire (215 636 6999)


If you do not receive all pages indicated for this transmission, please call 202-828-4100.

This facsimile transmission contains confidential and/or legally privileged information from the law firm of Bode & Grenier, L.L.P. Intended only for use of the individual(s) named on the transmission sheet. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this facsimile transmission is strictly prohibited. If you have received this transmission in

# EXHIBIT "5"

# BODE & GRENIER, LLP

ATTORNEYS AND COUNSELORS

NINTH FLOOR, CONNECTICUT BUILDING
1150 CONNECTICUT AVENUE, NW
WASHINGTON, D.C. 20036-4192
TELEPHONE: 202-828-4100
FACSIMILE: 202-828-4130
www.bode.com

PETER C. GRENIER, ESQUIRE
DIRECT DIAL: 202-862-4311
pgrenier@bode.com

February 12, 2003

## *VIA FACSIMILE AND FIRST CLASS MAIL*

Jonathan K. Hollin, Esquire
Powell, Trachtman, Logan, Carrie,
    Bowman & Lombardo
475 Allendale Road
Suite 200
King of Prussia, Pennsylvania 19406

> Re:    *Elizabeth A. Stanton, Personal Representative of the Estate of Joseph Howard Santarlasci, III, v. Lafayette College, et al.*, Civil Action No. 02-4779

Dear Jonathan:

In the absence of a protective order, we will be proceeding with Mr. Malone's deposition as scheduled tomorrow.

Very truly yours,

Anne R. Noble

ARN:rs

cc:    Ms. Elizabeth A. Stanton
       Peter C. Grenier, Esquire
       Jonathan S. Ziss, Esquire (via facsimile)

# BODE & GRENIER, LLP

ATTORNEYS AND COUNSELORS

NINTH FLOOR, CONNECTICUT BUILDING
1150 CONNECTICUT AVENUE, NW
WASHINGTON, D.C. 20036-4192
TELEPHONE: 202-828-4100
FACSIMILE: 202-828-4130
www.bode.com

# FAX TRANSMISSION

To:  Jonathan Hollin, Esquire        Phone:

Fax #:  610.354.9760        Pages:  2, including this cover sheet

From:  Anne R. Noble, Esquire

Subject:  Stanton v. Lafayette College,        Date:  February 12, 2003
et al.

Comments:
Pls. see attached.

If you do not receive all pages indicated for this transmission, please call 202-828-4100.

This facsimile transmission contains confidential and/or legally privileged information from the law firm of Bode & Grenier, L.L.P. intended only for use of the individual(s) named on the transmission sheet. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this facsimile transmission is strictly prohibited. If you have received this transmission in error, please notify us by telephone immediately so that we can arrange for the return of the documents to us at no cost to you. Thank you.

```
MODE - MEMORY TRANSMISSION          START=FEB-12 18:43    END-FEB-12 18:44

   FILE NO.-378

STN NO.   COMM.   ABBR NO.   STATION NAME/TEL NO.   PAGES   DURATION

  201      OK       ☎        16103549760--374      002/002  00:00:37
```

−1150 CONNECTICUT AVE.    −

☀☀☀☀☀☀☀☀☀☀☀☀☀☀☀☀☀☀☀☀☀☀☀☀☀☀☀☀☀☀☀☀☀ -WASH. DC    − ☀☀☀☀ −    202 835 3219- ☀☀☀☀☀☀☀☀☀

## BODE & GRENIER, LLP
### ATTORNEYS AND COUNSELORS

NINTH FLOOR, CONNECTICUT BUILDING
1150 CONNECTICUT AVENUE, NW
WASHINGTON, D.C. 20036-4192
TELEPHONE: 202-828-4100
FACSIMILE: 202-828-4130
www.bode.com

# FAX TRANSMISSION

| | | | |
|---|---|---|---|
| To: | Jonathan Hollin, Esquire | Phone: | |
| Fax #: | 610.354.9760 | Pages: | 2, including this cover sheet |
| From: | Anne R. Noble, Esquire | | |
| Subject: | Stanton v. Lafayette College, et al. | Date: | February 12, 2003 |

Comments:
Pls. see attached.

If you do not receive all pages indicated for this transmission, please call 202-828-4100.

This facsimile transmission contains confidential and/or legally privileged information from the law firm of Bode & Grenier, L.L.P. Intended only for use of the individual(s) named on the transmission sheet. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this facsimile transmission is strictly prohibited. If you have received this transmission in error, please notify us by telephone immediately so that we can arrange for the return of the documents to us at no cost to you. Thank you.

# EXHIBIT "6"

M&M
D

THOMAS A. MUSI, JR.
WILLIAM E. MALONE, JR.
RICHARD C. DAUBENBERGER
ROBERT E.J. CURRAN, JR.
STEVEN M. PACILLIO

OF COUNSEL
C. CURTIS NORCINI

February 13, 2003

<u>VIA FACSIMILE (202) 828-4130</u>

Peter C. Grenier, Esquire
BODE & GRENIER, L.L.P.
Ninth Floor, Connecticut Building
1150 Connecticut Avenue, NW
Washington, DC 20036-4192

Re:    Stanton v. Lafayette College, et al.

Dear Mr. Grenier:

As you know, I represent James P. Malone, Jr., regarding this matter. I am writing to advise that the behavior of your office is reprehensible.

I just spoke with defense counsel in this case, and was advised that you personally told them yesterday afternoon at approximately 3:30 p.m. that the deposition was cancelled. At approximately 6:45 p.m. yesterday, Ms. Noble of your office sent me a letter, advising that the deposition would be proceeding this morning.

Despite the fact that he would have been unrepresented at that deposition, I instructed Mr. Malone to be present, as he was subject to a subpoena and you had not agreed (for whatever reasons) to reschedule the deposition. As soon as I was advised of the cancellation of the deposition, I instructed Mr. Malone to leave.

To be quite clear, Mr. Malone was actually in the reception area of Mr. Ziss' office, intending to testify in this matter as per the subpoena. The only reason he was present was because of the misrepresentation made Ms. Noble that the deposition would be proceeding this morning. The lack of courtesy on the part of your office befuddles me.

As I have advised your office as well as Mr. Ziss' office before, I would have liked to have worked together to schedule this matter at a mutually-convenience time. Obviously, these requests were not well-received by your office (once again for whatever reasons).

As I stated to Ms. Noble in the message I left for her on her voicemail yesterday, I do not know how litigation takes place down in Washington, DC. Conversely, in the Philadelphia metropolitan area, we attorneys strive to act as professionals, affording every possible courtesy to each other. If you believe for some reason that courtesy is not appropriate in litigation, please let me know why.

<u>MUSI, MALONE & DAUBENBERGER, L.L.P.</u>

ATTORNEYS AT LAW

21 WEST THIRD STREET, MEDIA, PA. 19063
TEL.: 610.891.8806      FAX: 610.891.8807

I look forward to your prompt reply, hopefully via the telephone rather then via facsimile. I would have called with this message initially, but my repeated telephone calls to your office have gone unanswered other than via fax.

Very truly yours,

William E. Malone Jr.

# MUSI, MALONE &
# DAUBENBERGER, LLP

## FACSIMILE TRANSMITTAL SHEET

TO:
Peter Grenier

FROM:
Bill Malone

FAX NUMBER:
(202) 828-4130

DATE:
2/13/03

PHONE NUMBER:

TOTAL NO. OF PAGES INCLUDING COVER:
3

CC:

SENDER'S FACSIMILE NUMBER:
610-891-8807

RE:
Stanton

☐ URGENT  ☑ FOR REVIEW  ☐ PLEASE COMMENT  ☐ PLEASE REPLY

NOTES/COMMENTS:

21 WEST THIRD STREET
MEDIA, PA 19063
TELEPHONE (610)891-8806
FACSIMILE (610) 891-8807

# EXHIBIT "7"

# BODE & GRENIER, LLP

ATTORNEYS AND COUNSELORS

NINTH FLOOR, CONNECTICUT BUILDING
1150 CONNECTICUT AVENUE, NW
WASHINGTON, D.C. 20036-4192
TELEPHONE: 202-828-4100
FACSIMILE: 202-828-4130
www.bode.com

PETER C. GRENIER, ESQ.
DIRECT DIAL: 202-862-4311
pgrenier@bode.com

February 13, 2003

**VIA FACSIMILE TO (610) 891-8807,**
**ORIGINAL VIA FIRST CLASS MAIL**

William E. Malone, Jr., Esquire
MUSI, MALONE & DAUBENBERGER, L.L.P.
21 West Third Street
Media, Pennsylvania 19063

Re:    Stanton v. Lafayette College

Dear Mr. Malone:

I am in receipt of your letter. Understandably, you find it difficult to separate out your emotional feelings towards a family member, from your "client's" legal obligations in complying with a subpoena. This is likely exacerbated by the fact that yet another of your relatives is a named defendant in the lawsuit, her acts and omissions having caused the tragic death of another human being. Indeed, we question your ability to handle this matter within the parameters of the applicable rules of Court, as you have utterly failed to do so to date.

Your information from other counsel is quite incorrect. I stated that it appeared that your "client" would not be appearing for the deposition and as such, it looked like the deposition was not going forward. I specifically left it as a "we'll wait and see." I most certainly did not acquiesce in your position or otherwise suggest that we would not be appearing and creating a record. I most certainly do not make it a practice to withdraw properly issued and served subpoenas in such situations.

I assume you are aware that your own client called our local counsel *directly*, claiming that he had not been able to "get in touch" with his own lawyer -- you. We properly served a subpoena upon Mr. Malone *weeks* ago. I *personally* was in Philadelphia, in part for the *express* purpose of taking Mr. Malone's deposition. In what can only be characterized as a complete disregard for the integrity of the judicial system, you apparently waltzed into the case at the eleventh hour and unilaterally attempted to postpone the deposition. Things do not work that way, Mr. Malone, and if you require a copy of the rules, I will be happy to send them to you.

William E. Malone, Jr., Esquire
February 13, 2003
Page 2

We are quite surprised that you would actually fail to counsel Mr. Malone on the risk of a writ of body attachment for failure to proceed with his deposition. Then again, apparently you did not even return his calls. You never obtained judicial relief from the subpoena. You never, to our knowledge, even *sought* judicial relief from the subpoena. You apparently abandoned your client on the eve of the deposition, as he found it necessary to circumvent you and go directly to our local counsel.

This case has involved nothing but a series of discovery misbehavior by the defendants — yes, including your own relative, Ms. Malone. Every attempt to conduct depositions or to obtain meaningful discovery has been thwarted. Your despicable behavior is only the latest.

Your gratuitous comments about "how litigation takes place down in Washington, D.C." reveal an ignorance unworthy of the dignity of response. If indeed you "attorneys" "in the Philadelphia metropolitan area" "strive to act as professionals," please explain to us why you and/or your client waited literally until the eleventh hour even to raise an issue regarding scheduling? In our experience -- and this holds true in all cases that we have handled or are handling in different parts of the country — one raises a scheduling conflict prior to the eve of the scheduled event. That is what we refer to as "professional courtesy," something which apparently does not apply in Media, Pennsylvania.

With respect to your ridiculous suggestion that "repeated" telephone calls to our office "have gone unanswered other than via fax," my understanding is that you have left a grand total of one voicemail message with Ms. Noble, to which she responded via facsimile. Our fax machines are all healthy and in fine working order, as is our voicemail system. Therefore, we reject your suggestion that you have left multiple messages. To the extent you tried to reach me -- and I can confirm that you did not leave any messages for me -- I was in a city called Philadelphia, anticipating a February 13 deposition of a man named James P. Malone, Jr. Perhaps you are referring to the fact that you did not return your own client's telephone calls, thereby necessitating his direct communications with opposing counsel.

We will be taking appropriate judicial steps to secure the deposition of Mr. Malone. Suffice it to say that neither your written nor your spoken word will be trusted, given your reprehensible behavior in this matter. If you wish to agree to a consent order, to be signed by the Court regarding your client's obligation to appear on a date certain, we will consider this. We shall also expect an agreement regarding your client's reimbursement of travel costs associated with your discourtesies.

I suggest that all communications be in writing.

Very truly yours,

Peter C. Grenier

William E. Malone, Jr., L  quire
February 13, 2003
Page 3

PCG:rs
cc:    Anne R. Noble, Esquire
       Ms. Elizabeth A. Stanton

```
MODE = MEMORY TRANSMISSION          START=FEB-13 14:06    END=FEB-13 14:07

   FILE NO.=564

STN NO.   COMM.   ABBR NO.    STATION NAME/TEL NO.    PAGES    DURATION

  001      OK      â          16108918807--374        004/004  00:01:11
```

－1150 CONNECTICUT AVE NW －

－ ✳✳✳ －          202 828 4130－ ✳✳✳✳✳✳✳

## BODE & GRENIER, LLP
ATTORNEYS AND COUNSELORS

NINTH FLOOR, CONNECTICUT BUILDING
1150 CONNECTICUT AVENUE, NW
WASHINGTON, D.C. 20036-4192
TELEPHONE: 202-828-4100
FACSIMILE: 202-828-4130
www.bodc.com

# FAX TRANSMISSION

| | | |
|---|---|---|
| To: | William E. Malone, Jr., Esq. | Phone: |
| Fax #: | 610-891-8807 | Pages: 4, including this cover sheet |
| From: | Peter C. Grenier, LLP | |
| Subject: | Re: *Stanton v. Lafayette College* | Date: February 13, 2003 |

Comments:

PLEASE SEE ATTACHMENT.

If you do not receive all pages indicated for this transmission, please call 202-828-4100.

This facsimile transmission contains confidential and/or legally privileged information from the law firm of Bode & Grenier, L.L.P. intended only for use of the individual(s) named on the transmission sheet. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this facsimile transmission is strictly prohibited. If you have received this transmission in error, please notify us by telephone immediately so that we can arrange for the return of the documents to us at no

# BODE & GRENIER, LLP

ATTORNEYS AND COUNSELORS

NINTH FLOOR, CONNECTICUT BUILDING
1150 CONNECTICUT AVENUE, NW
WASHINGTON, D.C. 20036-4192
TELEPHONE: 202-828-4100
FACSIMILE: 202-828-4130
www.bode.com



# FAX TRANSMISSION

To:        William E. Malone, Jr., Esq.        Phone:

Fax #:     610-891-8807                        Pages:     4, including this cover sheet

From:      Peter C. Grenier, LLP

Subject:   **Re: *Stanton v. Lafayette***        Date:      February 13, 2003
           ***College***

Comments:

**PLEASE SEE ATTACHMENT.**

If you do not receive all pages indicated for this transmission, please call 202-828-4100.

This facsimile transmission contains confidential and/or legally privileged information from the law firm of Bode & Grenier, L.L.P. intended only for use of the individual(s) named on the transmission sheet. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this facsimile transmission is strictly prohibited. If you have received this transmission in error, please notify us by telephone immediately so that we can arrange for the return of the documents to us at no cost to you. Thank you.

# EXHIBIT "8"

M&M
D

THOMAS A. MUSI, JR.
WILLIAM E. MALONE JR.
RICHARD C. DAUBENBERGER
ROBERT E.J. CURRAN, JR.
STEVEN M. PACILLIO

OF COUNSEL
C. CURTIS NORCINI

February 13, 2003

<u>VIA FACSIMILE (202) 828-4130</u>

Peter C. Grenier, Esquire
BODE & GRENIER, L.L.P.
Ninth Floor, Connecticut Building
1150 Connecticut Avenue, NW
Washington, DC 20036-4192

Re:    Stanton v. Lafayette College, et al.

Dear Mr. Grenier:

My client was present at 10:00 a.m. this morning.  Where were you?

Very truly yours,

William E. Malone Jr.

MUSI, MALONE & DAUBENBERGER, L.L.P.

ATTORNEYS AT LAW

21 WEST THIRD STREET, MEDIA, PA 19063
TEL.: 610.891.8806    FAX.: 610.891.8807

# MUSI, MALONE & DAUBENBERGER, LLP

## FACSIMILE TRANSMITTAL SHEET

TO: Peter Greener

FROM: Bill Malone

FAX NUMBER: (202) 828-4130

DATE: 2/13/03

PHONE NUMBER:

TOTAL NO. OF PAGES INCLUDING COVER: 2

CC:

SENDER'S FACSIMILE NUMBER: 610-891-8807

RE:

☐ URGENT    ☒ FOR REVIEW    ☐ PLEASE COMMENT    ☐ PLEASE REPLY

NOTES/COMMENTS:

# EXHIBIT "9"

# BODE & GREN .R, LLP

ATTORNEYS AND COUNSELORS

NINTH FLOOR, CONNECTICUT BUILDING
1150 CONNECTICUT AVENUE, NW
WASHINGTON, D.C. 20036-4192
TELEPHONE: 202-828-4100
FACSIMILE: 202-828-4130
www.bode.com

PETER C. GRENIER, ESQ.
DIRECT DIAL: 202-862-4311
pgrenier@bode.com

February 14, 2003

**VIA FACSIMILE TO (610) 891-8807,**
**ORIGINAL VIA FIRST CLASS MAIL**

William E. Malone, Jr., Esquire
MUSI, MALONE & DAUBENBERGER, L.L.P.
21 West Third Street
Media, Pennsylvania 19063

    Re:    **Stanton v. Lafayette College**

Dear Mr. Malone:

    I am in receipt of your two-sentence letter.

    Apparently at your instruction, your client left our local counsel's offices, thereby refusing to be deposed. We *did* go on the record, and created a record of his failure to appear.

    To answer your question as to my whereabouts -- I was sitting by my telephone, waiting to know whether Mr. Malone was participating in the deposition. If the answer was "yes," then I was fully prepared to proceed telephonically with the deposition. Since apparently you counseled him to violate the law and to place himself at risk of a body attachment, needless to say the substance of the deposition did not proceed. I guess that I should be ashamed of myself for having believed you in saying that Mr. Malone would not be appearing for his deposition. Such gutter tactics as you have displayed must also be unique to Media, Pennsylvania. Lawyers do not seem to do such things in other places.

          Very truly yours,

          Peter C. Grenier

PCG:rs
cc:    Anne R. Noble, Esquire
       Ms. Elizabeth A. Stanton

# BODE & GRENIER, LLP

ATTORNEYS AND COUNSELORS

NINTH FLOOR, CONNECTICUT BUILDING
1150 CONNECTICUT AVENUE, NW
WASHINGTON, D.C. 20036-4192
TELEPHONE: 202-828-4100
FACSIMILE: 202-828-4130
www.bode.com



# FAX TRANSMISSION

To:            William E. Malone, Jr., Esq.        Phone:

Fax #:        610-891-8807                         Pages:    2, including this cover sheet

From:        Peter C. Grenier, LLP

Subject:    **Re: *Stanton v. Lafayette           Date:     February 14, 2003
              College***

Comments:

**PLEASE SEE ATTACHMENT.**

If you do not receive all pages indicated for this transmission, please call 202-828-4100.

This facsimile transmission contains confidential and/or legally privileged information from the law firm of Bode & Grenier, L.L.P. intended only for use of the individual(s) named on the transmission sheet. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this facsimile transmission is strictly prohibited. If you have received this transmission in error, please notify us by telephone immediately so that we can arrange for the return of the documents to us at no cost to you. Thank you.

```
MODE = MEMORY TRANSMISSION          START=FEB-14 12:20    END=FEB-14 12:21

   FILE NO.=391

STN NO.   COMM.   ABBR NO.   STATION NAME/TEL. NO.   PAGES   DURATION

  001      OK      ☎         16108918807--374        002/002  00:00:24


                                       -1150 CONNECTICUT AVE.      -

*********************************** -WASH. DC      - xxxxxx -      202 835 3219- ***********
```

## BODE & GRENIER, LLP
ATTORNEYS AND COUNSELORS

NINTH FLOOR, CONNECTICUT BUILDING
1150 CONNECTICUT AVENUE, NW
WASHINGTON, D.C. 20036-4192
TELEPHONE: 202-828-4100
FACSIMILE: 202-828-4130
www.bode.com

# FAX TRANSMISSION

To:        William E. Malone, Jr., Esq.      Phone:

Fax #:     610-891-8807                       Pages:    2, including this cover sheet

From:      Peter C. Grenier, LLP

Subject:   Re: *Stanton v. Lafayette*        Date:     February 14, 2003
           *College*

Comments:

**PLEASE SEE ATTACHMENT.**

If you do not receive all pages indicated for this transmission, please call 202-828-4100.

This facsimile transmission contains confidential and/or legally privileged information from the law firm of Bode & Grenier, L.L.P. Intended only for use of the individual(s) named on the transmission sheet. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this facsimile transmission is strictly prohibited. If you have received this transmission in error, please notify us by telephone immediately so that we can arrange for the return of the documents to us at no cost to you. Thank you.